CO-COUNSEL FOR PLAINTIFF

Timothy W. Seaver
Seaver & Wagner, LLC
421 West First Ave., Suite 250
Anchorage, Alaska 99501
Tel. 907-646-9033
Fax. 907-276-8238
Email: tseaver@seaverwagner.com

George T. Freeman
Attorney at Law
1152 P Street
Anchorage, Alaska 99501
Tel. 907-274-8497
Fax 907-274-8497 (call first)
Email: gtf@gci.net

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| DANIELA VALENOTE,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and RIM ARCHITECTS (ALASKA), INC.,<br><br>Defendants. | Case No. 3:05-cv-00196 (TMB) |

### AFFIDAVIT OF VIRGINIA VALENOTE

STATE OF ___Florida___ )
COUNTY OF ___Pinellas___ ) ss.

Virginia Valenote, upon oath, deposes and states:

1. I acted as a patient advocate for Plaintiff Daniela C. Valenote in her long term disability claim under the policy that I understand was issued by Defendant Metropolitan Life Insurance Company ("MetLife"). I have knowledge of the facts herein.

2.  I am the sister of Victor Valenote's father. Mr. Valenote is married to Daniela C. Valenote.

3.  I have acted as a patient advocate on numerous occasions and I am familiar with the process for submitting a long term disability claim.

4.  I became involved with this claim after the first denial of the claim in August 2003. MetLife denied the appeal of the August 2003 denial. After this, Met Life denied the next appeal sometime in 2004.

5.  I assisted Ms. Valenote in her appeals after the denial in August 2003.

6.  Exhibit 1 to this affidavit is a copy of a letter I sent to MetLife on May 20, 2004. This letter refreshes my recollection on these matters.

7.  I first contacted MetLife on behalf of MetLife on or around September 2003 after the first denial in August 2003. MetLife informed me that it would be re-investigating the claim because certain information had not been considered in the first denial. A person at MetLife told me that the missing information had mistakenly been put into the short term disability file.

8.  I assisted Ms. Valenote in her first appeal of the August 2003 denial. During this period I spoke with MetLife on several occasions. I understood that MetLife would be obtaining information itself and that MetLife would use medical records releases to obtain information. I gave MetLife the names of several of Ms. Valenote's medical providers. In particular, I gave MetLife the name of Dr. Susan Anderson because she was Ms. Valenote's primary doctor treating Ms. Valenote for the intractable pain. I also gave MetLife the name of Dr. Peter Lorentzen because he was treating Ms. Valenote for intractable pain. I understood that MetLife would contact Dr. Anderson and Dr. Lorentzen.

2

Affidavit of Virginia Valenote
PLAINTIFF VALENOTE'S MOTION FOR SUMMARY JUDGMENT
*Valenote v. Metropolitan Life Insurance Company
and Rim Architects (Alaska), Inc.*, Case No. A05-0196 CV (RRB)

9. I told MetLife that Dr. Anderson and Dr. Lorentzen were very familiar with Ms. Valenote's medical condition and information from these doctors would be integral to the decision on the claim.

10. In my conversations with MetLife personnel I informed MetLife that Ms. Valenote and I would obtain and provide any information that MetLife asked us to provide to MetLife. MetLife also informed me that it would be obtaining information using medical records releases in its re-investigation of the claim.

11. I spoke with MetLife and informed MetLife that Ms. Valenote had not worked either part-time or full time for any employer since her last day of work at her former employer on February 21, 2003. When I spoke with MetLife about this, I understood that MetLife understood this information that I gave it. This information is repeated in my May 20, 2004 letter to MetLife that is attached as Exhibit 1 to this affidavit.

12. I assisted Ms. Valenote in the preparation of her second appeal. If MetLife had asked Ms. Valenote or me to obtain additional medical records or other information, we would have obtained the medical records or other information for MetLife. I also understood that MetLife was going to obtain records using medical records releases.

13. I understood that MetLife had a copy of Ms. Valenote's intern architect job description. If MetLife had asked Ms. Valenote or me to obtain a functional capacity evaluation, I would have assisted Ms. Valenote in obtaining this report.

14. I understood that MetLife would be conducting some type independent review after the second denial. I provided my letter to MetLife dated May 20, 2004 that is attached as Exhibit 1 to this affidavit for this reason

15. I understood that Dr. Anderson performed a procedure on Ms. Valenote in December 2003. I understood that Ms. Valenote continued to see Dr. Anderson and Dr. Lorentzen after this procedure.

3

Affidavit of Virginia Valenote
PLAINTIFF VALENOTE'S MOTION FOR SUMMARY JUDGMENT
*Valenote v. Metropolitan Life Insurance Company*
*and Rim Architects (Alaska), Inc.*, Case No. A05-0196 CV (RRB)


16. If MetLife had asked Ms. Valenote or me to obtain medical records showing Ms. Valenote's medical treatment after the December 2003 procedure we would have obtained the records. Again, I understood that MetLife would be obtaining medical records using medical records releases but I would have assisted in obtaining the medical records if requested by MetLife.

Virginia Valenote

SUBSCRIBED AND SWORN TO before me this 23rd day of January, 2007.

Notary Public in and for ____
My commission expires: 8/16/10



KATIE USRY
Notary Public - State of Florida
My Commission Expires Aug 16, 2010
Commission # DD 586104
Bonded By National Notary Assn.

4

Affidavit of Virginia Valenote
PLAINTIFF VALENOTE'S MOTION FOR SUMMARY JUDGMENT
*Valenote v. Metropolitan Life Insurance Company
and Rim Architects (Alaska), Inc.*, Case No. A05-0196 CV (RRB)

559 Shoreham Ct. NE
St. Petersburg, Florida 33616

# urgent
f a c s i m i l e

| | |
|---|---|
| To: | Anda Panasescu |
| Fax Number: | 1-866-690-1264 |
| From: | virginia valenote |
| Fax Number: | 727-578-3677 |
| Business Phone: | |
| Home Phone: | 72578-3677 |
| Pages: | 3 |
| Date/Time: | 5/20/2004 12:29:34 PM |
| Subject: | DANIELA VALENOTE |

I HAVE FAXED A LETTER OUTLINING MY INVOLEMENT IN THIS CASE. PLEASE FOWARD TO THE INDEPENDENT REVIEW TEAM. DANIELA SAID THIS CLAIM WAS BEING SENT FOR INDIVIDUAL REVIEW.

PLESE E MAIL ME TO LET ME KNOW YOU HAVE RECEIVED THIS FAX
docrec92@yahoo.com

THANK YOU-

EXHIBIT 1 Page 1 of 3

ML 00093

MR0314

DEF 00078
Valenote v. Met. Life

VIRGINIA VALENOTE
PATIENT ADVOCATE
559 SHOREHAM CT. NE
ST. PETERSBURG, FLORIDA 33716

May 20, 2004

Anda Panasescu
LTD Appeals
Met Life Disability
P.O. Box 14590
Lexington, KY 40511-4590

Claim#: 870308078357
Employer: Rim Architects

Dear Ms. Panasescu:

I became involved with this claim after the first denial for LTD in August 2003.

When Daniela resigned her position because of health issues, she was not informed by her employer that she was covered by a disability policy. She sought medical treatment in an attempt to find out the cause of her intractable pain. During this time she was under the care of physicians and went to physical therapy. In their notes, the providers did not document evidence of her disability to work. She was not working at the time of these visits. Her main goal was to obtain relief from her pain. If Daniela was aware of her disability policy, she would have informed her physicians and the proper documentation would have been recorded.

Daniela requested an appeal to her claim on September 3, 2003. In a follow-up conversation with you, I was informed that the claim was going to be re-investigated due to information that was not considered in the decision. I was told that the missing information needed for review had been mistakenly put in her short term disability file. You went out on medical leave and I was put in contact with Fadiera Walker. This all took place during the initial forty-five days you would have had to review the claim. According to your regulations, you have to notify the claimant within forty-five days of request for an appeal. If special circumstances prevail, an additional forty-five days can be granted but only after the claimant is notified in writing. Daniela never received a letter stating this. It was eighty-five days until she received a response to her claim being denied for the second time.

I also spoke with Sandy, a nurse manger. As per her request, I gave her names of the providers to contact. Many of the providers were not contacted. Dr. Peter

ML 00094

EXHIBIT 1 Page 2 of 3

MR0315

DEF 00079
Valenote v. Met. Life

Lorentzen was one of t.    roviders having knowledge of Daniela    ndition. According to your records, no attempt was made to contact him. There was also no attempt made to call Dr. Anderson from the Advanced Pain Centers of Alaska. This provider was treating her for intractable pain. Her medical records reflect the diagnostic procedures and the treatment she was receiving.

Daniela never returned to work as stated in Dr. Beard's notes. The record further stated that Daniela was given a note to return to work. No such note ever existed. Dr. Beard also said that Daniela returned to work on a part-time basis. This never occurred. Rim Architects were never called to verify this.

As a result of the procedural errors that occurred in Daniela's case, we are asking for a full and fair review of the matter at hand. We trust that you will avail yourself of the opportunity to contact all of Daniela's physicians to assist you in making a fair determination.

Sincerely,

Virginia Valenote
Patient Advocate

2

DCN=0405200031558

ML 00095

EXHIBIT 1   Page 3 of 3

MR0316

DEF 00080
*Valenote v. Met. Life*