# Fax Cover Letter

## Tuesday, November 04, 2003

**Reference:** claim no. 870308078357

**From:** See "Remarks" Below

**BDS**

Bezek

Durst

Seiser

Architects

**To:**    Attn: Faderia Walker
MetLife Disability
Fax: 866-690-1264

**Total Number of Pages Being Transmitted:** 5

### Remarks

Dear Faderia,

You should have received payroll records from RIM Architects showing that I did not work at the time suggested by Dr. Beard. I never told them that I was working then as I have not worked a day since February 21, 2003.

If you have any questions please let me or Virginia Valenote, my patient advocate, know.

Thank you for your cooperation,

Daniela Valenote

3330 C Street

Suite 200

Anchorage

Alaska

99503

(907) 562-6076

F (907) 562-6635

www.bdsak.com

ML 00225

MR0237

DEF 00204
*Valenote v. Met. Life*

11/04/2003    11:39    BEZEK IИⁱ PST SEDSCN = 03ᵀ1Ï0 4045 988                    NO.309    D02

COPY

## REHABILITATION & SPORTS MEDICINE, LLC

Joella Beard, M.D., FAAPMR • Deborah Kiley, ANP
4100 Lake Otis Parkway, Suite 312 • Anchorage, AK 99508
Phone (907) 677-7440 • Fax (907) 677-7441

October 22, 2003

MetLife
Metropolitan Life Insurance Company
P. O. Box 14590
Lexington, KY  40511-4590

Re: Daniela C. Valenote
DOB: 2/17/69
SSN: 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
Employer: RIM Architects

To Whom It May Concern:

Ms. Valenote requests I provide additional information to you regarding a Disability Claim she has submitted. An Attending Physician Statement was submitted at her request in June 2003. A copy of that form is enclosed for review. The additional information she hopes will be helpful to her claim follows.

Ms. Valenote was seen by the advanced nurse practitioner (ANP) in this clinic on 3/27/03 and advised to remain off work until 5/1/03. Although she reported to the ANP on 6/10/03 that she was working about ten hours per week, Ms. Valenote wishes that we point out this was not a full-time position and feels she should be considered disabled to some extent during the period from 5/1/03 to at least the time of her dismissal from our clinic which was 7/24/03.

She also requests you consider that at the time of dismissal from our clinic the plan was for her to continue treatment at The Advanced Pain Center of Alaska. To our knowledge, this was ongoing treatment for the pain syndrome which was evaluated in our clinic.

I hope this is helpful in your disability determination for Ms. Valenote.

Sincerely,

Joella Beard, MD

CC: Daniela Valenote
    Blue Cross/Blue Shield

ML 00226

DEF 00205
*Valenote v. Met. Life*

11/04/2003    11:39    BEZEK FIRST SE...    DEN-0311040845980    NO.309    P03

Indicate type of claim
☐ A&S/STD/Salary Continuance  ☐ LTD

**Disability Claim**
**Attending Physician Statement**

**MetLife®**
Metropolitan Life Insurance Company
P.O. Box 14590
Lexington, KY 40511-4590
Fax: 1-866-690-1264

Instructions for completing the claim form:
1. Complete all applicable areas of the claim form.
2. Sign the claim form.
3. Fax this form to expedite your claim - retain original for your records.

The following section must be completed and signed by the employee/patient.
Any fee for the completion of this form is the patient's responsibility.

| Name - MUST ANSWER | Social Security # - MUST ANSWER | Employer - MUST ANSWER | Group Report # | Occupation |
|---|---|---|---|---|
| DANIELA VALENOTE | 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 | KIM ARCHITECTS | | |

I hereby authorize my physician to release any information acquired in the course of my examination or treatment.

Signature of Employee _Daniela C. Valenote_   Date _05-15-2003_   Date of Birth _2-17-1969_

The following section must be completed and signed by the attending physician.
The purpose of this report is to assist us in making a disability determination. Please complete all applicable sections of this form.
A MetLife claim representative may telephone your office if additional information is needed.

## History

Symptoms result from:  ☐ Injury  ☑ Illness  ☐ Pregnancy    If pregnancy, delivery date _____  ☐ Expected _____  ☐ Actual _____

Is condition work-related?  ☐ Yes  ☑ No    Type of delivery _____

Initial date of treatment _2-18-03_    Most recent date of treatment _4-29-03_

Did you advise the patient to cease the above noted occupation?  ☐ Yes  ☑ No    If Yes, Date _3/23/03 to 5/1/03_ _and advised not to work form_

Names and Phone Numbers of the other providers the patient was referred to:

| Name | Phone # | Name | Phone # |
|---|---|---|---|
| Wayne Downs, MD | 277-1623 | Schlosstein, MD | 563-3929 |

Has patient been hospitalized?  ☐ Yes  ☑ No    If Yes, Date Confined _____ through _____
Name and address of facility

## Diagnosis and Treatment

Primary ICD-9 _729.1_    Diagnosis _Myalgia_

Secondary ICD-9 _729.5_    Diagnosis _Pain in limb_

Subjective Symptoms _Myalgias_

Objective Findings (include copies/results of any x-rays, lab tests, EKG's, MRI's, scans and office notes)
_Tender points_

Current and Recommended Treatment Plans _Acupuncture, Rheumatology evaluation_

If surgery performed/anticipated, provide the following:

CPT-4 _____    Procedure _____    Date _____

Medications prescribed (names, dosages)
_Manaflex 4mg BID_
_Neurontin 300mg am, noon 600mg qhs_

Continued on Reverse Side

JY5320.SORE (04/01)

ML 00227

**MR0239**

**DEF 00206**
*Valenote v. Met. Life*

11/04/2003    11:39    BEZEK FIRST SEDEN-03110404599    NO.309    D04

Name of Employee: DANIELA . VALENOTE    Social Security Number: 590 · 16 · 7361

## Psychological Functions

Check applicable box below
- [ ] Class 1 – Patient is able to function under stress and engage in interpersonal relations (no limitations)
- [ ] Class 2 – Patient is able to function in most stress situations and engage in some interpersonal relations (slight limitations)
- [ ] Class 3 – Patient is able to engage in only limited stress situations and engage in only limited interpersonal relations (moderate limitations)
- [ ] Class 4 – Patient is unable to engage in stress situations or engage in interpersonal relations (marked limitations)
- [ ] Class 5 – Patient has significant loss of psychological, physiological, personal and social adjustment (severe limitations)

Remarks: *Unknown*

What stress factors or problems with interpersonal skills have affected patient's ability to perform the duties of his or her job?

Is patient competent to endorse checks and direct use of the proceeds?    [X] Yes    [ ] No

## Physical Capabilities    *Would need Program (Physical Capacity Exam)*

(a) Patient's ability to: (circle)
| | Hours | | (check) | | | |
|---|---|---|---|---|---|---|
| Sit | 0 1 2 3 4 5 6 7 8 | | [ ] Continuously | | [ ] Intermittently | | |
| Stand | 0 1 2 3 4 5 6 7 8 | | [ ] Continuously | | [ ] Intermittently | | |
| Walk | 0 1 2 3 4 5 6 7 8 | | [ ] Continuously | | [ ] Intermittently | | |

(b) Patient's ability to: (circle)
| | Yes | No |
|---|---|---|
| Climb | Yes | No |
| Twist/bend/stoop | Yes | No |
| Reach above shoulder level | Yes | No |
| Operate a motor vehicle | Yes | No |

(c) Patient's ability to lift/carry: (check)

| | Never 0% | Occasionally 1-35% | Frequently 36-66% | Continuously 67%-100% |
|---|---|---|---|---|
| Up to 10 lbs. | [ ] | [ ] | [ ] | [ ] |
| 11 to 20 lbs. | [ ] | [ ] | [ ] | [ ] |
| 21 to 50 lbs. | [ ] | [ ] | [ ] | [ ] |
| 51 to 100 lbs. | [ ] | [ ] | [ ] | [ ] |
| Over 100 lbs. | [ ] | [ ] | [ ] | [ ] |

(d) Patient's ability to perform repetitively: (circle)
| | Right Hand | | Left Hand | |
|---|---|---|---|---|
| Fine finger movements | Yes | No | Yes | No |
| Eye/hand movements | Yes | No | Yes | No |
| Pushing/pulling | Yes | No | Yes | No |
| Dominant hand | R | | L | |

(e) In your opinion, why is patient unable to perform job duties?

(f) Patient can work a total of _____ hours per day?

(g) Do you expect improvement in any area?
(If so please comment and give dates/timeframes.)

## Cardiac

Functional Capacity (American Heart Association) Complete only if applicable.
- [X] Class 1 (No Limitation)
- [ ] Class 2 (Slight Limitation)
- [ ] Class 3 (Marked Limitation)
- [ ] Class 4 (Complete Limitation)

Blood pressure (latest reading) _____/_____ as of (date) _____/_____

Is patient in a cardiac rehabilitation program?

## Prognosis

Have you advised patient to return to work?    *Work release written for RTW 5/1/03*

- [ ] Yes  If Yes, date of return _____
- [ ] No  If not, please explain.

- [ ] To regular occupation
- [ ] To any other occupation
- [ ] Full Time
- [ ] Full Time
- [ ] Part Time
- [ ] Part Time

Any work/activity restrictions applicable (please be specific):

## Rehab

Do you suggest that the patient become involved in any of the following? Please check as many as apply.
If so, was this discussed with the patient?    [X] Yes    [ ] No

- [X] Physical Therapy
- [ ] Pain Management Program
- [ ] Vocational Rehabilitation
- [ ] Occupational Therapy
- [ ] Work Hardening Program
- [X] Psychological Counseling
- [ ] Cardiac Rehabilitation
- [ ] Job Modification
- [X] Other *acupuncture*

ML 00228

## MR0240

DEF 00207
*Valenote v. Met. Life*

11/04/2003   11:39   BEZEK FIRST SE[?]EN-[?]  NO.309   D05

## Disability Claim Attending Physician Statement (Continued)

Name of Employee: DANIELA C. VALENOTE          Social Security Number: 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

**Fraud Warning:**

If you reside in one of the following states, one of the following state warnings may apply to you:

New York (only applies to Accident and Health Benefits (AD&D/Disability/Dental)): I know it is a crime to fill out this form with facts I know are false or to leave out facts I know are important. I know that if I do this, I may also have to pay a civil penalty of up to $5,000 plus the value of the claim.

Florida: Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim containing any false, incomplete or misleading information is guilty of a felony of the third degree.

Kansas and Massachusetts: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, and may subject such person to criminal and civil penalties.

New Jersey: Any person who knowingly files a statement of claim containing any false or misleading information is subject to criminal and civil penalties.

Oklahoma: Any person who knowingly, and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

Oregon: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto may be guilty of insurance fraud, and may be subject to criminal and civil penalties.

Virginia: Any person who, with the intent to defraud or knowing that he is facilitating a fraud against an insurer, files a claim containing a false or deceptive statement may have violated state law.

If you reside in any state other than those listed above, then the following warning may apply to you:

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

| Physician | | |
|---|---|---|
| Name J BEARD MD | | Degree/Specialty PMR |
| Street Address 4100 Lake Otis #218 City Anchorage | State AK | Zip Code 99508 |
| Telephone # (907-677-7440  Fax # (907-677-0441 | | Tax ID # 92-0176238 |
| Contact person if additional information is necessary | | |
| Signature [signature] | | Date 6-5-03 |

ML 00229

**MR0241**

DEF 00208
*Valenote v. Met Life*

MR0242

CV:233031407

*Claim # 870308 078357*                    *Category: medical*

**Addendum to Daniela Valenote**
**Claim 870308078357**
**SSN 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**
**Rim Architects – 5562954**
**Date of Birth 2/17/69 – 34-years old**
**Date of Disability 2/22/03**
**Myalgia, L3-L4 Diskogenic Pain, and Right-Gluteal Bursitis**
**Intern Architect – sit 7 – 8 hours – stand 1 – 2 hours, walk 1-2 hours – frequent lift to 10 pounds**

Sandy Franco @ extension 2940
Anda Tanasescu @ extension 2948
**11/20/03 – 8:40 AM – claim discussed with Ms. Tanasescu – patient has told her that patient will have a nucleolysis on 12/3/03**

Dr. Orzechowski
Dr. Mary Downs – neurologist
Dr. John McCormick
Dr. Susan Anderson @ Advanced Pain Centers of Alaska
Deborah Kiley – nurse practitioner for Dr. Beard

**Dr. Joella Beard – PM+R @ 907-677-7440 (Alaska)**

**11/5/03 – 5:30 PM – S/W Louise - I gave her my name, nature of call, 800# with extension 2877 and I requested a call back**

**11/12/03 5:05 PM – S/W Louise – MD in office now performing a nerve conduction velocity – Dr. Beard's advanced NP (Debra Kiley) also busy seeing patients – I gave Louise my name, nature of call, 800# with extension 2877 and I requested a call back**

**SUMMARY**

Information in the file indicates that this patient complains of pain predominately in the right-buttock region. In December of 2002, a MRI of lumbar spine showed up to a 4-mm posterior disk protrusion at L5-S1 without dural sac or nerve root compression and a 3-mm anterior disk protrusion at L3-L4 without posterior disk protrusion. The patient is intact neurologically. An electrodiagnostic study; MRI scans of the brain, hips, thoracic spine; and a bone scan are unremarkable. Diskography is positive at L5-S1. The patient has received injections to the right sacroiliac joint and pubis symphysis. Medications have included neurontin, gabatril, bextra, vioxx, and topamax.

C3:203031407

## QUESTIONS AND ISSUES

**(1) Does information in the file provide an objectively abnormal basis for the patient's pain?**

Abnormal findings cited in the file include (a) a MRI of the lumbar spine from December of 2002 that showed up to a 4-mm posterior disk protrusion at L5-S1 without dural sac or nerve root compression and a 3-mm anterior disk protrusion at L3-L4 without posterior disk protrusion and (b) diskography from October of 2003 that showed concordant pain at L5-S1. Neurological examinations, a total body bone scan, and an electrodiagnostic study were unremarkable. The findings on the December of 2002 MRI scan of the lumbar spine are not likely to be clinically significant in view of no disk extrusion, nerve root compression, spinal cord compression, etc. The positive diskogram at L5-S1 may explain some of the patient's pain.

**(2) Is the plan-of-treatment consistent with severe impairment?**

Treatment has included injections to the right-sided SI joint, symphysis pubis, and right-sided gluteal bursa; a L3-L4 intralaminar epidural steroid injection; acupuncture; and multiple oral medications. Such intensity-of-service implies that the patient's pain is severe. Despite the pain, the patient was allegedly working 10 hours per week in June of 2003. Evaluation of the pain has continued at least to October of 2003.

## SYNOPSIS OF REVIEWED MATERIAL

12/11/02 - MRI of lumbar spine showed up to a 4-mm posterior disk protrusion at L5-S1 without dural sac or nerve root compression and a 3-mm anterior disk protrusion at L3-L4 without posterior disk protrusion

2/5/03 Dr. Downs: medicated topamax, bextra, nexium, procardia, allegra, and singulair

**2/22/03 – Date of Disability**

3/20/03 – normal duplex Doppler carotid sonogram

3/20/03 Dr. McCormick: injected right SI joint with depomedrol and marcaine

5/15/03 claim by patient: 5'4" – weight 145 – chronic pain

ML 00154

**MR0244**

DEF 00139
*Valenote v. Met. Life*

C3 293031407

6/3/03 Dr. Downs: "her arms continue to have pain down the biceps region on the right into a radial distribution ..." – unremarkable neurological examination

6/5/03 APS by Dr. Beard: diagnoses of myalgia and pain in limb – medicated with zanaflex and neurontin – has had acupuncture and a rheumatology evaluation

7/7/03 Dr. Downs: fell yesterday – good strength and intact reflexes – reference to unremarkable electrodiagnostic study

7/21/03 Dr. Anderson: pain in right buttock began in October 2002 – reference to a rheumatologist that diagnosed fibromyalgia – S/P injection to right sacroiliac joint – MRI 12/11/02 – MRI of hips unremarkable – thoracic MRI 2/20/03 unremarkable – MRI of brain 9/6/02 normal – total body bone scan 2/14/03 normal – UGI 9/24/02 normal – medicated with gabitril and pamelor – previous therapy with neurontin, lexapro, elavil, topamax, zanaflex, and vioxx – normal gait – normal strength and reflexes – increased sensation to sharp over the right anterior thigh and left dorsal foot – assessment of right SI joint dysfunction, hypermobility at L5-S1, and history of fibromyalgia on previous diagnosis

8/5/03 Dr. Anderson: injected right-sided SI joint with versed and fentanyl

8/12/03 Dr. Anderson: injected pubic symphysis with versed and fentanyl

9/4/03 Dr. Anderson: significantly decreased pain – now can wear a brace – pain intermitted

9/16/03 Dr. Anderson: L3-L4 intralaminar epidural steroid and right gluteal bursal injection

9/22/03 letter by Dr. Orzechowski: lower back pain with right leg sciata – first treated 11/5/02 – first day of work absence 12/18/02

10/6/03 Dr. Anderson: S/P L3-L4 intralaminar epidural steroid injection – improvement noted but continued lower back pain with radiation to buttocks – assessment of L3-L4 diskogenic pain, right-sided SI joint arthropathy, and hypermobility at L5-S1 – "the patient is not declared medically stable"

10/14/03 diskography by Dr. Anderson: L3-L4 indeterminate – L5-S1 provocative and concordant pain – impression of diskogenic lower back pain at L5-S1 and minimal complaint of L3-L4 diskogenic pain

10/22/03 letter from Dr. Beard to MetLife personnel: was advised to remain off work until 5/1/03 – patient reported on 6/10/03 that she was working 10-hours per week – patient dismissed from Dr. Beard's care on 7/24/03

ML 00155

11/6/03 letter from Ms. Kiley to MetLife personnel: no longer treating patient – last seen on 7/24/03 – as of 4/29/03, patient resigned from her position at work – Ms Kiley indicated that patient was released to return to work as of 5/1/03

## DISCUSSION

**Available information does not include an opinion provided by any of the patient's medical professionals that the patient's pain has been sufficiently severe to preclude work subsequent to 5/1/03. If the patient has surgery on 12/3/03, then some time for post-operative recovery will be needed. That duration of time will be dependent upon the nature of surgery and whether post-operative complications arise.**

Gary P. Greenhood, M.D.          20 November, 2003
Certified by the American Board of Internal Medicine in internal medicine and in infectious diseases
Physician Consultant for MetLife Disability

ML 00156

**MR0247**

*On going*

031203043102

**MetLife**®

**MetLife Disability**
PO Box 14590
Lexington, KY 40511-4590

November 26, 2003

Daniela Valenote
4514 Upper Kogru Dr.
Eagle River, AK 99577

Claim #:　870308078357
Employer:　RIM Architects
Report #:　5562954

Dear Mrs. Valenote:

We have completed our review of the additional medical information you have submitted. We are upholding the original decision as described in the denial letter of 08/29/2003. Your claim is being denied for the following reasons.

Your employer's plan states the following:

" 'Disability' or 'Disabled' means that, due to an sickness, pregnancy, or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and

1.  during your Elimination Period and the next 24 month period, you are unable  to earn more than 80% of your Predisability Earnings or Indexed Predisability Earnings at your Own Occupation for any employer in your Local Economy; or

2.  after the 24 month period, you are unable to earn more than 80% of your Indexed Predisability Earnings from any employer in your Local Economy at any gainful occupation for which you are reasonably qualified taking into account your training, education, experience, and Predisability Earnings."

" Your Elimination Period begins on the day you become Disabled. It is a period of time during which no benefits are payable. Your Elimination Period is shown in Plan Highlights. You must be under the continuous care of a Doctor during your Elimination Period. You may temporarily recover from your Disability during your Elimination Period. If you then become Disabled again due to the same or related condition, you may not have to begin a new elimination period."

Our claim determination is based on the following documents:

12/11/2002 MRI of lumbar spine
12/16/2002-01/20/2003 office visit notes-Dr. Orzechowski
02/05/2003 office visit notes-Dr. Downs
03/20/2003 Doppler carotid sonogram
03/20/2003 procedure report-Dr. McCormick-right SI joint injection
03/27/2003-07/24/2003-office visit notes-Dr. Beard
04/18/2003 your resignation letter
05/12/2003-discharge summary from physical therapy-HealthSouth
05/15/2003 Employee Statement

ML 00150

**MR0248**

DEF 00135
*Valenote v. Met. Life*

031203043102

06/05/2003 office visit notes-Dr. Downs
06/05/2003 Attending Physician Statement-Dr. Beard
06/12/2003 Employer Statement/Job Description
07/07/2003 office visit notes-Dr. Downs
07/21/2003-10/14/2003-office visit/procedure notes-Dr. Anderson
09/16/2003-letter by Dr. Orzechowski
10/22/2003-letter by Dr. Beard
11/06/2003-letter by D. Kiley-FNP

In addition, telephone calls were made as follows:

09/25/2003-call to Dr. Downs' office
10/02/2003-call to Dr. Orzechowski's office
11/05/2003 & 11/12/2003 attempted calls by Internal Physician Consultant to Dr. Beard's office-unsuccessful as Dr. Beard or Nurse Kiley did not return his calls.

According to your employer you ceased work on February 21, 2003. Therefore, in order to meet the Elimination Period as defined in the plan, you would have to remain totally disabled through May 22, 2003. According to the information currently in your file, Dr. Beard's office did not advise you to cease your occupation until March 27, 2003. Furthermore, you were released by Dr. Beard to return to work as of May 1, 2003 and you were dismissed from his care on July 24, 2003. Calls made to the other two providers, Dr. Downs and Dr. Orzechowski revealed neither advised you to stop working for your condition on or before February 21, 2003. Dr. Orzechowski did not advise you to stop working until September 23, 2003. You were released from physical therapy on May 12, 2003 per the physical therapy notes supplied by HealthSouth. This information is suggestive that your pain was not sufficiently severe to preclude work prior to March 27, 2003 and subsequent to May 1, 2003. You chose not to return to work on May 1, 2003 as advised by your doctor, but instead resigned your position as an Intern Architect as of May 1, 2003.

Information in file indicates that you complained of pain predominately in the right buttock region. However, the only two abnormal findings cited in the file include the MRI of the lumbar spine from December of 2002 and the diskography from October 2003. All the other tests, that included an electrodiagnostic study, MRI scans of the brain, hips, thoracic spine, the total bone scan and all the neurological examinations were unremarkable. You have received injections to the right sacroiliac joint, pubis symphysis and right sided gluteal bursa, an L3-L4 intralaminar epidural steroid injection, acupuncture. Your medications included neurontin, gabatril, bextra, vioxx and topamax. The findings of the December 2002 MRI scan of the lumbar spine are not likely to be clinically significant in view of the no disk extrusion, nerve root compression, spinal cord compression, etc. The positive diskogram at L5-S1 of October 2003 may explain some of your pain. Despite the pain, you were allegedly working 10 hours a week in June of 2003, per information received from Dr. Beard's office.

In conclusion, the information received and reviewed by Metlife fails to establish that you are experiencing a level of continued impairment that prevents you from performing the duties of your own occupation as an Intern Architect. The objective medical evidence we reviewed is incongruent with a long-term disability. Therefore, we are unable to approve your claim for long term disability and consequently your claim was denied. No benefits are payable.

Because your claim was denied in whole or in part, you may appeal this decision by sending a written request for appeal to:

> MetLife Disability
> P.O Box 14592
> Lexington, KY 40511-4592

ML 00151

**MR0249**

DEF 00136

*Valenote v. Met. Life*

031203043102

The request must be sent no more than 180 days after you receive notice of denial of the claim. When requesting this review, please state the reason(s) you believe the claim was improperly denied, and submit any additional comments, documents, records, or other information relating to your claim that you deem appropriate for us to give your appeal proper consideration. Upon request, MetLife will provide you with a copy of the documents, records, or other information we have that are relevant to your claim and identify any medical or vocational expert(s) whose advise was obtained in connection with your claim.

MetLife Disability will evaluate all the information and advise you of our determination of your appeal within 45 days after we receive your written request for appeal. If there are special circumstances requiring additional time to complete our review, we may take up to an additional 45 days, but only after notifying you of the special circumstances in writing. In the event your appeal is denied in whole or in part, you will have the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974.

If you have questions, please call our customer service unit at the toll-free number.

Sincerely,

Anda Tanasescu
LTD Case Manager

ML 00152

**MR0250**

DEF 00137
*Valenote v. Met. Life*

JUN-28-2004  13:12      MET  'E

040720051385

# MetLife®

MetLife Disability
PO Box 14590
Lexington, KY 40511-4590

November 26, 2003

Daniela Valenote
4514 Upper Kogru Dr.
Eagle River, AK 99577

Claim #:     870308078357
Employer:  RIM Architects
Report #:   5562954

Dear Mrs. Valenote:

We have completed our review of the additional medical information you have submitted. We are upholding the original decision as described in the denial letter of 08/29/2003. Your claim is being denied for the following reasons.

Your employer's plan states the following:

* 'Disability' or 'Disabled' means that, due to an sickness, pregnancy, or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and

1.   during your Elimination Period and the next 24 month period, you are unable to earn more than 80% of your Predisability Earnings or Indexed Predisability Earnings at your Own Occupation for any employer in your Local Economy; or

2.   after the 24 month period, you are unable to earn more than 80% of your Indexed Predisability Earnings from any employer in your Local Economy at any gainful occupation for which you are reasonably qualified taking into account your training, education, experience, and Predisability Earnings."

* Your Elimination Period begins on the day you become Disabled. It is a period of time during which no benefits are payable. Your Elimination Period is shown in Plan Highlights. You must be under the continuous care of a Doctor during your Elimination Period. You may temporarily recover from your Disability during your Elimination Period. If you then become Disabled again due to the same or related condition, you may not have to begin a new elimination period."

Our claim determination is based on the following documents:

12/11/2002 MRI of lumbar spine
12/16/2002-01/20/2003 office visit notes-Dr. Orzechowski
02/05/2003 office visit notes-Dr. Downs
03/20/2003 Doppler carotid sonogram
03/20/2003 procedure report-Dr. McCormick-right SI joint injection
03/27/2003-07/24/2003-office visit notes-Dr. Beard
04/18/2003 your resignation letter
05/12/2003-discharge summary from physical therapy-HealthSouth
05/15/2003 Employee Statement

38

JUN 28 '04 13:11                                877 363 1710          PAGE.36

ML 00083

MR0251                          DEF 00068
                          Valenote v. Met. Life

JUN-28-2004  13:12       MET          BTT 363 1710     P.37

040720051385

06/05/2003 office visit notes-Dr. Downs
06/05/2003 Attending Physician Statement-Dr. Beard
06/12/2003 Employer Statement/Job Description
07/07/2003 office visit notes-Dr. Downs
07/21/2003-10/14/2003-office visit/procedure notes-Dr. Anderson
09/16/2003-letter by Dr. Orzechowski
10/22/2003-letter by Dr. Beard
11/06/2003-letter by D. Kiley-FNP

In addition, telephone calls were made as follows:

09/25/2003-call to Dr. Downs' office
10/02/2003-call to Dr. Orzechowski's office
11/05/2003 & 11/12/2003 attempted calls by internal Physician Consultant to Dr. Beard's office-unsuccessful as Dr. Beard or Nurse Kiley did not return his calls.

According to your employer you ceased work on February 21, 2003. Therefore, in order to meet the Elimination Period as defined in the plan, you would have to remain totally disabled through May 22, 2003. According to the information currently in your file, Dr. Beard's office did not advise you to cease your occupation until March 27, 2003. Furthermore, you were released by Dr. Beard to return to work as of May 1, 2003 and you were dismissed from his care on July 24, 2003. Calls made to the other two providers, Dr. Downs and Dr. Orzechowski revealed neither advised you to stop working for your condition on or before February 21, 2003. Dr. Orzechowski did not advise you to stop working until September 23, 2003. You were released from physical therapy on May 12, 2003 per the physical therapy notes supplied by HealthSouth. This information is suggestive that your pain was not sufficiently severe to preclude work prior to March 27, 2003 and subsequent to May 1, 2003. You chose not to return to work on May 1, 2003 as advised by your doctor, but instead resigned your position as an Intern Architect as of May 1, 2003.

Information in file indicates that you complained of pain predominately in the right buttock region. However, the only two abnormal findings cited in the file include the MRI of the lumbar spine from December of 2002 and the diskography from October 2003. All the other tests, that included an electrodiagnostic study, MRI scans of the brain, hips, thoracic spine, the total bone scan and all the neurological examinations were unremarkable. You have received injections to the right sacroiliac joint, pubis symphysis and right sided gluteal bursa, an L3-L4 intralaminar epidural steroid injection, acupuncture. Your medications included neurontin, gabatril, bextra, vioxx and topamax. The findings of the December 2002 MRI scan of the lumbar spine are not likely to be clinically significant in view of the no disk extrusion, nerve root compression, spinal cord compression, etc. The positive diskogram at L5-S1 of October 2003 may explain some of your pain. Despite the pain, you were allegedly working 10 hours a week in June of 2003, per information received from Dr. Beard's office.

In conclusion, the information received and reviewed by Metlife fails to establish that you are experiencing a level of continued impairment that prevents you from performing the duties of your own occupation as an Intern Architect. The objective medical evidence we reviewed is incongruent with a long-term disability. Therefore, we are unable to approve your claim for long term disability and consequently your claim was denied. No benefits are payable.

Because your claim was denied in whole or in part, you may appeal this decision by sending a written request for appeal to:

MetLife Disability
P.O Box 14592
Lexington, KY 40511-4592

39

ML 00084

MR0252        DEF 00069
              *Valenote v. Met. Life*

04072005 1385

The request must be sent no more than 180 days after you receive notice of denial of the claim. When requesting this review, please state the reason(s) you believe the claim was improperly denied, and submit any additional comments, documents, records, or other information relating to your claim that you deem appropriate for us to give your appeal proper consideration. Upon request, MetLife will provide you with a copy of the documents, records, or other information we have that are relevant to your claim and identify any medical or vocational expert(s) whose advise was obtained in connection with your claim.

MetLife Disability will evaluate all the information and advise you of our determination of your appeal within 45 days after we receive your written request for appeal. If there are special circumstances requiring additional time to complete our review, we may take up to an additional 45 days, but only after notifying you of the special circumstances in writing. In the event your appeal is denied in whole or in part, you will have the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974.

If you have questions, please call our customer service unit at the toll-free number.

Sincerely,

Anda Tanasescu
LTD Case Manager

40

JUN 28 '04 13:12                         877 363 1710        PAGE.38

ML 00085

DEF 00070
Valenote v. Met. Life

MR0253

**MR0254**

040315036103



# ALASKA CHIROPRACTIC AND THERAPY

PETER LORENTZEN
DOCTOR OF CHIROPRACTIC

March 5, 2004

Anda Tanasescu
LTD Case Manager
MetLife Disability
PO Box 14592
Lexington KY  40511-4592

Re:  Daniela Valenote
      Claim # 870308078357
      Employer:  RIM Architects

Dear Ms. Tanasescu:

    Ms. Valenote presented herself to my office for evaluation and treatment on May 11, 2003.  Her diagnosis at that time was 848.5, 739.5, 739.4, 739.2, 729.1, E929.3, and 736.39.  Her injuries have been debilitating and at no time since she initiated care with my office has she been able to return to work.  There was a question regarding a letter from Dr. Beard's office allowing Ms. Valenote to return to work on May 1, 2003.  I cannot address her ability to work prior to her becoming a patient on May 11, 2003, but certainly from the date that she became a patient in my office to her current status, she has been unable to work.

    I suspected a lumbar disc injury with Ms. Valenote, which was confirmed by MRI in December 2002 as disc herniations at L3-4, and L5-S1.  I believe that the crux of Ms. Valenote's problems are a result of her lumbar disc herniations which result in her low back pain and the referred pain into her right leg, and not from fibromyalgia as was one of her previous diagnoses.

    Ms. Valenote was referred to the Advanced Pain Centers of Alaska to be evaluated by Dr. Susan Anderson.  Dr. Anderson performed a four level discogram in October 2003, which reinforced the MRI results from December 2002 and also revealed a tear in the L5-S1 disc.  As a result of the findings of the discogram, Dr. Anderson performed a nucleoplasty on the L5-S1 disc.

---

11901 BUSINESS BLVD., BLDG. B, #108  •  EAGLE RIVER, ALASKA 99577  •  (907) 694-1285 / FAX (907) 694-1286

ML 00148

**MR0255**         DEF 00133
*Valenote v. Met. Life*

040315036103

It is my understanding that there is confusion regarding Ms. Valenote working part-time in June of 2003. My understanding is that she has not worked since February 2003. She has continued with treatment in this office since May of 2003 as well as attending occasional physical therapy sessions, and the evaluations and treatments at Advanced Pain Centers of Alaska. It is my feeling that Ms. Valenote needs to become involved in a more frequent and active physical therapy program. She has difficulty driving for long distances and it would be more appropriate for her to attend her physical therapy sessions here in Eagle River rather than driving for a half hour each way to attend physical therapy sessions in Anchorage.

Thank you for assistance in Ms. Valenote's case. Please do not hesitate to contact me with any further questions.

Sincerely,

Dr. Peter Lorentzen, D.C.
Alaska Chiropractic and Therapy

ML 00149

DEF 00134
*Valenote v. Met. Life*

**MR0257**

OSC

040323042108

# MetLife®

Met Disability
PO Box 14592
Lexington, KY 40511-4592

March 19, 2004

Daniela C. Valenote
4514 Upper Kogru Dr.
Eagle River, AK 99577

RE: Long Term Disability
    Claim No: 870308078357
    Group No: 5562954

Dear Ms. Valenote

We recently received information from your physician, on behalf of your Long - Term disability claim.

If your intent is to request a review of your claim denial, you must follow the review procedures as explained in our letter of denial dated November 26, 2003 and the request must be sent to MetLife, in writing, within 180 days from your receipt of that letter.

Please contact your Case Manager for any questions or assistance.

Sincerely,

Appeal Unit.
MetLife Disability

ML 00147

**MR0258**

DEF 00132
*Valenote v. Met. Life*

040301010051385

March 19, 2004

**MetLife**
Met Disability
PO Box 14592
Lexington, KY 40511-4592

Daniela C. Valenote
4514 Upper Kogru Dr.
Eagle River, AK 99577

RE: Long Term Disability
    Claim No: 870308078357
    Group No: 5562954

Dear Ms. Valenote

We recently received information from your physician, on behalf of your Long - Term disability claim.

If your intent is to request a review of your claim denial, you must follow the review procedures as explained in our letter of denial dated November 26, 2003 and the request must be sent to MetLife, in writing, within 180 days from your receipt of that letter.

Please contact your Case Manager for any questions or assistance.

Sincerely,

Appeal Unit
MetLife Disability

ML 00086

**MR0259**

DEF 00071
*Valenote v. Met. Life*

**MR0260**

040510 059133

Daniela C. Valenote
4514 Upper Kogru Dr.
Eagle River, AK  99577
907-622-1009

May 4, 2004

Anda Panasescu
LTD Case Manager
MetLife Disability
Po Box 14590
Lexington, KY 40511-4590

Claim #:      870308078357
Employer:    Rim Architects
RE:           Denial of LTD Claim

Dear Ms. Panasescu,

I hereby am requesting an appeal of my claim in response to the second denial letter
received from METLife dated November 26, 2003.

I have more than met the standards of Disability or Disabled as defined by my former
Employer's Plan.  I have "received Appropriate Care and Treatment from a Doctor on a
continuing basis" and "have been unable to earn more than 80% of my Predisability
Earnings."

METLife has been given of all this medical information either from correspondence or
countless phone conversations with my Patient Advocate, Virginia Valenote.
I have been under the care of numerous Physicians and sought medical care as follows:

- Nov. 5, 2002       First date I saw Dr. Orzechowski (family doctor) for low
                     back pain.
- Dec. 18, 2002      Dr. Orzechowski had me stop working for low
                     back treatment.
- Jan. 6, 2003       I returned to work on a part-time basis 4-6 hours/day under
                     supervision and recommendation of Dr. Orzechowski.
- Jan. 2003          Dr. Orzechowski referred to Dr. Edward Voke
                     (Orthopedic), first available appointment Jan. 2003.
                     Referred to Dr. Wayne Downs (Neurologist), first available
                     appointment Feb. 2003.
                     Referred to Dr. Joella Beard (Physiatrist) first available
                     appointment with her nurse, Deb Kiley Feb. 2003.
                     Also referred to Dr. Lee Schlosstein (Rheumotologist and
                     Internist) first available appointment May 2003.
- Feb. 21, 2003      Last day of work due to Chronic Pain, under the
                     supervision and recommendation of Dr. Orzechowski.

040510 059133
2

| | |
|---|---|
| • March 2003 | Dr. Beard's clinic took lead in my care, which was previously Dr. Orzechowski's role. Nurse Kiley recommended no work until at least May 1, 2003. She also referred me to Physical Therapy (HealthSouth), Rosemary Cody (Acupuncturist) and Dr. Rhene Merkouris (my OB/GYN) for evaluation. |
| • March 2003 | Injection ordered by Dr. Beard in right S-I joint. |
| • March 2003 | Began Physical Therapy and Acupuncture. |
| • April 2003 | I saw Dr. Rhene Merkouris (OB/GYN) she recommended I change Neurologists from Dr. Wayne Downs to Dr. Mary Downs. I reported an exasperation of pain due physical therapy received from HealthSouth. She recommended I change Physical Therapists to a specialist in women's health, Joy Backstrum with The Physical Therapy Place. |
| • April 2003 | Dr. Beard's Nurse, Deb Kiley, approved changing Physical Therapists from HealthSouth to The Physical Therapy Place. |
| • April 2003 | Deb Kiley recommended Chiropractic Care with whomever the Acupuncturist recommended. The first available appointment with Dr. Peter Lorenzten, May 2003. |
| • May 2003 | Dr. Lorenzten referred to Massage Therapy with Terry Windecker. |
| • May 2003 | I stopped physical therapy with The Physical Therapy Place in lieu of Chiropractic Care and Massage Therapy, a different form of physical therapy. |
| • July 2003 | My Chronic Pain still had not improved therefore Dr. Mary Downs referred me to The Advanced Pain Centers of Alaska, first available appointment July 2003. |
| • July 21, 2003 | First appointment with Dr. Susan Anderson (M.D.) and Dr. Trombley (Pyschologist) with the Advanced Pain Centers of Alaska. She referred me to physical therapy with Amy Acevedo with Advanced Physical Therapy of Alaska, first appointment July 2003. |
| • July 24, 2003 | Dr. Beard released me from her care to the care of The Advanced Pain Centers of Alaska. |
| • Aug. 2003 | Dr. Anderson performed injection into right S-I joint. |
| • Aug. 2003 | Dr. Anderson performed injection into right pubic symphasis joint. |
| • Sept. 2003 | Dr. Anderson performed injection into L3/4 disc and right hip bursea. |
| • Oct. 2003 | Dr. Anderson performed 4 level Diskography, L2/3 – L5/S1. |
| • Oct 2003 | Unable to continue with Acupuncture due to Lack of financial resources. |

ML 00097

DEF 00082
*Valenote v. Met. Life*

040510059133
3

- Dec. 2003        Dr. Anderson performed Nucleoplasty on L5/S1 as a result of Diskography done in Oct 2003.
- Jan. 2004        Dr. Anderson performed Epidural Injection L5/S1.
- March 2004       Dr. Lorentzen referred me to physical therapy with Elaine Heddens of the Bearfoot Wellness Studio, first appointment March 2004.

The following is responses to MetLife's statements in the denial letter dated Nov. 26, 2003.

METLife stated, " Futhermore, you were released by Dr. Beard to return to work as of May 1, 2003." My Work Release Letter from Dr. Beard's Clinic expired May 1, 2003. This is not the same as a Return to Work Letter. I had an appointment with Nurse Kiley on April 29, 2003 (which was 2 days prior to May 1st) and at no time during this appointment did she say I was able to return to work. As a matter of fact, on my "Plan of Care" statement dated April 29, 2003 (Attachment A) there is no return to work recommendations. If I was told to return to work on May 1, 2003 there should be a letter releasing me back to duty with an explanation of whether or not there are any limitations to my physical activity, daily/weekly hours and needed break schedules, etc.; just as Dr. Orzechowski supplied on January 6, 2003 when he returned me to work. There is no Return to Work Letter dated May 1, 2003 in existence (I have been provided a copy of my entire file from Dr. Beard's Clinic). In addition, the day I resigned my position with RIM Architects Larry Cash (Architect, CEO and Partner) and Matthew Vogel (Architect, Partner and my direct Supervisor) offered me a standing position with RIM effective immediately once I regain health and provided that I have a letter from a Doctor releasing me back to my duties. This information can be verified and should be verified (907-258-7777).

METLife stated, "Calls made to the other two providers, Dr. Downs and Dr. Orzechowski revealed neither advised you to stop working for your condition on or before February 21, 2003." However you referenced a letter from Dr. Orzechowski dated Sept. 22, 2003 (Attachment B), which clearly states, the first date I was told to stop working for treatment was Dec. 18, 2002. In his letter dated Dec. 11, 2003 (Attachment C) Dr. Orzechowski has elaborated, "returned to work part-time/restricted duty on Jan. 6, 2003." I continued to work part-time until the pain was unbearable. On February 21, 2003 the Doctor told me to stop working. This information has been documented not only in correspondence from Dr. Orzechowski but also from RIM Architects on the Employer Statement dated June 12, 2003 and in correspondence dated August 1, 2003 (Attachment D).

METLife stated, "Dr. Beard released me from her care on July 24, 2003." However you referenced a letter from Dr. Beard letter dated Oct. 22, 2003 where she stated, "at the time of dismissal from our clinic the plan was for her to continue treatment with the Advanced Pain Centers of Alaska." I began care with the APCA on July 21, 2003 per a referral from Dr. Mary Downs. This was just 3 days before Dr. Beard released me from her care and into the care of Dr. Susan Anderson with APCA. A patient is only admitted to care by The Advanced Pain Centers of Alaska if they are in Chronic Pain or the pain is

ML 00098

DEF 00083
*Valenote v. Met. Life*

040510059133
4

severe. According to the Pain Center the definition of Chronic Pain states that a person must be in constant pain for a minimum of 3 months. Since I began care on July 21, 2003 my Chronic Pain must have been documented and severe enough since at least April 2003 to be accepted as a patient (which is within my Elimination Period, Feb. 21-May 22, 2003).

METLife stated, " You were released from physical therapy on May 12, 2003 per the physical therapy notes supplied by HealthSouth." However, I changed Physical Therapists from HealthSouth to 'The Physical Therapy Place' on April 21, 2003 after a referral by Dr. Merkouris as well as approval by Nurse Kiley (Dr. Beard's Clinic) which is also pointed out in my timeline. This information was provided to you in my appeal letter dated Sept. 9, 2003 as well as by my Patient Advocate, Virginia Valenote, but no attempt was made to contact 'The Physical Therapy Place' to verify I was a patient. Attached are chart notes from this time period including one dated May 13, 2003 (Attachment E). I was released from HealthSouth Physical Therapy not because I recovered but because I changed Therapy. I started receiving Chiropractic Care from Dr. Peter Lorenzten (May 11, 2003) per the recommendation of Nusre Kiley (Dr. Beard's Clinic) and Rosemary Cody (Acupuncturist). Dr. Lorenzten in turn referred me to Massage Therapy (Terry Windecker), a different form of Physical Therapy. Dr. Susan Anderson of The Advanced Pain Centers of Alaska referred me to Advanced Physical Therapy of Alaska in July 2003. I was a patient with this group until this April when Dr. Lorenzten referred me to a Physical Therapist, Elaine Heddens with the Bearfoot Wellness Studio (Attachment F, dated April 8, 2004). This change was made because after my Nucleoplasty in Dec, 2003 the 30-45 minute drive to Anchorage has become difficult. Therefore he referred me to a Physical Therapist closer to home (15 minutes).

METLife stated, "Information in file indicates that you complained of pain predominantly in the right buttock region." You reduced the widespread pain I have experienced since November 2002 to only a symptom of referred pain, the right buttock region, rather than the problem itself. The pain I experience is low-back pain with referred pain radiating thru my buttocks, legs and into my feet as well as pain from the mid-back referred up to my neck, hands, thru my arms and into my hands. The pain is predominantly right-sided. As you have stated "the only two abnormal findings cited in the file include the MRI of the lumbar spine from December 2002 and the diskography from October 2003." But yet you state "...the findings are not likely to be clinically significant in view of no disc extrusion nerve root compression, spinal cord compression, etc. The positive diskogram results at L5/S1 may explain some of your pain." Firstly the December 2002 MRI did find disc extrusion at L3/4 and L5/S1. These abnormal findings were deemed "clinically significant" enough by Dr. Anderson to perform steroid injections into the right S-I joint, pubic symphysis, and an epidural in L3/4. In addition the Procedure Noted dated Oct. 14, 2003 Dr. Anderson stated, "At level L5/S1... posterior tear extreme increase in pain that is concordant with patient's complaint. In conclusion... L5/S1 considered provocative and concordant pain." These results are "clinically significant" and deemed severe enough to perform a Nucleoplasty at L5/S1 on December 3, 2003 (Attachment G). Your office was informed of this schedule a month prior to the procedure. But yet just 7 days before the Nucleoplasty you denied my claim and implied my condition isn't "clinically significant" to warrant the pain I have been experiencing.

ML 00099

MR0264

DEF 00084
*Valenote v. Met. Life*

040510059133
5

METLife stated, "Despite the pain, you were allegedly working 10 hours a week in June of 2003, per information received by Dr. Beard's office." When this question arose in October 2003, RIM Architects sent you correspondence stating that I have not been employed since April 30, 2003. In conversations with my patient advocate, Virginia Valenote, METLife assured her it was understood I never returned to work. I have also attached a letter from RIM Architects dated December 10, 2003 (Attachment H) reiterating this fact. Dr. Lorenzten's letter dated March 5, 2004 (Attachment I) also states this fact. In addition my policy states I can earn up to 80 % of my Predisability Earnings. Therefore if I was able bodied enough to work part-time, I could go back to work without being in violation of the policy. However, the fact still remains, I have never returned to work.

METLife has selectively chosen my medical records, Providers, and various documents/correspondences to use in the determination of my Disability. Attempts were made to contact only three out of nine Doctors I have seen since Nov. 2002. I ask that you please consider contacting at least the Doctors I saw during my Elimination Period. Dr. Peter Lorenzten is one of these Providers. In his letter dated March 5, 2004 he stated, "Her injuries have been debilitating and at no time since she initiated care with my office has she been able to return to work." Also after my Employer and I reviewed the Employer Statement/Job Description dated June 12, 2003 it was determined the information provided did not accurately describe my position. In response to this I sent METLife a "Job Description for an Architect" dated Oct. 6, 2003. This letter was reviewed and approved by my Direct Supervisor, Matthew Vogel (Architect and Partner with RIM Architects). In this letter, I requested METLife to consider this Job Description as a Supplement to the Employer Statement/Job Description. In addition Matt requested you contact him to verify the content of the letter. No attempt was made to contact him. Please consider contacting him (907-258-7777) and using the "Job Description for an Architect" in your review of my case.

In conclusion, *I have been and have remained totally disabled since February 21, 2003.* Short Term Disability was awarded based on my medical records and work release letters from both Dr. Orzechoski and Nurse Deb Kiley. During my elimination period I was not advised to return to work nor have I ever returned to work. This entire event has been painful and traumatic for my life and career as an Architect have come to a stand still. My post-operative recovery has been long and arduous. My current therapy, although slow, seems to be promising. I can only hope to be back at work and on with my life sooner than later.

Please feel free to contact Virginia Valenote or myself to further discuss this claim.

Sincerely,

Daniela C. Valenote

Attachments A-J
Cc: State of Alaska Division of Insurance

ML 00100

**MR0265**                    DEF 00085
                        *Valenote v. Met. Life*

~CHMENT~
040510 059133

## Rehabilitation & Sports Medicine ~
4100 Lake Otis Parkway, Suite 218 — Anchorage, Alaska 99508
(907) 677-7440 phone  —  (907) 677-7441 facsimile

VALENOTE, Daniels
Patient

**PLAN OF CARE**

04-28-03
Date of Service

☐ **Prescriptions**

Prescription _____ Instructions  Add 4 mg Zanaflex to noon Neurontin

Prescription _____ Instructions  Nasocort AQ 2 spray each nostril 1x/day

Prescription _____ Instructions  Use nasal saline at least 3-4x/da

☐ **Therapies**

Therapy Group _____ Instructions  cont c Joy Backstrum RPT
cont c Rosemary

Therapy Group

☐ **Imaging Studies**

Imaging Center _____ Instructions

Imaging Center

☐ **Consultations**

Physician / Clinic Name _____ Instructions  Schlosstein  May 28
Downs       May 13

Physician / Clinic Name

☐ **Return to Work Recommendations**

☐ May Return to Work without Restrictions     ☐ May Return to Work with Restrictions     ☐ May Not Return to Work

Instructions _____

☐ **Other Instructions**

_____

☑ **Next Appointment** ? Dr Schlosstein
appt.                                    ☐ **No Appointment is Needed**

☑ 06-10-03 / 12:45 p.m.
Date / Time

☐ Appointment will be considered after

I understand this plan and will comply with its instructions.        X DRV
Patient's Signature

ML 00101

**MR0266**

**DEF 00086**
*Valenote v. Met. Life*

AT  HME 04051059133

MICHAEL W. ORZECHOWSKI, M.D., M.P.H., R.N.



3730 RHONE CIRCLE, SUITE 103
ANCHORAGE, AK 99508
TELEPHONE: (907) 563-1600
FAX: (907) 563-0100

September 22, 2003

To Whom It May Concern:

My patient Daniela Valenote has low back pain with right leg sciatica. She was first

treated on November 5, 2002 for the low back pain with right leg sciatica. The first day

she stopped working for treatment was December 18, 2002. If you have any questions

please call my office. Thank you.

Sincerely,

Michael W Orzechowski, MD
dl

ML 00102

**MR0267**            DEF 00087
                     *Valenote v. Met. Life*

ATTACHMENT 18 099133

MICHAEL W. ORZECHOWSKI, M.D., M.P.H., R.N.



3730 RHONE CIRCLE, SUITE 103
ANCHORAGE, AK 99508
TELEPHONE: (907) 563-1600
FAX: (907) 563-0100

December 11, 2003

Re: Valenote, Daniela C
Dob: 2-17-1969

To whom it may concern:

My patient Daniela C Valenote was seen under my care in December 18, 2002 for a back treatment. This was her first day of no work for this treatment. On January 6, 2003, my patient was to return to work with restricted duty 4 hours to 6 hours per day. On February 19, 2003, Daniela was instructed no work for 2 weeks.

Should you have any questions, please call my office.

Sincerely,

Michael W Orzechowski, MD, MPH, RN
mo:ln

`ATTACHMENT D`

ALASK...M · HAWAII · CA...
645 G Street, Suite 400
Anchorage, Alaska 99501
Phone: 907.258.7777
Fax: 907.278.8185

Larry S. Cash, AIA NCARB
James E. Dougherty, AIA
Roiland R. Reid II, AIA NCARB
Scott A. Bohne, AIA NCARB
Aaron K. Joseph, NCARB
Matthew P. Vogel, Architect

www.rimarchitects.com

# FAX Transmittal

| | | | |
|---|---|---|---|
| | | Project | Daniela Valenote |
| Firm Name | Met Life | Project No. | |
| Attention | Joseph Jones | Date | August 1, 2003 |
| Phone No. | | From | Penny Winchester |
| Fax Number | 1-866-6901264 | # Pages | 3    (Including this cover) |

If illegible or incomplete, please call (907) 258-7777 and ask for sender.

Remarks/Comments:

Copy To: _____   Signed: _____
Via:    ☐ Mail    ☐ Fax    ☐ Courier

ML 00104

MR0269

DEF 00089
*Valenote v. Met. Life*



**RIM**
A R C H I T E C T S

040510 059133

ALASKA · GUAM · HAWAII · CALIFORNIA

645 G Street, Suite 400
Anchorage, Alaska 99501
Phone: 907.258.7777
Fax: 907.279.8195

Larry S. Cash, AIA, NCARB
James E. Dougherty, AIA, NCARB
Rolland R. Reid II, AIA, NCARB
Scott A. Bohne, AIA, NCARB
Aaron K. Joseph, NCARB
Matthew P. Vogel, Architect

www.rimarchitects.com

August 1, 2003

Met Life
Joseph Jones

VIA FAX: 1-866-690-1264

RE:     **DANIELA VALENOTE**
        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

Dear Mr. Jones:

Following is information you requested regarding Daniela's Disability Claim:

Daniela's last day worked was December 17, 2002. She returned to work on January 6, 2003. This confirms the information provided in Section 3 of the Employer Statement, dated June 12, 2003 (attached).

During this time off, four (4) days were taken as unpaid leave.

Thank you for your assistance in processing this claim.

Sincerely,

RJM Architects

*Penny Winchester*
Penny Winchester
Human Resources

ML 00105

**MR0270**          DEF 00090
                                    *Valenote v. Met. Life*

Joy Backstrum, Physical Therapist
The Physical Therapy Place
4050 Lake Otis Pkwy  #111
Anchorage, Ak  99508
Ph: (907)569-5557  Fax:  (907)569-5562

AK PT # 303

Name: Daniela Valenote

Date: 4/21/03

Account Number:

PROGRESS NOTE

DX: 719.45, 724.6

SUBJECTIVE:

OBJECTIVE: Pre:

Post: SFT

| CODES | CHARGES | UNITS |
|-------|---------|-------|
| 97001 | PT Evaluation | |
| 97002 | PT Re-evaluation | 1 |
| 97112 | Neuromuscular  15' | |
| 97140 | Manual Therapy 15' | |
| 97110 | Therapeutic Exercise 15' | 1 |
| 97530 | Therapeutic Activity  15' | |
| 97535 | ADL's 15' | |
| 90901 | Biofeedback training | |
| 90911 | Biofeedback | |
| 97014 | Electrical Stim (Unattended) | |
| 97032 | Electrical Stim (Attended) | |
| 97033 | Ultrasound | |
| 97116 | Gait training | |
| | Supplies: | |
| 99070 | SEMG | |

Total = 124.∞

Manual Therapy &
Tx re Px

Manual Therapy:

Neuromuscular Reeducation:

Therapeutic Exercise/Activity:

Postural/ Body Mechanics instruction:

Modalities:

ASSESSMENT:

GOALS:

PLAN:

Therapist:

'ATTACHMENT E'

ML 00106

DEF 00091
Valenote v. Met. Life

Joy Backstrum, Physical Therapist
The Physical Therapy Place
4050 Lake Otis Pkwy  #111
Anchorage, Ak  99508
Ph: (907)569-5557  Fax: (907)569-5562

AK PT # 303

DX: 719.45, 72_._ _

040510059133

SUBJECTIVE:

*Same pain !*

Name: *Daniela Valenote*

Date: *4/30/03*

Account Number:

OBJECTIVE:  Pre:

| CODES | CHARGES | UNITS | Post: |
|-------|---------|-------|-------|
| 97001 | PT Evaluation | | |
| 97002 | PT Re-evaluation | | |
| 97112 | Neuromuscular  15' | | Manual Therapy: |
| 97140 | Manual Therapy  15' | / | |
| 97110 | Therapeutic Exercise 15' | / | |
| 97530 | Therapeutic Activity  15' | | |
| 97535 | ADL's  15' | | Neuromuscular Reeducation: |
| 90901 | Biofeedback training | | |
| 90911 | Biofeedback | | Therapeutic Exercise/Activity: |
| 97014 | Electrical Stim (Unattended) | | |
| 97032 | Electrical Stim (Attended) | | |
| 97033 | Ultrasound | | Postural/ Body Mechanics instruction: |
| 97116 | Gait training | | |
| | Supplies: | | Modalities: |
| 99070 | SEMG | | |

ASSESMENT:

GOALS:

PLAN:

Therapist:

ML 00107

MR0272          DEF 00092
                *Valenote v. Met. Life*

Joy Backstrum, Physical Therapist
The Physical Therapy Place
4050 Lake Otis Pkwy  #111
Anchorage, Ak  99508
Ph: (907)569-5557  Fax: (907)569-5562

AK PT # 303

DX: 719.45, 724.
SUBJECTIVE:
040510 059133

In tears — "always" in pain...

Name: Daniela Valenote
Date: 5-6-03
Account Number:

OBJECTIVE: Pr/

| CODES | CHARGES | UNITS |
|-------|---------|-------|
| 97001 | PT Evaluation | |
| 97002 | PT Re-evaluation | |
| 97112 | Neuromuscular  15' | |
| 97140 | Manual Therapy  15' | 1 |
| 97110 | Therapeutic Exercise 15' | 1 |
| 97530 | Therapeutic Activity  15' | |
| 97535 | ADL's 15' | |
| 90901 | Biofeedback training | |
| 90911 | Biofeedback | |
| 97014 | Electrical Stim (Unattended) | |
| 97032 | Electrical Stim (Attended) | |
| 97033 | Ultrasound | |
| 97116 | Gait training | |
| | Supplies: | |
| 99070 | SEMG | |

Total = 94⁰⁰

OBJECTIVE: Pr/

Manual Therapy:

Neuromuscular Reeducation:

Therapeutic Exercise/Activity:

Postural/ Body Mechanics instruction:

Modalities:

ASSESMENT:

GOALS:

PLAN:

Therapist:

ML 00108

MR0273

DEF 00093
Valenote v. Met. Life

PT PROGRESS NOTE

Joy Backstrum, Physical Therapist
The Physical Therapy Place
4050 Lake Otis Pkwy  #111
Anchorage, Ak  99508
Ph: (907)569-5557  Fax: (907)569-5562

AK PT # 303

DX: 719.45, 724.~          040510059133

SUBJECTIVE:
- Con'ts to be v. fearful.
- Likes of Beet
- V. Frustrated

Name: Daniela Valenote

OBJECTIVE:  Pre:

Date: 5-13-03

Account Number:

| CODES | CHARGES | UNITS |
|-------|---------|-------|
| 97001 | PT Evaluation | |
| 97002 | PT Re-evaluation | |
| 97112 | Neuromuscular  15' | |
| 97140 | Manual Therapy  15' | / |
| 97110 | Therapeutic Exercise 15' | / |
| 97530 | Therapeutic Activity  15' | |
| 97535 | ADL's  15' | |
| 90901 | Biofeedback training | |
| 90911 | Biofeedback | |
| 97014 | Electrical Stim (Unattended) | |
| 97032 | Electrical Stim (Attended) | |
| 97033 | Ultrasound | |
| 97116 | Gait training | |
| 99070 | Supplies: SEMG | |

Post:

Manual Therapy:

Neuromuscular Reeducation:

Therapeutic Exercise/Activity:

Postural/Body Mechanics Instruction:

Modalities:

ASSESSMENT:

Total = 94.~

GOALS:

PLAN:

Therapist:

ML 00109

MR0274

DEF 00094
Valenote v. Met. Life

* Apr 09 04 03:27p    Dr.    :er Lorentzen, D.C.   907-694    86    0405J0059133

04/88/2004  17:86   9876222327          BEARFOOT WELLNES           PAGE  01/02

# THE BEARFOOT WELLNESS STUDIO

*Orthopedic Physical Therapy, Pilates, Yoga*

Elaine Hedden, MSPT
*Physical Therapist*

'ATTACHMENT F'

04/08/04

Patient:  Valenote, Daniela
Diagnosis:  c/s pain/stiffness, LBP with radiculopathy
DOB:  02/17/69
Physician:  Lorentzen, DC
Date of Examination:  03/30/2004

History:  This 35 y/o female presents to physical therapy with primary c/o LBP c/ R
radiculopathy and midback/neck pain causing severe HA.  The pt reported her LBP began
in Oct 2002 when she was carrying heavy luggage for over an hour.  Gradually her pain
became worse and now involves the intrascapular area, and neck.  Prior to this injury the
pt was working 50-60 hrs per week as an architect.  The pt reports being unable to work
now due to pain from static sitting greater than 30 minutes.

Diagnostic Testing:  MRI on 2/17/04 revealed HNP L5-S1

Past Medical Hx:  n/a for this musculoskeletal dx

Surgeries:  nucleoplasty procedure to l/s 12/03/2003

Occupation:  architect currently not employed

Current Level of Activity:  sedentary due to pain

Patient's Goal:  increase strength, return to ADLs such as gardening without pain.

Posture:  Head fwd 3 inches anterior to acromion process, flattened c/s lordosis,
swayback l/s and R iliac crest elevated approx 1 inch.

ROM:  l/s flexion 50% of wnl, l/s extension 25% wnl sideflexion and rotation both 25%
of wnl, c/s AROM wnl except for L side flexion 50% wnl and L rotation 25% of wnl.

Strength:  UE wnl except R bicep 4/5, R infraspinatus/teres minor 4-/5, R grip strength
25% weaker than L.  LE wnl except bilateral hip flexor 3+/5, R hip abduction 3+/5, R
quadriceps 4/5. Pt fully able to gait on toes and heels bilaterally.

Neurological:  Hyperreflexive DTR's at bilateral patellae and Achille's tendon.

'Sensation:  Reported decreased sensation of lateral sole of pt's R foot.

Palpation:  Spasm bilateral psoas major, R quadratus lumborum, bilateral upper trapezius.

11401 Old Glenn Hwy. 101-B
Eagle River, Alaska 99577

Phone: (907) 622-2327
Fax: (907) 622-1349

ML 00110

MR0275

DEF 00095
*Valenote v. Met. Life*

Apr 09 04 03:27p     Dr.     er Lorentzen, D.C.   907-694   36     040510059133

04/08/2004  17:06   9876222327                BEARFOOT WELLNESS                PAGE  02/02

# THE BEARFOOT WELLNESS STUDIO
*Orthopedic Physical Therapy, Pilates, Yoga*

Elaine Hedden, MSPT
*Physical Therapist*

**Joint Mobility:** capsular end-feel R costotransverse joints T4-T7, spasm end feel R zygapophyseal joints C3-C5.

**Special Tests:** Positive SLR bilaterally, Positive Dural Slump right, Positive prone dural mobility bilaterally.

**Pain Assessment:** Pain does interfere with patient's optimal level of function and participation in physical therapy.

**Informed Consent of Risks/Benefits:** This patient was informed of the potential risks and benefits of physical therapy and consented to proceed with treatment.

**Short term goals:**
In two to four weeks the patient will subjectively report independence with HEP.
In two to four weeks the patient will subjectively report an increase in functional IADLs.

**Long term goals:**
In 4 to eight weeks the patient with be independent with a functional strengthening HEP.
In 4 to 8 weeks the patient will report a significant increase in functional IADLs.

**Treatment Plan:** Physical therapy to see this patient for 1-2x/wk for 8 weeks for examination, patient education, manual therapy, therapeutic exercise, and modalities prn.

Thank you very much for this referral to The Bearfoot Wellness Studio.

Elaine Hedden, MSPT
Alaska License #1418

Reviewed and certified by _____ (Provider signature)
Please return via fax 622-1360.
Thank you.

11401 Old Glenn Hwy. 101-B
Eagle River, Alaska 99577

Phone: (907) 822-2327
Fax: (907) 622-1360

ML 00111

**MR0276**

DEF 00096
Valente v. Met. Life