MR0317

Physician Consultant Review

Reviewer: Dennis S. Gordan, MD, FAAPM&R        Date: 6/15/04

Claim #: 870308078357
Name: Daniela Valenote
Ref. Source: Lisa Baldanza
Occupation: Architect

Diagnosis: Back and leg pain
Issue(s): Appeal

History

This 35 year old woman initially hurt her back carrying heavy bags in 10/02. At some point right buttock pain appeared, and eventually she had pain into the foot at times. There was also a distant history of a fall onto her "tailbone." She underwent a lumbar MRI in 12/11/02, with findings of a posterior protrusion of L5-S1 without root or thecal sac affection, and an anterior L3-4 protrusion. Other workup, including electrodiagnosis; MRI's of brain, hips and thoracic spine; and bone scan were reportedly non-diagnostic. She had reportedly undergone right SI joint (8/5/03), pubic symphysis (8/12/03), gluteal bursa and intralaminar epidural injections on 9/16/03, with partial benefit from several. Medications had included Neurontin, gabatril, Bextra, Vioxx, Zanaflex, Norflex, Glucosamine/Chondroitin, Lexapro, Pamelor, Elavil, and topamax. She had undergone acupuncture and, on 10/14/03, discography that showed concordance with the EE's pain during L5-S1 injection. Treating physicians included family physician, orthopedist, neurologist (Dr. Downs, through 7/24/03), physiatrist (Dr. Beard, through 6/10/03), rheumatologist, chiropractor, anesthesiologist (Dr. Anderson, starting 7/21/03).

EE's primary physician repeatedly indicates EE had sciatica, but there were no neuro or EMG findings. By 9/4/03 Dr. Anderson was reporting 2 pains: one down the anterior leg and posteriorly down the right leg to the toe, along with "stabbing and shooting" right sided pain, "sharp and sensitive" right hip pain, and "burning" low back pain.

An APS from Dr. Beard noted "work release written for RTW 5/1/03," but also that EE would need an FCE in order to establish physical capabilities. There are references to the importance of Dr. Schlosstein's evaluation, but I did not see it.

The file was reviewed on 11/20/03, and the feeling was that the prognosis depended on the surgery that was to be done on 12/3/03.

On 12/3/03 she underwent discography, with finding that injection of L5-S1 gave pain concordant with that of which she complained. At that sitting, therefore, she also underwent intradiscal electrothermal therapy (IDET) of L5-S1.

There seems to be no formal followup re: the effect of the IDET. The later notes are a 3/5/04 letter from Dr. Lorentzen, a chiropractor, who opines that EE "needs to become involved in a more frequent and active physical therapy program," and a 4/8/04 intake from the therapist to whom Dr. Lorentzen had referred EE, with continued pain complaints "from

*Independent Physician Consultant Review for MetLife Disability*        Page 1 of 2

static sitting greater than 30 minutes. That evaluation also found some decreased strengths and ranges of motion, but hyperreflexic muscle reflexes.

Comment

There is evidence of continued and at times invasive treatment of this EE beyond 2/22/03. Despite that, there has been no definitive response to treatment for any posited pain generator. With the return to physical therapy in 4/04, the EE is essentially back to the beginning. The only information bearing on relative function is that she was driving for 30 minutes at a time, and had pain if she sat for over 30 minutes. The latest strengths and ranges of motion, by the PT, are reduced, but probably by pain, and would not themselves rule out sedentary work.

It does not appear to me that there was any amelioration of symptoms following 2/22/03 that would have rendered EE more able to work, at least until the IDET. The result of the IDET is itself not clear. EE is limited by her pain tolerance. There is no reference to any atrophy, and atrophy would be expected in any patient who had had 1 ½ years of severely curtailed physical activity, regardless of the reason. Without atrophy, I can't imagine that function is physiologically severely impaired.

In sum, unless something is missing, the records support at least an ongoing slight functional impairment on the basis of pain, limiting EE to sedentary and perhaps light work from 2/22/03 through IDET.

*Dennis S. Gordan, M.D.*

Dennis S. Gordan, MD
Board Certified in Physical Medicine and Rehabilitation
Board Certified in Internal Medicine
Fellow of the American Academy of Physical Medicine and Rehabilitation

MR0320

040708050448

Metropolitan Life Insurance Company

**MetLife®**

MetLife Disability
P O Box 14592
Lexington, KY 40511-4592

June 22, 2004

Daniela Valenote
4514 Upper Kogru Drive
Eagle River, AK 99577

Claim#:     870308078357
Employer:   Rim Architects
Report #:   5562954

Dear Ms. Valenote:

We have completed our review of the denial of your claim for Long-Term Disability (LTD) benefits. For the following reasons, the original determination is upheld upon appeal review.

Your employer's plan states the following:

> "In order to receive benefits under This Plan, you must provide to us at your expense, and subject to our satisfaction, all of the following documents. These are explained in this Certificate. Initial submission of these documents should be made no later than the 12th week following your original date of disability.
>
> - Proof of Disability
> - Evidence of continuing Disability
> - Proof that you are under the Appropriate Care and Treatment of a Doctor throughout your Disability
> - Information about Other Income Benefits
> - Any other material information related to your Total Disability which may be requested by us.
>
> "Disabled" or "Disability" means that due to sickness, pregnancy or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and
>
> 1. during your Elimination Period and the next 24 month period, you are unable to earn more than 80% of your Predisability Earnings or Indexed Predisability

040708050448

Earnings at your Own Occupation for any employer in your Local Economy; or
2. after the 24 month period, you are unable to earn more than 80% of your Indexed Predisability Earnings from any employer in your Local Economy at any gainful occupation for which you are reasonably qualified taking into account your training, education, experience and Predisability Earnings."

We have reviewed your entire claim.

Information we have received indicated that your date last at work as an Intern Architect was February 21, 2003 due to chronic pain and myalgias. Based on the Plan Elimination Period, benefits for Long Term Disability became would have been effective May 23, 2003.

We received your letter on May 4, 2004 requesting an appeal review of your Long-Term Disability benefits. You indicated in your letter the reasons you felt your claim should be paid and that you have been disabled and continue to be disabled since February 21, 2003.

Your entire file was referred to an Independent Physician Consultant, Board Certified in Physical Medicine and Rehabilitation and Internal Medicine for a complete review.

The physician consultant stated that the medical information indicated that in December 2003 you underwent discography and underwent intradiscal electrothermal therapy (IDET) of L5-S1. There did not appear to be a formal follow-up regarding the effects of the IDET and it was your chiropractor's opinion that you needed to become involved in a more frequent and active physical therapy program. The medical records support a slight impairment on the basis of pain and this would not limit you from your own occupation.

Your employer's plan requires that you submit medical evidence of a continued disability. As discussed above, there is a lack of medical information submitted in your file that would suggest you were unable to perform the usual duties of your own occupation. Therefore, the original claim determination was appropriate.

Upon request, MetLife will provide you with a copy of the documents, records, or other information we have that are relevant to your claim and identify any medical or vocational expert(s) whose advice was obtained in connection with your claim. You also have the right to bring civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974.

You have exhausted administrative remedies under the plan, and no further appeals will be considered.

040708050448

Sincerely,


Joanne Alexander
Procedure Analyst
MetLife Disability

ML 00092

MR0323    DEF 00077
*Valenote v. Met. Life*

MR0324

040720051385    040708050448

**MetLife**

Metropolitan Life Insurance Company

MetLife Disability
P O Box 14592
Lexington, KY 40511-4592

June 22, 2004

Daniela Valenote
4514 Upper Kogru Drive
Eagle River, AK 99577

Claim#:     870308078357
Employer:   Rim Architects
Report #:   5562954

Dear Ms. Valenote:

We have completed our review of the denial of your claim for Long-Term Disability (LTD) benefits. For the following reasons, the original determination is upheld upon appeal review.

Your employer's plan states the following:

"In order to receive benefits under This Plan, you must provide to us at your expense, and subject to our satisfaction, all of the following documents. These are explained in this Certificate. Initial submission of these documents should be made no later than the 12th week following your original date of disability.

- Proof of Disability
- Evidence of continuing Disability
- Proof that you are under the Appropriate Care and Treatment of a Doctor throughout your Disability
- Information about Other Income Benefits
- Any other material information related to your Total Disability which may be requested by us.

"Disabled" or "Disability" means that due to sickness, pregnancy or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and

1. during your Elimination Period and the next 24 month period, you are unable to earn more than 80% of your Predisability Earnings or Indexed Predisability

040720051385   040708050448

  Earnings at your Own Occupation for any employer in your Local Economy; or

2. after the 24 month period, you are unable to earn more than 80% of your Indexed Predisability Earnings from any employer in your Local Economy at any gainful occupation for which you are reasonably qualified taking into account your training, education, experience and Predisability Earnings."

We have reviewed your entire claim.

Information we have received indicated that your date last at work as an Intern Architect was February 21, 2003 due to chronic pain and myalgias. Based on the Plan Elimination Period, benefits for Long Term Disability became would have been effective May 23, 2003.

We received your letter on May 4, 2004 requesting an appeal review of your Long-Term Disability benefits. You indicated in your letter the reasons you felt your claim should be paid and that you have been disabled and continue to be disabled since February 21, 2003.

Your entire file was referred to an Independent Physician Consultant, Board Certified in Physical Medicine and Rehabilitation and Internal Medicine for a complete review.

The physician consultant stated that the medical information indicated that in December 2003 you underwent discography and underwent intradiscal electrothermal therapy (IDET) of L5-S1. There did not appear to be a formal follow-up regarding the effects of the IDET and it was your chiropractor's opinion that you needed to become involved in a more frequent and active physical therapy program. The medical records support a slight impairment on the basis of pain and this would not limit you from your own occupation.

Your employer's plan requires that you submit medical evidence of a continued disability. As discussed above, there is a lack of medical information submitted in your file that would suggest you were unable to perform the usual duties of your own occupation. Therefore, the original claim determination was appropriate.

Upon request, MetLife will provide you with a copy of the documents, records, or other information we have that are relevant to your claim and identify any medical or vocational expert(s) whose advice was obtained in connection with your claim. You also have the right to bring civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974.

You have exhausted administrative remedies under the plan, and no further appeals will be considered.

ML 00088

MR0326   DEF 00073
*Valenote v. Met. Life*

040720051385    040708050448

Sincerely,

Joanne Alexander
Procedure Analyst
MetLife Disability

ML 00089

MR0327

DEF 00074
*Valenote v. Met. Life*