Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile:  907-276-2631
Email:     jamiesonb@lanepowell.com
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

DANIELA VALENOTE,

<div align="center">Plaintiff,</div>

v.

METROPOLITAN LIFE INSURANCE COMPANY,
and RIM ARCHITECTS (ALASKA), INC.,

<div align="center">Defendants.</div>

Case No. 3:05-cv-00196-TMB

**DEFENDANTS' MOTION TO
STRIKE EVIDENCE BEYOND THE
ADMINISTRATIVE RECORD**

### I.  RELIEF REQUESTED

Defendants Metropolitan Life Insurance Company ("MetLife") and RIM Architects, Inc. (collectively Defendants) move to strike plaintiff's submission of evidence beyond the administrative record in this ERISA benefits matter.  Consideration of such evidence, contained at Dockets Nos. 38, 39, 40, 42, 43, and 44, is contrary to ERISA as it undermines the administrative review process and transforms this Court into a substitute claim administrator.  The Court should not consider medical records and declaration testimony that was not submitted during the administrative process.  MetLife requests that the Court issue an Order striking from consideration, evidence that was not submitted to MetLife during the administration of plaintiff's claim.

### II.  STATEMENT OF FACTS

**A.**     **MetLife Provided Valenote Ample Opportunity To Submit Medical Records and Vocational Information In Support of Her Disability Claim During the Administrative Process.**

Daniela Valenote submitted a claim to MetLife asserting disability from her occupation as an intern architect with RIM as of February 2003.  In the course of administering Valenote's claim, MetLife corresponded with Valenote, conferred with her "patient advocate," reviewed medical

<div style="writing-mode: vertical">LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631</div>

records and sought information from her physicians and her employer.  It obtained the opinion of an independent board-certified consulting physician, Gary P. Greenhood, M.D.

By letter of August 29, 2003, MetLife advised Valenote that her claim was being denied as her medical records and MetLife's investigation did not support her assertion that she was disabled from performing the duties of her own occupation throughout the elimination period.  MR 0162B. This was because numerous medical records and documents suggested that Valenote was released to return to work prior to the end of the elimination period.  Specifically, MetLife referenced attending physician statements completed by plaintiff's attending physician Dr. Beard, Dr. Beard's office visit notes and physical therapy records.  *Id.*  (referencing DEF 00207; 00230).  Pursuant to ERISA, that letter also advised Valenote of her right to seek administrative review if she disagreed with the adverse benefits decision.  She was advised to "state the reason(s) you believe the claim was improperly denied, and submit any additional comments, documents, records, or other information relating to your claim that you deem appropriate for us to give your appeal proper consideration. Upon request, MetLife will provide you with a copy of the documents, records, or other information we gave that are relevant to your claim and identify any medical or vocational expert(s) whose advice was obtained in connection with your claim."  *Id.*

Valenote appealed and submitted additional medical evidence and correspondence stating that she had not returned to work during the elimination period.  After conducting an additional review, including all of the information she submitted with her appeal, MetLife affirmed its decision to deny her claim by letter of November 26, 2003.  MR 248-50.  MetLife advised "the information received and reviewed by MetLife fails to establish that you are experiencing a level of continued impairment that prevents you from performing the duties of your own occupation as an Intern Architect.  The objective medical evidence we have reviewed is incongruent with a long-term disability."  MR 249. Although the Plan did not require MetLife to offer Valenote an additional administrative appeal, MetLife advised Valenote that it would perform additional review.  *Id*.  Valenote again was advised that if she wished MetLife to further consider her claim that she should "submit any additional comments, documents, records, or other information relating to your claim that you deem appropriate for us to give your appeal proper consideration.  Upon request, MetLife will provide you with a copy

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

of the documents, records, or other information we have that are relevant to your claim and identify all medical or vocational expert(s) whose advice was obtained in connection with your claim."  *Id.*

Valenote sought an additional review by letter of May 4, 2004.    MR 261.   Valenote recounted her medical history and her disagreements with MetLife's decision, however, and significantly, she did not submit the medical records she now faults MetLife for not considering. MetLife performed a full and fair review of the additional records submitted, and obtained the opinion of independent board certified physician consultant Dennis S. Gordan, M.D.  By letter of June 22, 2004, MetLife issued its final decision on Valenote's claim determining that she was not eligible for benefits and advising that all administrative reviews had been exhausted.   MR 321-23.

**B.     Two of the Three Categories of Documents Valenote Now Seeks To Have the Court Consider Did Not Exist at the Time MetLife Considered Her Claim.**

Valenote asserts that "three categories" of documents should be considered by the Court in ruling on the instant Motion for Summary Judgment.  Plaintiff's Motion for Summary Judgment at 5. MetLife has no objection to the first category—the administrative record.  Review of the record is proper and entirely consistent with ERISA. *See Perry v. Simplicity Eng'g*, 900 F.2d 963, 966-67 (6th Cir. 1990).  MetLife objects to this Court's consideration of any documents within the second and third categories, namely, declarations never submitted as part of the administrative process (category two) and medical records not submitted to MetLife prior to its final decision or not yet in existence at the time of the final decision (category three).   Specifically, this Court should strike the following from consideration:

1.    All medical records that were not submitted to MetLife's prior to MetLife's final decision (identified as V0079-88; V0131-281; V514-20; V613-50; V654-896; V905-85; V999-1021);

2.    All medical records that were generated after MetLife's final decision and never considered by MetLife (identified as V0281-512; V521-612; V897-904; V1538-1721);

3.    Affidavit of Gregory R. Polston, M.D. (dated January 24, 2007) sponsoring medical records and correspondence from 2006);

4.    Affidavit of Daniela C. Valenote (dated January 26, 2007);

5.    Affidavit of Virginia Valenote (dated January 23, 2007).

Documents that did not exist at the time MetLife considered Valenote's claim and provided her a full and fair review should not be considered by this Court. These documents are not and <u>could not</u> have been part of the administrative record in MetLife's possession at the time of MetLife's final decision. MetLife could not have erred in failing to consider documents that were not part of the administrative record before it when they <u>did not yet exist</u>. The fact that these documents did not yet exist undermines Valenote's assertion, raised in her Motion for Summary Judgment, that MetLife's investigation of her claim was inadequate or tainted by self-interest.

Moreover, the fact that the documents did not exist demonstrates that they are irrelevant. Dr. Polsten, for example, did not even examine plaintiff during the relevant period. ; May 2003. Her treating physician at the time, Dr. Beard, Did not support plaintiff's claim. At the same time, Valenote asks this Court to consider medical records that existed at the time her claim was considered but that were never submitted by her, or her patient advocate to MetLife. Under ERISA, it was her burden to submit evidence and proof of continuing disability. Medical records and documents existing prior to the final decision on her claim that were not submitted to MetLife should not be considered especially given that MetLife gave Valenote ample opportunity to submit additional documentation she believed supported her claim.

### III. LEGAL ARGUMENT

#### A. ERISA Governs This Matter and the Abuse of Discretion Standard Applies.

Valenote admits that her claim for disability benefits is governed by ERISA and that the plan confers discretion to determine eligibility for benefits. Motion for Summary Judgment at 3. The United States Supreme Court has instructed that when an ERISA plan gives a plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the court employs an abuse of discretion standard of review to the administrator's or fiduciary's decision to deny benefits. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Abatie v. Alta Health & Life Ins.*, 458 F.3d 955, 966-67 (9th Cir. 2006); *Thomas v. Oregon Fruit Prods. Co.*, 288 F.3d 991, 993 (9th Cir. 2001); *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999). According to the Ninth Circuit's recent *Abatie* decision, a district court will only review a plan fiduciary's benefits determination de novo if the plan does not grant discretionary authority to that fiduciary. Therefore, even if MetLife reviewed Valenote's claim under a conflict of interest, the

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

*Abatie* court held that the abuse of discretion standard applies.  *See* Cross-Motion for Summary Judgment at 4.  Accordingly, because the Plan grants MetLife discretionary authority to interpret the terms of the Plan and to make benefits determinations the abuse of discretion standard applies.

**B.    It Was Plaintiff's Burden To Present Evidence of Disability and Entitlement to Benefits.**

Under ERISA, the "burden [is] on the claimant to demonstrate she is entitled to benefits under the plan, not on the administrator to demonstrate that the claimant is not disabled."  *Brucks v. The Coca-Cola Co.*, 391 F. Supp. 2d 1193, 1205 n.12 (N.D. Ga. 2005) (citing *Horton v. Reliance Std. Life Ins. Co.*, 141 F.3d 1038, 1040 (11th Cir. 1998) ("A plaintiff suing under [Section 1132(a)(1)(B)] bears the burden of proving his entitlement to contractual benefits").  As the court recently recognized in *Wilson v. Metropolitan Life Ins. Co.*, 2006 U.S. Dist. LEXIS 90044, *21 (E.D. Pa., Dec. 13, 2006):

> Under the Plan, the <u>claimant is responsible for demonstrating continued eligibility for benefits, which necessarily entails submitting supporting medical documentation.</u>[]  It is the role of the claimant's physician to determine the appropriate diagnostic test given the particular symptoms presented.  Then, <u>based on the medical documentation provided by the claimant,</u> the administrator will make an eligibility determination."

*Id.* (emphasis added).

In the instant motion, Valenote attempts to impermissibly shift the burden of proof to MetLife to disprove her alleged disability.  This is improper and inconsistent with ERISA.    It remains plaintiff's burden to establish entitlement to benefits under the plan.    *Id.*  Similarly, Valenote argues that MetLife asserted a "new reason" for its decision in its final denial thereby precluding her from receiving a full and fair review.    Careful review of MetLife's August 29, 2003, November 28, 2003 and June 22, 2004 correspondence confirms that MetLife's reasons remained entirely consistent.  MR 0162B; MR 248-50; MR 321-23.    In any event, an initial benefit denial need not be extensive.  *Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan*, 111 F.3d 67, 69 (8th Cir. 1997).    The Eighth Circuit recognized:

> At this early stage of the claim process, administrative efficiency is a virtue, so long as disappointed claimants are advised of their right to pursue the plan's review procedures. Therefore, the initial claim denial need not be extensive, provided it explains the basis for the adverse initial decision sufficiently to permit the claimant to prepare an informed request for further review.

*Id.*

**LANE POWELL** LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

The November 26 correspondence was proper and consistent with ERISA in that it invited Valenote to submit additional information and to continue a meaningful dialog regarding her claim. Valenote was on notice of what additional information could be submitted to prove her claim. She chose not to submit such information and now attempts to make an end run around the streamlined administrative process underlying ERISA by asking this Court to consider that evidence in the first instance.

C.    **Evidence Beyond the Administrative Record Is Impermissible in ERISA Matters Reviewed Under the Abuse of Discretion Standard.**

The Ninth Circuit has expressly recognized that where the court reviews an ERISA benefits decision under the deferential abuse of discretion standard, additional evidence outside the administrative record <u>should not</u> be considered. *E.g., Abatie*, 458 F.3d at 970; *McKenzie v. General Tel. Co. of Cal.*, 41 F.3d 1310, 1316 (9th Cir. 1994) (holding that the district court erred in considering "new evidence" that was not presented to the plan trustees or administrator in reviewing the benefits decision under the abuse of discretion standard); *Taft v. Equitable Life Assur. Soc.*, 9 F.3d 1469, 1471 (9th Cir. 1993) (holding it inappropriate for district court to examine evidence at trial that was not part of administrative record and reversing district court's summary judgment in favor of participant); *Thomas v. Oregon Fruit Prods. Co.*, 288 F.3d at 997 (9th Cir. 2000) (district court correctly determined that additional evidence could not be considered under the abuse of discretion standard). As the Ninth Circuit warned:

> Permitting a district court to examine evidence outside the administrative record would open the door to the anomalous conclusion that a plan administrator abused its discretion by failing to consider evidence not before it. Moreover, such expanded review would impede an important purpose of the federal statute under which district courts have jurisdiction to review these administrative decisions:
>
> A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal.

*Taft*, 9 F.3d at 1472 (quoting *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 1992)). The Ninth Circuit continued:

> Nothing in the legislative history suggests that Congress intended that federal district courts would function as substitute plan administrators, a role they would inevitably

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

> assume if they received and considered evidence not presented to administrators concerning an employee's entitlement to benefits. Such a procedure would frustrate the goal of prompt resolution of claims by the fiduciary under the ERISA scheme.

*Taft*, 9 F.3d at 1472 (internal quotation omitted). As the Court must review this ERISA case employing the abuse of discretion standard, this Court must not permit plaintiff to introduce any new evidence outside of the administrative record existing at the time of MetLife's decision. This Court should not function as a substitute claim administrator. *Id.*

Valenote asserts, based solely on the fact that her claim was denied, that MetLife's investigation was inadequate and that there were "procedural irregularities." This assertion is premised upon her allegation that MetLife did not consider certain medial records (or that its consultants did not identify all records considered in their reports) and that MetLife raised a "new reason" for its decision in its final denial. These contentions are flatly contradicted by evidence in the administrative record. Review of the administrative record confirms that MetLife reviewed Valenote's medical records and relevant documents in its possession, corresponded with her employer and obtained statements from her attending physicians. Although a claim administrator may have a duty to review additional information necessary to evaluate a claim, such an obligation exists only where the administrator believes that more information is necessary to make a reasoned decision. *Botoon v. Lockheed Med. Benefits Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997). Independent consulting physicians Greenhood and Gordan determined that was not the case. MetLife reasonably relied on their opinions in making its benefits determination.

**D.     Even if This Case Were Subject to *De Novo* Review, the Additional Documents and Declarations Submitted Should Not Be Considered.**

As explained herein and in MetLife's Cross-Motion for Summary Judgment, because the Plan expressly grants discretionary authority to MetLife, this ERISA matter is subject to review under the abuse of discretion standard; therefore, evidence outside of the administrative record must not be considered. *McKenzie*, 41 F.3d at 1316. In an attempt to circumvent that deferential standard and ignore the Ninth Circuit's recent *Abatie* decision, Valenote attempts to taint MetLife in the eyes of this Court by asserting that a "conflict of interest" exists and that, as such, this matter should be reviewed *de novo*. *See* Plaintiff's Motion for Summary Judgment at 5-7. MetLife addresses Valenote's assertion that a conflict of interest actually affected the decision to deny her claim in its

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

Opposition and Cross-Motion for Summary Judgment.  For the sake of judicial economy, that briefing is incorporated herein by reference.  Even if this case were subject to review under the *de novo* standard, however, plaintiff's proffered evidence outside of the administrative record still should not be permitted.

> When faced with a motion to consider evidence beyond the administrative record:

> the district court should address why the evidence proffered was not submitted to the plan administrator. If the administrative procedures do not allow for or permit the introduction of the evidence, then its admission may be warranted.  In contrast, if the evidence is cumulative of what was presented to the plan administrator, or is simply better evidence than the claimant mustered for the claim review, then its admission is not necessary.

*Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1026-27 (4th Cir. 1993).

The Ninth Circuit has held that evidence outside the administrative record is flatly inadmissible even if the case is reviewed *de novo.  Bendixen,* 185 F.2d at 944; *see also Abatie*, 458 F.3d at 968-70; *Frost v. Metropolitan Life Ins. Co.*, __ F. Supp. 2d __, 2007 WL 135625 (C.D. Cal., Jan. 10, 2007).

> The district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise.

*Abatie*, 458 F.3d at 970.

In *Zervos v. Verizon N.Y., Inc.*, 277 F.3d 635 (2d Cir. 2002), the court rejected a beneficiary's claim that affidavits and reports not submitted to the administrator should be considered by the court on summary judgment under a *de novo* standard of review.  *Id.*  In rejecting the affidavits and reports, the court noted that plaintiff failed to present any good reason why the reports could not have been submitted before the insurer rendered its decision on administrative appeal.  The same is true here.  MetLife's August 29 and November 28 letters to Valenote specifically set forth the reasons why her claim had been denied and advised that any new, additional information should be submitted to MetLife.  Nothing precluded plaintiff from submitting the records at that time and as a part of the administrative process.  It was her burden to establish disability and entitlement to benefits.  *Wilson,* 2006 U.S. Dist. LEXIS 90044 at *21.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

A finding that an ERISA benefits decision is subject to a *de novo* standard of review does not mean that additional evidence outside the administrative record will automatically be considered. District courts retain "discretion" in determining whether to expand the record and allow additional evidence. Evidence that was not before the claim administrator should be considered "<u>only</u> when circumstances clearly establish that additional evidence is <u>necessary</u> to conduct an adequate *de novo* review." *Mongeluzo v. Baxter Travenol Long-Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995) (emphasis added); *Ingram*, 244 F.3d at 1115; *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1090 (9th Cir. 1999). District courts rarely use this discretion; "in most cases" only the evidence that was before the administrator at the time of the determination should be considered. *Mongeluzo*, 46 F.3d at 944; *Kearney*, 175 F.3d at 1091. Indeed, the *Kearney* court recognized that additional evidence was allowed in *Mongeluzo* because of "circumstances peculiar to that case." 175 F.3d at 1091. In *Mongeluzo*, the Ninth Circuit warned against supplementing the administrative record with after-the-fact evidence:

> We emphasize that a district court should not take additional evidence merely because someone at a later time comes up with new evidence that was not presented to the plan administrator….

*Mongeluzo*, 46 F.3d at 944.

Consideration of evidence generated after June 2004 and evidence not submitted prior to MetLife's final decision would result in a claim administrator's review process being perpetual. "That is, a plan administrator would be forced to consider medical documentation of a claimant's purported disability *ad infinitum*, even after, and in spite of, the fact that the claimant's initial adverse benefits determination had been upheld on appeal." *Provencio v. SBC Disability Income Plan*, 2006 U.S. Dist. LEXIS 94845, *33 (W.D. Tex., Dec, 5, 2006). In *Provencio*, the court noted that

> Provencio was well aware of the Plan's requirement that he submit all of his additional medical information at the time he filed his appeal. Nevertheless, Provencio failed to present any new medical evidence at that time. Rather than dismiss the appeal outright, Defendant graciously granted Provencio an extension of time in order to file medical records to support his appeal. But even when Provencio had this second chance to make his case on appeal, he submitted only limited set of additional medical records (all of which the Quality Review Unit considered). Thus, it is clear that Provencio had not one, but two opportunities to present additional medical evidence in such a way that would have allowed the administrator a fair opportunity to review that information on appeal. Indeed, he had even more of an opportunity to do so at the

301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**LANE POWELL** LLC

administrative level than the express terms of the Plan allowed. To permit Provencio
yet a third opportunity to submit medical information-well after the conclusion of his
appeal-would be to sanction an abuse of the administrative process, and would thwart
the legitimate statutory purpose of allowing the claims administrator to decide the
matter under fair and reasonable circumstances.

Because Provencio did not present the additional medical information in such a
manner that would have allowed the administrator a fair opportunity to consider it, the
Court cannot maintain that Defendant abused its discretion in refusing to consider the
four letters that Provencio submitted after the conclusion of his administrative appeal.

*Id.*

The same result should follow here. MetLife's letters to Valenote invited her to submit additional evidence to support her claim. The documents Valenote now attempts to present consist entirely of just such additional evidence (new evidence not in existence as of 2004 and older evidence that she did not produce to MetLife) and the Court should not "open the door to the anomalous conclusion that a plan administrator abused its discretion by failing to consider evidence not before it." *See Taft*, 9 F.3d at 1472. The evidence which plaintiff seeks to introduce—medical records and self-serving declaration testimony generated years after MetLife rendered its decision and medical records she could have submitted during the administrative process—is not necessary to review the benefits decision under any standard of review. Significantly, medical records and reports generated after July 2004 cannot address her condition at the time her claim was denied in 2003. Simply put, information regarding Valenote's restrictions and limitations generated months, or years, after her claim was administered is not probative of her condition at the relevant time. Most importantly, there is no excuse why such evidence was not submitted during the administrative review process as contemplated by ERISA. *Abatie*, 458 F.3d at 970; *Quesinberry*, 987 F.2d at 1026-27.

Even if this Court were to consider the additional evidence submitted by Valenote, MetLife's decision should still be affirmed. The majority of the documents do not address Valenote's medical condition at the time she was required to present evidence of total disability. None of the documentation overwhelmingly supports the conclusion that she lacked the ability to perform the functions of her job. This is especially true in light of her unremarkable examination findings and Dr. Beard's statements that Valenote was released to work and, in fact, was working in 2003.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

## IV.  CONCLUSION

Despite her attempts to taint MetLife's decision making process, Valenote presents no "extraordinary circumstances" warranting the opening of the administrative record.  As such, the declarations and medical records generated subsequent to the final denial of her claim and those then-existing and never submitted to MetLife should not be considered under any standard of review.  The decision to close Valenote's claim should be reviewed on the administrative record.

DATED this 2nd day of March, 2007.

LANE POWELL LLC
Attorneys for Defendants


By   s/ Brewster H. Jamieson
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Tel:     907-277-9511
Fax:     907-276-2631
Email:  jamiesonb@lanepowell.com
ASBA No. 8411122

I certify that on March 2, 2007, a copy of the foregoing
was served by mail on:

Timothy W. Seaver, Esq., tseaver@seaverwagner.com
George T. Freeman, Esq., gtf@gci.com

  s/ Brewster H. Jamieson
105460.0011/159110.1

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631