Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Email: jamiesonb@lanepowell.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DANIELA VALENOTE,<br><br>        Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and RIM ARCHITECTS (ALASKA), INC.,<br><br>        Defendants. | Case No. 3:05-cv-00196-TMB<br><br>**DEFENDANTS' REPLY IN SUPPORT EVIDENCE BEYOND THE ADMINISTRATIVE RECORD** |

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

    Defendants Metropolitan Life Insurance Company ("MetLife") and RIM Architects, Inc., by and through counsel, hereby responds to Plaintiff Daniela Valenote's Opposition to Motion to Strike (Docket Nos. 53 and 63).

### I. RELIEF REQUESTED

    Defendants) renew their request that this Court decline to consider evidence not submitted during the administrative process as it is not the function of this Court to act as a substitute claim administrator. Nor should plaintiff be excused from her burden of proving disability and entitlement to benefits within the administrative process.

### II. ARGUMENT ON REPLY

  A. **It Was Plaintiff's Burden to Establish Total Disability and Entitlement To Benefits Within the Administrative Process; MetLife Provided Ample Opportunity for Valenote To Prove Her Claim.**

    MetLife's denial and the subsequent decisions on appeal were based on review of the medical records, statements and other materials provided by Ms. Valenote, her employer and her

physicians, (including numerous objective diagnostic tests, all of which were negative (*see infra* n.1)), and after careful consultation with two independent qualified physicians. [*See generally* MetLife's opening brief, Docket 51 at pp. 4-9.] MetLife provided Valenote two additional opportunities to prove her claim during the appeal process, which Valenote failed to do. Under any standard of review, MetLife's decision should be upheld.

Valenote never submitted the evidence which she now faults MetLife for failing to consider. By letter of August 29, 2003, MetLife advised Valenote that her claim was being denied as her medical records and MetLife's investigation did not support her assertion that she was disabled from performing the duties of her own occupation throughout the elimination period. MR 0162B. Pursuant to ERISA, that letter also provided notice to Valenote of her right to seek administrative review if she disagreed with the adverse benefits decision. She was advised to:

> State the reason(s) you believe the claim was improperly denied, and submit any additional comments, documents, records, or other information relating to your claim that you deem appropriate for us to give your appeal proper consideration. Upon request, MetLife will provide you with a copy of the documents, records, or other information we gave that are relevant to your claim and identify any medical or vocational expert(s) whose advice was obtained in connection with your claim.

*Id*.

Thereafter, Valenote appealed and submitted additional medical evidence and correspondence asserting that she had not returned to work during the elimination period. After conducting an additional review, including all of the information she submitted with her appeal, MetLife affirmed the decision to deny her claim by letter of November 26, 2003. MR 248-50. In that decision, MetLife advised "the information received and reviewed by MetLife fails to establish that you are experiencing a level of continued impairment that prevents you from performing the duties of your own occupation as an Intern Architect. The objective medical evidence we have reviewed is incongruent with a long-term disability." MR 249. Although the Plan did not require MetLife to offer Valenote an additional administrative appeal, MetLife advised Valenote that it would perform an additional review. *Id*. Valenote again was told that if she wished MetLife to further consider her claim that she should:

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

> Submit any additional comments, documents, records, or other information relating to your claim that you deem appropriate for us to give your appeal proper consideration. Upon request, MetLife will provide you with a copy of the documents, records, or other information we have that are relevant to your claim and identify all medical or vocational expert(s) whose advice was obtained in connection with your claim.

*Id.*

Valenote sought an additional review by letter of May 4, 2004. MR 261. Valenote recounted her medical history and her disagreements with MetLife's decision. Again, she did not submit the medical records she now faults MetLife for not considering. Those materials were submitted, for the first time, to this Court.

### B. Evidence Not In Existence or Submitted at the Time of the Final Decision Must Not Be Considered.

Consideration of declarations never submitted as part of the administrative process and medical records not submitted to MetLife prior to its final decision (or not yet in existence at the time of the final decision) is improper[1] MetLife renews its request that this Court strike the following from consideration:

1. All medical records that were not submitted to MetLife prior to MetLife's final decision (identified as V0079-88; V0131-281; V514-20; V613-50; V654-896; V905-85; V999-1021);

2. All medical records that were generated after MetLife's final decision and never considered by MetLife (identified as V0281-512; V521-612; V897-904; V1538-1721);

---

[1] Without waiving this position, MetLife notes that ultimately Valenote's attempted expansion of the record, even if successful, will ultimately prove futile. The result of every *objective* diagnostic test, whether contained in the administrative record or in the voluminous supplemental materials she would have this court review, has been insufficient to explain, or has been inconsistent with, Ms. Valenote's subjective complaints of complete disability. For instance, there have been two negative (normal) brain MRIs, September 6, 2002 (V-0880) and May 10, 2006 (V-1508); two negative (normal) hip MRIs, December 11, 2002 (V-0875) and May 16, 2006 (V-1507); two negative (normal) thoracic MRIs, February 20, 2003 and March 28, 2006; two normal electro diagnostic studies (nerve conduction and electromyography), March 6, 2003 and May 11, 2006; and a normal total body bone scan (V-0873), February 14, 2003. Two cervical MRIs, January 15, 2003 (V-0874) and May 12, 2006 (V-1508) show minor changes at one level, and both indicate that there is no evidence that the nerve roots or spinal cord are compromised. Finally, three lumbar MRIs (December 12, 2002 (V-0877-88), February 17, 2004 (V-1581) and May 12, 2006 (V-1508)) have each indicated mild bulging at two levels, but all three note no nerve root or spinal cord compromise.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

3. Affidavit of Gregory R. Polston, M.D. (dated January 24, 2007) submitting medical records and correspondence from 2006);

4. Affidavit of Daniela C. Valenote (dated January 26, 2007); and

5. Affidavit of Virginia Valenote (dated January 23, 2007).

Documents that did not exist at the time MetLife considered Valenote's claim and provided her a full and fair review should not be considered by this Court. These documents are not and <u>could not</u> have been part of the administrative record in MetLife's possession at the time of MetLife's final decision. Nor can MetLife be criticized for not considering documents which did not yet exist. Dr. Polston, for example, did not even examine plaintiff during the relevant period, May 2003. Plaintiff's treating physician at the time, Dr. Beard, did not support her claim. Moreover, at the same time, Valenote also asks this Court to consider medical records that existed at the time her claim was considered but that were not submitted by her or her patient advocate. Under ERISA, it was her burden to submit evidence and proof of continuing disability.

### C. It Was Plaintiff's Burden To Present Evidence of Disability and Entitlement to Benefits.

Under ERISA, the "burden [is] on the claimant to demonstrate she is entitled to benefits under the plan, not on the administrator to demonstrate that the claimant is not disabled." *Brucks v. The Coca-Cola Co.*, 391 F. Supp. 2d 1193, 1205 n.12 (N.D. Ga. 2005) (citing *Horton v. Reliance Std. Life Ins. Co.*, 141 F.3d 1038, 1040 (11th Cir. 1998) ("A plaintiff suing under [Section 1132(a)(1)(B)] bears the burden of proving his entitlement to contractual benefits"); *Davis v. Unum Life Ins. Co. of Am.*, 444 F.3d 569, 577 (7th Cir. 2006). As the court recently recognized in *Wilson v. Metropolitan Life Ins. Co.*, 2006 U.S. Dist. LEXIS 90044, *21 (E.D. Pa., December 13, 2006):

> Under the Plan, the <u>claimant is responsible for demonstrating continued eligibility for benefits, which necessarily entails submitting supporting medical documentation</u>.[] It is the role of the claimant's physician to determine the appropriate diagnostic test given the particular symptoms presented. Then, <u>based on the medical documentation provided by the claimant</u>, the administrator will make an eligibility determination."

*Id.* (emphasis added).

Valenote attempts to impermissibly shift the burden of proof to MetLife to disprove her claim or to gather her medical evidence. This is improper and inconsistent with ERISA. Valenote

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

was required to provide medical evidence. *Id.* Plaintiff's reliance on *Sin v. Metropolitan Life Ins. Co.*, 2006 WL 3716750 (D. Or., December 13, 2006) is similarly misplaced. As demonstrated in MetLife's opening Motion to Strike and its Cross-Motion for Summary Judgment, it did not articulate a "new reason" for its decision on appeal. MetLife's August and November 2003 letters clearly articulated Valenote's failure to provide medical documentation as a basis for the decision. MR 0162C (no medical documentation to support your inability to work); MR 0249 (objective medical evidence presented is incongruent with long-term disability). The June 2004 decision is also consistent. MR 0321-23 (lack of medical information). Regardless, even if the rationale set forth in the decision on the first appeal differed from the original decision, MetLife offered Valenote a second, voluntary appeal. She was aware of the rationale and basis for the decision and it remained her burden to establish entitlement to benefits under the Plan. *Id.*

### D. Consideration of Evidence Beyond the Administrative Record Is Impermissible in ERISA Matters Reviewed Under the Abuse of Discretion Standard.

The Ninth Circuit has expressly recognized that where the court reviews an ERISA benefits decision under the deferential abuse of discretion standard, additional evidence outside the administrative record <u>should not</u> be considered. *E.g.*, *Abatie v. Alta Health & Life Ins.*, 458 F.3d 955, 970 (9th Cir. 2006); *McKenzie v. General Tel. Co. of Cal.*, 41 F.3d 1310, 1316 (9th Cir. 1994) (holding that the district court erred in considering "new evidence" that was not presented to the plan trustees or administrator in reviewing the benefits decision under the abuse of discretion standard); *Taft v. Equitable Life Assur. Soc.*, 9 F.3d 1469, 1471 (9th Cir. 1993) (holding it inappropriate for district court to examine evidence at trial that was not part of administrative record and reversing district court's summary judgment in favor of participant); *Thomas v. Oregon Fruit Prods. Co.*, 288 F.3d at 997 (9th Cir. 2000) (district court correctly determined that additional evidence could not be considered under the abuse of discretion standard). As the Ninth Circuit warned:

> Permitting a district court to examine evidence outside the administrative record would open the door to the anomalous conclusion that a plan administrator abused its discretion by failing to consider evidence not before it. Moreover, such expanded review would impede an important purpose of the

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

federal statute under which district courts have jurisdiction to review these administrative decisions:

> A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal.

*Taft*, 9 F.3d at 1472 (quoting *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 1992)). The Ninth Circuit continued:

> Nothing in the legislative history suggests that Congress intended that federal district courts would function as substitute plan administrators, a role they would inevitably assume if they received and considered evidence not presented to administrators concerning an employee's entitlement to benefits. Such a procedure would frustrate the goal of prompt resolution of claims by the fiduciary under the ERISA scheme.

*Taft*, 9 F.3d at 1472 (internal quotation omitted).

Here Valenote asserts that because MetLife did not consider or obtain certain medical records (or that its consultants did not identify all records considered in their reports) that the decision should be reviewed *de novo*. Valenote's contention is flatly contradicted by evidence in the administrative record. Review of the administrative record confirms that MetLife reviewed Valenote's medical records and relevant documents in its possession, corresponded with her employer and obtained statements from her attending physicians. It offered Valenote a second, voluntary administrative appeal and afforded her the opportunity to submit medical evidence on multiple occasions.

### E. Even if This Case Were Subject to *De Novo* Review, the Additional Documents and Declarations Submitted Should Not Be Considered.

Plaintiff's proffered evidence outside of the administrative record still should not be permitted even if this matter is reviewed *de novo*. When faced with a motion to consider evidence beyond the administrative record:

> [T]he district court should address why the evidence proffered was not submitted to the plan administrator. If the administrative procedures do not allow for or permit the introduction of the evidence, then its admission may be warranted. In contrast, if the evidence is cumulative of what was presented to

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

> the plan administrator, or is simply better evidence than the claimant mustered for the claim review, then its admission is not necessary.

*Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1026-27 (4th Cir. 1993).

The Ninth Circuit has held that evidence outside the administrative record is flatly inadmissible even if the case is reviewed *de novo*. *Bendixen,* 185 F.2d at 944; *see also Abatie*, 458 F.3d at 968-70; *Frost v. Metropolitan Life Ins. Co.*, __ F. Supp. 2d __, 2007 WL 135625 (C.D. Cal., January 10, 2007).

> The district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; <u>the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established</u>, by extrinsic evidence or otherwise.

*Abatie*, 458 F.3d at 970 (emphasis added). In other words, extrinsic evidence is only permitted to establish the existence of a conflict. The court should limit its decision on the merits, however, to the evidence the fiduciary had n its possession during the administrative process, i.e., the Administrative Record.

In *Zervos v. Verizon N.Y., Inc.*, 277 F.3d 635 (2d Cir. 2002), the court rejected a beneficiary's claim that affidavits and reports not submitted to the fiduciary during the administrative process should be considered by the court on summary judgment under a *de novo* standard of review. *Id.* In rejecting the affidavits and reports, the court noted that the plaintiff failed to present any good reason why the reports could not have been submitted before the fiduciary rendered its decision on administrative appeal. Valenote cannot dispute that the same is true in this case because MetLife's letters of August 29 and November 28, 2003, specifically set forth the reasons why her claim had been denied and advised her that any additional or new information should be submitted to MetLife. Nothing precluded plaintiff from submitting the records at that time and as a part of the administrative process. It was her burden to establish disability and entitlement to benefits. *Davis v. Unum Life Ins. Co. of Am.*, 444 F.3d 569, 577 (7th Cir. 2006); *Wilson,* 2006 U.S. Dist. LEXIS 90044 at *21.

*De novo* review does not mean that evidence outside the administrative record will automatically be considered. District courts retain "discretion" in determining whether to expand

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

the record and allow additional evidence. Evidence that was not before the claim fiduciary during the administrative process should be considered "<u>only</u> when circumstances clearly establish that additional evidence is <u>necessary</u> to conduct an adequate *de novo* review." *Mongeluzo v. Baxter Travenol Long-Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995) (emphasis added); *Ingram*, 244 F.3d at 1115; *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). District courts rarely use this discretion; "in most cases" only the evidence that was before the administrator at the time of the determination should be considered. *Mongeluzo*, 46 F.3d at 944; *Kearney*, 175 F.3d at 1091. Indeed, in *Kearney*, the court recognized that additional evidence was allowed in *Mongeluzo* because of "circumstances peculiar to that case." 175 F.3d at 1091. In *Mongeluzo*, the Ninth Circuit warned against supplementing the administrative record with after-the-fact evidence:

> We emphasize that a district court should not take additional evidence merely because someone at a later time comes up with new evidence that was not presented to the plan administrator….

*Mongeluzo*, 46 F.3d at 944.

Consideration of evidence generated after June 2004 and evidence not submitted prior to MetLife's final decision would result in a claim fiduciary's review process being perpetual. "That is, a plan administrator would be forced to consider medical documentation of a claimant's purported disability *ad infinitum*, even after, and in spite of, the fact that the claimant's initial adverse benefits determination had been upheld on appeal." *Provencio v. SBC Disability Income Plan*, 2006 U.S. Dist. LEXIS 94845, *33 (W.D. Tex., December 5, 2006). *May v. Metropolitan Life Ins. Co.,* 2004 WL 2011460 (N.D. Cal. 2004) is unavailing to plaintiff as well. Unlike the situation in *May* and despite plaintiff's repeated assertion to the contrary, no "new reason" was articulated in MetLife's decision on appeal. Even if one had been asserted, Valenote was offered a second, voluntary appeal and the consideration of additional evidence. Valenote now asks this Court to consider evidence, to the extent it even existed, that could have been submitted during the administrative process. Review at this juncture falls squarely within the Ninth Circuit's admonition—new evidence not in existence as of 2004 and older evidence that she did not produce to MetLife should not be considered. *Mongeluzo*, 46 F.3d at 944. This Court should not "open the

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

door to the anomalous conclusion that a plan administrator abused its discretion by failing to consider evidence not before it." *See Taft*, 9 F.3d at 1472.

The evidence which plaintiff seeks to introduce—medical records and self-serving declaration testimony generated years after MetLife rendered its decision and medical records she could have submitted during the administrative process—is not necessary to review the benefits decision under any standard of review. Plaintiff attempts to fault MetLife for asserting that Dr. Polston's 2007 Affidavit should be stricken for the additional reason that his opinion does not control on the ultimate issue of whether Valenote satisfies the definition of disability under the Plan. *See* Plaintiff's Reply and Opposition at 34. Plaintiff cannot dispute that the claim fiduciary (not the physician) makes the decision as to eligibility and entitlement to benefits. *See* MR 0002; 0017-18. Nor can plaintiff dispute that the Plan is not bound by a treating physician's determination. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829-30 (2003).

Finally, medical records and reports generated after July 2004 cannot address her condition at the time her claim was denied in 2003. Her physical condition during specific times in 2003 is the only relevant inquiry, and opinions and evidence addressing her condition years later is not probative. As to the then-existing evidence Valenote did not submit during the administrative process, there is no excuse why she did not present that evidence as contemplated by ERISA. *Abatie*, 458 F.3d at 970; *Quesinberry*, 987 F.2d at 1026-27. MetLife invited her to do so on at least two occasions and it should not now be considered in the first instance.

### III. CONCLUSION

Despite her best efforts to justify *de novo* review based on assertions of procedural irregularities and self-interest, Valenote cannot dispute that she was advised to present additional medical evidence to support her alleged disability and that she was offered an additional, voluntary review over and above what was required by ERISA or the plan. These are not "extraordinary circumstances" warranting the opening of the administrative record. As such, the declarations and medical records generated subsequent to the final denial of her claim and those then-existing and never submitted to MetLife should not be considered under any standard of review. The court's review should be limited only to the administrative record.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

DATED this 28th day of March, 2007.

LANE POWELL LLC
Attorneys for Defendants

By   s/ Brewster H. Jamieson
   Brewster H. Jamieson, ASBA No. 8411122
   301 West Northern Lights Boulevard, Suite 301
   Anchorage, Alaska  99503-2648
   Tel: 907-277-9511
   Fax: 907-276-2631
   Email:  jamiesonb@lanepowell.com

I certify that on March 28, 2007, a copy of the foregoing was served by mail on:

Timothy W. Seaver, Esq., tseaver@seaverwagner.com
George T. Freeman, Esq., gtf@gci.com

   s/ Brewster H. Jamieson
105460.0011/159319.1

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631