CO-COUNSEL FOR PLAINTIFF

Timothy W. Seaver
Seaver & Wagner, LLC
421 West First Ave., Suite 250
Anchorage, Alaska 99501
Tel. 907-646-9033
Fax. 907-276-8238
Email: tseaver@seaverwagner.com

George T. Freeman
Attorney at Law
1152 P Street
Anchorage, Alaska 99501
Tel. 907-274-8497
Fax 907-274-8497 (call first)
Email: gtf@gci.net

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| DANIELA VALENOTE,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and RIM ARCHITECTS (ALASKA), INC.,<br><br>Defendants. | Case No. 3:05-cv-00196 (TMB) |

**MOTION TO AMEND JUDGMENT IN A CIVIL CASE AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION**

Plaintiff Daniela Valenote, through her attorneys, hereby moves the Court to amend the Order (Dkt 76) and Final Judgment (Dkt 77) entered in this matter on March 26, 2008, and March 28, 2008, respectively. This motion is brought pursuant to Fed. R. Civ. P. 59(e) and Local Rule 58.1. Ms. Valenote requests that the Court amend its final judgment to include an award of principal, pre- and post-

judgment interest.  Plaintiff is separately filing a motion for attorneys' fees and costs under ERISA and a bill of costs.[1]

## ARGUMENT

In its Order, the Court determined that Ms. Valenote is "entitled to payment under the [disability benefit] plan from May 2003 through May 2005."[2]  No doubt because the parties briefing did not address the actual monetary value of such a payment, the Court did not seek to place a monetary value on Ms. Valenote's award nor did it enter a final judgment pursuant to Local Rule 58.1 governing judgments for money.  As a result, however, Ms. Valenote has been denied, among other things, the opportunity to receive an award of interest as provided under the law.  In order to remedy this result, Ms. Valenote respectfully requests that the Court amend its Final Judgment consistent with Local rule 58.1.

As stated above, the Court determined that Ms. Valenote was entitled to 24 months of benefits under the plan.  According to the Long Term Disability Insurance Policy (the "Policy"), Ms. Valenote was entitled to a monthly benefit of sixty percent of her predisability salary.  (See MR0012).  According to the record, Ms. Valenote's pre-disability monthly salary was $4,250. (See MR0103).  This

---

[1] Plaintiff also notes that the Court's Order awards her benefits from May 2003 through May 2005.  However, that language is inconsistent with the substance of the Court's ruling. Consequently, Plaintiff's Proposed Final Judgment awards Ms. Valenote benefits for the 24 months period between May 2003 through April 2005.

[2] Order at 21.

Plaintiff's Motion to Amend Judgment
and Memorandum in Support Thereof
*Valenote v. MetLife*  Case No. 3:05-CV-O0196 CV (TMB)
Page 2 of 5

amounts to a monthly disability payment of $2,550. In addition, the policy provides that payment will increase by seven percent on the thirteenth month of payments and on each subsequent anniversary. (See MR0020). Consequently, the first 12 months of payment would equal $30,600 ($2,550 x 12), and the second 12 months of payment would equal $32,736 ($2,728 x 12), totaling $63,336.

Further, it is well-settled that a prevailing Plaintiff in an ERISA action is presumptively entitled to pre-judgment interest on her award. As one Court has stated:

> The award of prejudgment interest for a federal law violation is governed by federal common law. Gorenstein Enters., Inc. v. Quality Care-USA, Inc., 874 F.2d 431 (7th Cir.1989). The Supreme Court has held that "[p]rejudgment interest is an element of complete compensation." West Virginia v. United States, 479 U.S. 305, 310-11, 107 S.Ct. 702, 706-07, 93 L.Ed.2d 639 (1987); see also General Motors Corp. v. Devex Corp., 461 U.S. 648, 655-56, 103 S.Ct. 2058, 2062-63, 76 L.Ed.2d 211 (1983). The growing recognition of the time value of money has led this court to rule that "prejudgment interest should be *presumptively* available to victims of federal law violations. Without it, compensation of the plaintiff is incomplete and the defendant has an incentive to delay." Gorenstein, 874 F.2d at 436 (emphasis added). This presumption in favor of prejudgment interest awards is specifically applicable to ERISA cases. Lorenzen v. Employees Retirement Plan of Sperry & Hutchinson Co., 896 F.2d 228 (7th Cir.1990).[3]

In the present case, in which MetLife acted arbitrarily and capriciously in denying Ms. Valenote the use of her benefits for as much as five years, there is certainly no basis for overcoming the presumption in favor of an award of interest.

---

[3] Rivera v. Benefit Trust Life Ins. Co., 921 F.2d 692, 696 (7th Cir. 1991).

Plaintiff's Motion to Amend Judgment
and Memorandum in Support Thereof
*Valenote v. MetLife*  Case No. 3:05-CV-O0196 CV (TMB)
Page 3 of 5

The Ninth Circuit has determined that:

> an award of prejudgment interest is intended to be purely compensatory. In determining what such a compensatory rate might be, we have said that the proper measure is the interest earned during the relevant time period on "short-term, risk-free obligations." We have also determined that generally this rate will be equivalent to the rate imposed by statute on post-judgment interest in 28 U.S.C. § 1961--a rate measured by reference to 52-week U.S. Treasury bill rates.[4]

In order to fairly compensate Ms. Valenote for the five years that she was wrongfully denied her disability benefits, the Court should apply the average treasury bill rate from May 2003 to the date of judgment to each payment she should have received. This rate is 3.31%. In addition, consistent with 28 U.S.C. § 1961, the interest should be calculated daily and compounded annually. A spreadsheet that accompanies this motion as Exhibit A provides this calculation.

It is also well-settled that Ms. Valenote is entitled to an award of post-judgment interest as well as required by 28 U.S.C. § 1961. As indicated in the plain language of this statute, such an award is non-discretionary in instances in which a Plaintiff obtains a money judgment in a civil case.

Attached to this Motion is a Proposed Final Judgment that provides for principal, pre- and post-judgment interest as well as blank spaces for an award of attorneys' fees and costs as allowed under ERISA.

---

[4] MHC, Inc. v. Oregon Dept. of Revenue, 66 F.3d 1082 (9th Cir. 1995).

Plaintiff's Motion to Amend Judgment
and Memorandum in Support Thereof
*Valenote v. MetLife*  Case No. 3:05-CV-O0196 CV (TMB)
Page 4 of 5

## CONCLUSION

For all of the foregoing reasons, Ms. Valenote respectfully requests that the Court amend its order and final judgment to provide Ms. Valenote with a monetary award of $63,336 in unpaid benefits plus pre-judgment interest in the amount of $8,700.85 (for a total of $72,036.85), and post-judgment interest at the rate of 1.6%. The motion for attorneys' fees and costs under ERISA and the bill of costs will be filed separately from this motion.

DATED this 7th day of April 2008.

By: s/ Timothy Seaver
Timothy W. Seaver
Seaver & Wagner, LLC
421 West First Ave., Suite 250
Anchorage, Alaska 99501
Tel. 907-646-9033
Fax. 907-276-8238
Email: tseaver@seaverwagner.com

By: s/ George T. Freeman
George T. Freeman
Attorney at Law
1152 P Street
Anchorage, Alaska 99501
Tel. 907-274-8497
Fax 907-274-8497 (call first)
Email: gtf@gci.net

CERTIFICATE OF SERVICE

I certify that on April 7th, 2008
the foregoing document was served
electronically on:

Brewster H. Jamieson
Lane Powell LLC
301 West Northern Lights Blvd, Suite 301
Anchorage, Alaska 99503
Tel: 907-277-9511
Fax: 907-276-2631
Email: jamiesonb@lanepowell.com

s/ Timothy Seaver
Timothy Seaver

Plaintiff's Motion to Amend Judgment
and Memorandum in Support Thereof
*Valenote v. MetLife*  Case No. 3:05-CV-O0196 CV (TMB)
Page 5 of 5