CO-COUNSEL FOR PLAINTIFF

Timothy W. Seaver  
Seaver & Wagner, LLC  
421 West First Ave., Suite 250  
Anchorage, Alaska 99501  
Tel. 907-646-9033  
Fax. 907-276-8238  
Email: tseaver@seaverwagner.com

George T. Freeman  
Attorney at Law  
1152 P Street  
Anchorage, Alaska 99501  
Tel. 907-274-8497  
Fax 907-274-8497 (call first)  
Email: gtf@gci.net

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| DANIELA VALENOTE,<br><br>      Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and RIM ARCHITECTS (ALASKA), INC.,<br><br>      Defendants. | Case No. 3:05-cv-00196 (TMB) |

**PLAINTIFF'S MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS
AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff, through counsel, moves for an award of attorneys' fees and costs in this ERISA action. Plaintiff makes this motion pursuant to the ERISA attorney's fee and costs provision in 29 U.S.C. Section 1132(g)(1), Local Rule 54.3, FRCP 54(d)(1) and (d)(2), Federal District Court Order dated March 26, 2008 (Docket 76) and Federal District Court Judgment in a Civil Case dated March 28, 2008 (Docket 77). Plaintiff

also separately filed a Bill of Costs. The Bill of Costs is incorporated by reference as if fully set forth herein.

Plaintiff is entitled to an award of attorneys' fees and costs under ERISA Section 1132 (g)(1) because she prevailed in this litigation. Plaintiff is the prevailing party because the Court ruled that MetLife, an ERISA fiduciary, abused its discretion in denying Plaintiff long term disability benefits. Order dated 3/26/08 at 21. The Court further determined that Plaintiff is entitled to two years of disability benefits and that her eligibility for further benefits is subject to further administrative proceedings.[1] Prior to the Court's ruling, MetLife had refused to provide Plaintiff with any benefits under the plan and foreclosed Plaintiff from obtaining any future benefits through the administrative process. Consequently, Plaintiff was left with two options: either accept the complete denial of benefits to which she was entitled or bring this action.

Seaver & Wagner requests an award of attorney's fees in the amount of $57,950. This attorney's fee amount is based on 231.80 hours expended by Timothy W. Seaver at the rate of $250 per hour. See Affidavit of Timothy W. Seaver and attached time record.

George T. Freeman, Esq. requests an award of attorney's fees of $79,050.00. This is based on 316.2 hours expended by George T. Freeman, Esq. at the hourly rate of $250 per hour. See Affidavit of George T. Freeman, Esq. and attached time record.

---

[1] Id. Plaintiff is also separately filing a motion to alter or amend the judgment pursuant to FRCP 59(e) requesting that the judgment sets forth a specific monetary amount for two years of long term disability benefits, a monetary amount for prejudgment interest, and that the judgment bear post-judgment interest.

Seaver & Wagner requests an award of costs of $573.69.  See Bill of Costs. George T. Freeman, Esq. requests an award of costs of $1,789.65.  See Bill of Costs.

Plaintiffs' lawyers took this ERISA case on a contingent fee basis.  The requested hourly rate of $250 per hour is based on the comparable hourly rates charged by attorneys with similar experience in Anchorage, Alaska for litigation matters.  Plaintiff's lawyers are not seeking a contingent fee enhancement.  Instead, the requested $250 hourly rate is based on the comparable hourly rate for litigation by experienced litigators in the Anchorage community.  This market hourly rate is supported by the affidavits of Plaintiff's attorneys and the affidavits of 4 attorneys who specialize in litigation in the Anchorage community.  See Affidavit of R. Collin Middleton; Affidavit of Jonathan A. Katcher; Affidavit of Wm. Grant Callow; Affidavit of Richard E. Vollertson. (Plaintiff will supply additional affidavits from Anchorage attorneys upon request by the Court.)

As a general rule, ERISA plaintiffs are entitled to reasonable attorneys' fees "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Hensley v. Eckerhart, 461 U.S. 434, 433; 103 S.Ct. 1933, 1939 (1983), quoted in Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984). "Ordinarily, if a plan participant or beneficiary prevails in an action to enforce his rights under the plan, recovery of attorney's fees is appropriate, absent special circumstances making an award unjust." Canseco v. Construction Laborers Pension Trust, 93 F.3d 600, 609 (9th Cir. 1996).  Moreover, where "the fact that the plaintiff prevailed is evident from the order of the district court, it is unnecessary for the

court to engage in a discussion of the factors enumerated in Hummel v. S.E. Rykoff & Company, 643 F.2d 446 (9th Cir. 1980)." Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1164 (9th Cir. 2001). See also Volynskaya v. Epicentric, Inc., 2008 WL 495708 (N.D.Cal) (awarding attorney's fees and costs where court ordered awarded benefits for two year period and remanded for determination of eligibility for benefits after two year period).

In an ERISA case, the Court establishes an attorney's fee lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate. See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 945 (9th Cir. 2007). The Ninth Circuit has repeatedly determined that it is inappropriate to apply a downward multiplier to a lodestar amount based on a contingency agreement. See Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1048 (9th Cir. 2000) and cases cited therein. Instead, the Court must determine a reasonable hourly rate "considering the experience, skill, and reputation of the attorney requesting the fees." Welch, 480 F.3d at 946, quoting Chalmers v. City of Los Angeles, 796 F.2d 1025, 1210-11 (9th Cir. 1986). The reasonable hourly rate "should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." Welch, 480 F.3d at 946, quoting Davis v. City and County of San Francisco, 976 F.2d 1536, 1545 (9th Cir. 1992); see also Carson v. Billings Police Dept., 470 F.3d 889, 892 (9th Cir. 2006) (holding that

market rate – not the individual contract between applicant attorney and the client – "provides the lodestar calculations.").

The affidavits submitted by Plaintiff's attorneys and by the 4 experienced Anchorage attorneys establish that an hourly rate of $250 for litigation is a reasonable hourly rate for Plaintiff's attorneys. Mr. Seaver has 15 years experience and Mr. Freeman has 30 years experience. The requested $250 hourly rate as the market rate is supported by the hourly rate charged by experienced litigators in the Anchorage community shown in the attached affidavits.

The amount of time expended is also reasonable. The affidavits of Plaintiff's attorneys show that, to the extent possible, the lawyers divided their efforts in document organization, legal research and the preparation of the motion practice. The case involved fact intensive issues that required reorganization of MetLife's documents, and the organization and submission of extensive medical records, including approximately one thousand pages of medical records that MetLife failed to obtain. The Court relied on the reorganized record and the additional medical records. The Court order mentions that "Plaintiff's motion contains an extensive, detailed listing of the medical records that MetLife possessed when it considered her claim" and the "records that are missing from the administrative record." Order at p. 13 (Docket 76). The Court found this detailed effort significant in its decision in favor of Plaintiff. In order to provide these records in a coherent fashion to the Court Plaintiff's counsel was required to expend substantial time and effort.

In addition, the Court found in favor Plaintiff on legal and factual issues that required considerable research and detailed case law precedent and factual references to the extensive record in this case. For example, based on the Plaintiff's submissions the Court concluded that MetLife failed to contact all physicians, failed to obtain relevant records, failed to adequately investigate Plaintiff's request for benefits, failed to request further information from the physicians, cherry picked the administrative record, failed to credit Plaintiff's reliable evidence, failed to disclose or provide the report of MetLife's medical consultant, withheld records from MetLife's medical consultants, provided inconsistent reasons for the denial of benefits, made repeated improper requests for objective evidence of chronic pain, and repeatedly misstated that Plaintiff had worked when she had not worked. This last failure is particularly relevant because by continuing to insist that the Plaintiff had worked when she had not, MetLife forced the Plaintiff to expend substantial time proving something that MetLife knew to be false. Indeed, it was only at the oral argument in this matter when the Court vigorously questioned MetLife on this issue that MetLife finally abandoned this claim that the Plaintiff had continued to work during the "elimination period."

In addition to having expend substantial effort disproving what MetLife knew to be false, Plaintiff was required to engage in substantial effort to establish the surfeit of additional improprieties engaged in by MetLife in this matter. Moreover, the same conduct that led the Court to determine that MetLife's repeated denials "represented a

moving target" also substantially contributed to the effort necessary to refute MetLife's denials.

In sum, the requested attorneys' fees should be awarded without reduction under 29 U.S.C Section 1132(g)(1). The $250 hourly rate is reasonable for litigation services for attorneys of Plaintiff attorneys' experience and background in Anchorage, Alaska. The amount of time expended is reasonable given the numerous irregularities in MetLife's review of the Plaintiff's request for benefits, the required document and record preparation, and the numerous legal and factual issues raised by MetLife's misconduct.

Moreover, ERISA Section 1132(g)(1) supports awarding Plaintiff the requested costs.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully request that the Court grant this motion and award Plaintiff her requested attorneys' fees and costs

DATED this 10th day of April 2008.

| By: s/ Timothy Seaver | By: s/ George T. Freeman |
|---|---|
| Timothy W. Seaver | George T. Freeman |
| Seaver & Wagner, LLC | Attorney at Law |
| 421 West First Ave., Suite 250 | 1152 P Street |
| Anchorage, Alaska 99501 | Anchorage, Alaska 99501 |
| Tel. 907-646-9033 | Tel. 907-274-8497 |
| Fax. 907-276-8238 | Fax 907-274-8497 (call first) |
| Email: tseaver@seaverwagner.com | Email: gtf@gci.net |

CERTIFICATE OF SERVICE

I certify that on April 10, 2008
the foregoing document was served
electronically on:

Brewster H. Jamieson
Lane Powell LLC
301 West Northern Lights Blvd, Suite 301
Anchorage, Alaska 99503
Tel:  907-277-9511
Fax: 907-276-2631
Email: jamiesonb@lanepowell.com


s/ Timothy Seaver