CO-COUNSEL FOR PLAINTIFF

Timothy W. Seaver
Seaver & Wagner, LLC
421 West First Ave., Suite 250
Anchorage, Alaska 99501
Tel. 907-646-9033
Fax. 907-276-8238
Email: tseaver@seaverwagner.com

George T. Freeman
Attorney at Law
1152 P Street
Anchorage, Alaska 99501
Tel. 907-274-8497
Fax 907-274-8497 (call first)
Email: gtf@gci.net

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| DANIELA VALENOTE,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and RIM ARCHITECTS (ALASKA), INC.,<br><br>Defendants. | <br><br><br><br><br><br><br><br><br><br>Case No. 3:05-cv-00196 (TMB) |

**AFFIDAVIT OF GEORGE T. FREEMAN IN SUPPORT
OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

STATE OF ALASKA            )
THIRD JUDICIAL DISTRICT    ) ss.

George T. Freeman, being first duly sworn, deposes and states as follows:

1.    I am co-counsel for Daniela Valenote in this action.

2.    Ms. Valenote is physically disabled and unable to work. Ms. Valenote could not afford to pay for an attorney in this cause on an hourly basis. Mr. Seaver and I decided to take Ms. Valenote's case on a contingency basis. We decided to take the case

based in part on the attorney's fee provision in ERISA at 29 U.S.C. Section 1132(g)(1).

3. I am attaching my billing records for this action to date and a summary of my costs. The billing records show 316.2 hours expended for legal services actually and necessarily performed. I am requesting an attorney's fee award of $79,050.00 at the rate of $250 per hour. Mr. Seaver's request for an attorney's fee award is a separate amount set forth in his affidavit.

4. I incurred costs at my solo practice firm of $1,789.65 in this cause. The costs incurred have necessarily incurred in this cause.

5. I received my undergraduate degree from Willamette University in 1973 and my law degree from Hastings College of the Law in 1977. I have been a member of the Alaska Bar Association since 1978.

6. The great majority of my 30 year legal career has been devoted to litigation of civil claims. Representative published cases where I have participated in the trial preparation and the trial may be found at Phillips v. Alaska Hotel and Restaurant Employees Pension Fund, 944 F.2d 509, (9th Cir. 1991) (defense of class action); Era Aviation v. Lindfors, 14 P.3d 40 (Alaska 2000) (gender discrimination); Anchorage Chrysler Center, Inc. v. DiamlerChrysler, 129 P.3d 905 (Alaska 2006) (breach of contract). I also participated in the six month trial in Sitnasuak v. Bank of the North, 3AN-80-6815 CI in the Anchorage trial court that resulted in a $12 million dollar judgment for breach of fiduciary duty.

7. I have participated in several cased that required the organization of

Affidavit of George T. Freeman in Support
of Plaintiff's Motion for Award of Attorneys' Fees and Costs
Valenote v. MetLife, Case No. 3:05-CV-00196 CV (TMB)
Page 2 of 6

numerous documents and presentation of the documents in motion practice or in trial. I am often asked to participate in litigation to employ my skills at document organization and document presentation in motion practice and trial.

9.  This case involved several challenges in the documents. MetLife disclosed their documents in no apparent order. It appeared to me that the documents were produced in the disjointed order they were kept in MetLife's files. As a result, it took an extensive effort to organize the MetLife's documents into a comprehensible chronological sequence. I devoted many hours to this effort. My effort eventually produced what was utilized as the MetLife Record or the "MR" record.

10. It was also apparent from the initial research that there were many gaps in the medical records in MetLife's files. We requested that Ms. Valenote compile her medical records for us. I then organized the medical records into a logical sequence based on provider. The medical records as well as other relevant documents were then given a V-00001 et seq. number. These medical records and the other disclosed documents were very extensive and required many hours of effort to organize for disclosure and for submission in the motion practice. I would also note that the Court utilized the V-00001 et seq. numbered documents in several instances in its order granting summary judgment to Ms. Valenote.

11. Mr. Seaver and I divided our efforts on the document organization, research and the writing and editing of the motion practice. As the legal research evolved, it was apparent that the motion for summary judgment would require a detailed summary of the

Affidavit of George T. Freeman in Support
of Plaintiff's Motion for Award of Attorneys' Fees and Costs
*Valenote v. MetLife,* Case No. 3:05-CV-00196 CV (TMB)
Page 3 of 6

documents and the medical records, with detailed citations to the record to assist the Court. I devoted a large portion of my work on the motions to providing a detailed summary of the documents to show what happened, and what MetLife either ignored, did or failed to do at various points in time.

12. As the legal and factual issues crystallized, I worked to provide detailed documentary and record citations in the briefing and in the editing of the briefing. These issues included cherry-picking of evidence, failure to ask for information, ignoring of information, failure to provide documents to consultants, failing to credit reliable evidence, the multiple re-assertion of the discredited 90 day elimination period issue, repeated inaccurate assertions that Ms. Valenote had worked when she had repeatedly shown that she had not worked, inaccurate assertions that Ms. Valenote had been released to work when the medical documentation did not support this conclusion, inconsistent reasons for the denial, and the incorrect requests for objective evidence of the chronic pain condition. I would note that the Court favorably mentioned this "extensive, detailed listing" in its Order dated March 26, 2008 at Docket 76 at page 13.

13. The opposition and reply to MetLife's memoranda required a great deal of work to clarify the record. MetLife also provided its internal diary for the first time in that submission. The diary contained several admissions that required detailed references in our opposition and reply.

14. MetLife's briefing contained many inaccuracies that required detailed refutation from the record. One example is MetLife's repeated reliance on the discredited

Affidavit of George T. Freeman in Support
of Plaintiff's Motion for Award of Attorneys' Fees and Costs
*Valenote v. MetLife*, Case No. 3:05-CV-00196 CV (TMB)
Page 4 of 6

90 elimination period in its briefing. The Court stressed in its March 26, 2008 Order at Docket 76 page 16 that "MetLife has inexplicably clung to this argument throughout its briefing, despite exhibits to the contrary." Discrediting this argument once again in the reply and opposition is just one example of the extensive effort required in marshalling the evidence and the documents.

15. I assisted in preparing Mr. Seaver for the oral argument and I prepared a time-line of events for the assistance of the Court. The time-line summarized a great deal of information into a usable outline of the events.

16. I have conferred with several attorneys specializing in litigation in Anchorage. $250 per hour is a reasonable market hourly rate for paying clients on litigation matters in Anchorage, Alaska. We have provided the affidavits of 4 experienced litigators that support the hourly rate of $250 per hour as a reasonable hourly rate for litigation in Anchorage, Alaska.

17. My billing records set forth at Exhibit 1 to this affidavit show 316.2 hours expended on this cause through the date of this affidavit. In my judgment, this is a reasonable amount of time expended on this cause given the need to organize the documents, the legal research required, the need to provide detailed citation to the record

Affidavit of George T. Freeman in Support
of Plaintiff's Motion for Award of Attorneys' Fees and Costs
*Valenote v. MetLife*, Case No. 3:05-CV-00196 CV (TMB)
Page 5 of 6

on the several issues, and the need to refute numerous inaccuracies in MetLife's assertions.

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
George T. Freeman

SUBSCRIBED & SWORN to before me this 8 day of April, 2008.

_____
NOTARY PUBLIC in and for Alaska
My Commission Expires: 8/21/2011

Affidavit of George T. Freeman in Support
of Plaintiff's Motion for Award of Attorneys' Fees and Costs
*Valenote v. MetLife,* Case No. 3:05-CV-00196 CV (TMB)
Page 6 of 6