CO-COUNSEL FOR PLAINTIFF
Timothy W. Seaver
Seaver & Wagner, LLC
421 West First Ave., Suite 250
Anchorage, Alaska 99501
Tel. 907-646-9033
Fax. 907-276-8238
Email: tseaver@seaverwagner.com

George T. Freeman
Attorney at Law
1152 P Street
Anchorage, Alaska 99501
Tel. 907-274-8497
Fax 907-274-8497 (call first)
Email: gtf@gci.net

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALASKA

| | |
|---|---|
| DANIELA VALENOTE,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and RIM ARCHITECTS (ALASKA), INC.,<br><br>Defendants. | <br><br><br><br><br><br><br><br><br><br>Case No. 3:05-cv-00196 (TMB) |

## AFFIDAVIT OF TIMOTHY W. SEAVER IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

STATE OF ALASKA         )
THIRD JUDICIAL DISTRICT ) ss.

Timothy W. Seaver, being first duly sworn, deposes and states as follows:

1. I am co-counsel for Daniela Valenote in this action.

2. Ms. Valenote is physically disabled and unable to work. Ms. Valenote could not afford to pay for an attorney in this cause on an hourly basis. Mr. Freeman and I agreed to take Ms. Valenote's case on a contingency basis.

3. I am attaching my billing records for this action to date and a summary of

my costs. The billing records show the 231.80 hours expended for legal services actually and necessarily performed. I am requesting an award of $57,950 of attorney's fees for Seaver & Wagner at a rate of $250 per hour. My co-counsel Mr. Freeman's requests a separate award of attorneys' fees.

4. Seaver & Wagner's costs of $573.69 have been necessarily incurred in this cause. A record of costs was filed with my prior affidavit in support of Plaintiff's Bill of Costs and is incorporated herein.

5. I received my undergraduate degree with highest honors from Brown University in 1987 and my law degree with honors from Harvard Law School in 1993. I have been a member of the Alaska Bar Association since 1997. Prior to my admission to Alaska, I was a member of the bars of the Commonwealth of Virginia and the District of Columbia, where I practiced from 1993 through 1997. I am also a member of the U.S. Supreme Court and a number of federal district and appellate courts.

6. The majority of my 15 year legal career has been devoted to litigation of civil claims and particularly employment related claims. Prior to coming to Alaska, I was involved in a variety of individual, multi-plaintiff and class action claims in the employment arena including ERISA benefit claims. Since coming to Alaska, I have continued to engage in a wide variety of class action, multi-plaintiff and individual employment litigation as well as other civil litigation. As an example of my general litigation experience, I was the lead counsel on behalf of Koniag, Inc. in <u>Meidinger v. Koniag</u>, 31 P.3d 77 (Alaska 2001). In addition, to my litigation activities, I am a

Affidavit of Timothy W. Seaver in Support
of Plaintiff's Motion for Award of Attorneys' Fees and Costs
*Valenote v. MetLife*, Case No. 3:05-CV-00196 CV (TMB)
Page 2 of 4

contributing editor for the treatise entitled <u>Advising Small Businesses</u> published by Clark, Boardman, Callaghan. I have also presented at a variety of seminars for business professionals and attorneys on topics relating to employment law.

7. In the present case, Mr. Freeman and I divided our efforts on the document organization, research and the writing and editing of the motion practice. As the legal research evolved, my work focused on the legal issues presented by MetLife's repeated denials of Ms. Valenote's claim for long term disability benefits. The legal issues presented by MetLife's three denials and the numerous documents in the case required specific refutation of numerous and often contradictory positions taken by MetLife. We also located and utilized numerous case law decisions in which MetLife acted in ways that were repeated in Ms. Valenote's claim process

8. I worked to provide detailed record and legal citations in the briefing and in the editing of the briefing. The numerous issues included cherry-picking of evidence, failure to ask for information, ignoring of information, failure to provide documents to consultants, failing to credit reliable evidence, the multiple re-assertion of the discredited 90 day elimination period issue, inaccurate assertions that Ms. Valenote had been released to work when the medical documentation did not support this conclusion, inconsistent reasons for the denial, and the incorrect requests for objective evidence of the chronic pain condition.

9. MetLife's briefing also contained many inaccuracies that required detailed legal citation and factual citation to refute the assertions. One example is MetLife's

Affidavit of Timothy W. Seaver in Support
of Plaintiff's Motion for Award of Attorneys' Fees and Costs
*Valenote v. MetLife*, Case No. 3:05-CV-00196 CV (TMB)
Page 3 of 4

repeated reliance on the discredited 90 elimination period in its briefing. The Court stressed in its March 26, 2008 Order at Docket 76 page 16 that "MetLife has inexplicably clung to this argument throughout its briefing, despite exhibits to the contrary." I also prepared for and presented the oral argument on the cross motions in this matter. Again the extensive record and numerous cases cited by both parties, required substantial preparation time.

10. I and/or my co-counsel have conferred with several attorneys specializing in litigation in Anchorage. I believe that $250 per hour is a reasonable hourly rate for civil litigation in Anchorage, Alaska, for attorneys with my experience and ability. We have provided the affidavits of 4 experienced litigators that support the hourly rate of $250 per hour as a reasonable hourly rate for litigation in Anchorage, Alaska.

11. My billing records set forth at Exhibit 1 to this affidavit show 231.80 hours expended on this cause through the date of this affidavit. In my judgment, this is a reasonable amount of time expended on this cause given the need to review and organize the factual issues, the required legal research, and the required refutation of the numerous inaccuracies in MetLife's assertions.

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
Timothy W. Seaver

SUBSCRIBED & SWORN to before me this __10__ day of April, 2008.

_____
NOTARY PUBLIC in and for __Alaska__
My Commission Expires: __10-26-10__

Affidavit of Timothy W. Seaver in Support
of Plaintiff's Motion for Award of Attorneys' Fees and Costs
*Valenote v. MetLife*, Case No. 3:05-CV-00196 CV (TMB)
Page 4 of 4