Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Email: jamiesonb@lanepowell.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DANIELA VALENOTE,<br><br>                    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br>and RIM ARCHITECTS (ALASKA), INC.,<br><br>                    Defendants. | Case No. 3:05-cv-00196-TMB<br><br>**OPPOSITION TO PLAINTIFF'S<br>MOTION TO AMEND JUDGMENT** |

      Defendants Metropolitan Life Insurance Company ("MetLife") and RIM Architects, Inc., by and through counsel, hereby oppose plaintiff's motion to amend the judgment (Docket 78). MetLife does not oppose plaintiff's request for prejudgment interest, but does oppose plaintiff's request that the Court calculate the amount of LTD benefits and interest. Plaintiff's motion to amend should be denied because the precise amount of benefits owed to plaintiff from May 2003 through May 2005[1], and the precise amount of prejudgment interest on those benefits, should be determined on remand by MetLife in its role as the claim administrator. In addition, MetLife objects to the requested prejudgment interest rate of 3.31 percent.

    **1.**    **MetLife Should Determine On Remand The Amount Of Plaintiff's Monthly Benefit And Prejudgment Interest.**

      As plaintiff concedes, "because the parties briefing did not address the actual monetary value of such a payment, the Court did not seek to place a monetary value on Ms. Valenote's award

---

[1] Defendants agree with plaintiff that 24 months of benefits is May 2003 through April 2005.

nor did it enter a final judgment pursuant to Local Rule 58.1 governing judgments for money." Motion, p. 2. Contrary to plaintiff's claim, however, this will not deny plaintiff the opportunity to receive either a monetary amount of benefits, or an award of prejudgment interest. *Id.* Instead, on remand of this matter MetLife will have the responsibility under the Plan to determine in the first instance the actual amount of the Monthly Benefit owed to plaintiff from May 2003 to May 2005, including also whether or not the Plan provides a cost-of-living adjustment to the Monthly Benefit, as well as the amount of prejudgment interest.[2]

As was noted by the Court in its March 26, 2008, Order (Docket 76), there is no dispute that the Plan grants discretion and authority to MetLife as the claim administrator, which would necessarily include the discretion to calculate the actual amount of plaintiff's Monthly Benefit under the terms of the Plan. *See* Plan at MR 0002 ("MetLife in its discretion has authority to interpret the terms, conditions, and provisions of the ***entire*** contract.") (emphasis added). However, MetLife has not yet been given the opportunity to exercise its discretion to calculate the Monthly Benefit under the terms of the Plan. Plaintiff's motion would improperly take away MetLife's clear responsibility under the Plan to determine the benefit amount. Therefore, the scheme of the Plan requires that MetLife now be allowed to make this determination on remand. *See Williamson v. UNUM Life Ins. Co. of America*, 160 F.3d 1247, 1251 (9th Cir. 1998) (approving district court order remanding ERISA case to the plan administrator to determine, inter alia, "the amount of benefits to which Plaintiff is entitled after any offset."); *Torgeson v. Unum Life Ins. Co. of America*, 466 F. Supp. 2d 1096, 1137 (N.D. Iowa 2006) (the precise amount of LTD benefits could be properly remanded for administrative determination); *Sollon v. Ohio Cas. Ins. Co.*, 396 F. Supp. 2d 560, 592 (W.D. Pa. 2005) (remand of action for benefits to LTD insurer/plan administrator for initial calculation was warranted); *Edgerton v. CNA Ins. Co.*, 215 F. Supp. 2d 541, 542 (E.D. Pa. 2002) (court reinstated LTD benefits and remanded the case "to the administrator to calculate the benefits owed to the plaintiff.").

---

[2] To the extent plaintiff disputes MetLife's calculation, plaintiff will have an opportunity to submit a claim for the disputed portion. ERISA's requirement that claimants exhaust a benefit plan's internal administrative remedies is not excused merely because a court has determined in the first instance that the administrator's benefits determination was an abuse of discretion.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

Plaintiff's motion fails to take into account that an award of benefits is subject to certain factors under the Plan regarding the calcuation of the amount of predisability earnings, as well as various reductions to the benefit amount. The Plan is attached as Exhibit A hereto. The Monthly Benefit for LTD payable under the Plan is defined as "60% of the first $16,667 of your Predisability Earnings, reduced by other Income Benefits." Plan, p. 1 (DEF 000012). "Predisabilty Earnings" is defined as "the amount of your gross salary or wages from your Employer as of the day before your Disability began." Plan, p. 8 (DEF 00019). However, the Plan excludes from the Predisability Earnings calculation items such as bonuses, overtime pay, or "any other compensation." Plan, pp. 8-9 (DEF 00019–20).

Plaintiff claims in her motion that her predisability monthly salary was $4,250. Whether that is true should be determined in the first instance by MetLife as claim administrator. Moreover, MetLife must also determine whether any of plaintiff's compensation is excluded from the Predisability Earnings calculation under the terms of the Plan. MetLife should be allowed to address this on remand because insufficient evidence has been presented to the Court to allow the Court to make this determination. *See Torgeson*, 466 F. Supp. 2d at 1137 (although abuse of discretion was found in administrator's denial of LTD benefits, the precise amount of such benefits could be properly remanded for administrative determination where, *inter alia*, the record contained insufficient evidence to determine the amount of benefits due); *Sollon*, 396 F. Supp. 2d at 592 (remand of action for benefits to LTD insurer/plan administrator for initial calculation was warranted where, based on evidence currently before it, court was unable to determine when claimant was eligible for any other income benefits on unreduced basis which would offset LTD benefits payable by insurer).

Further, the Plan provides that "Your Monthly Benefit is reduced by Other Income Benefits." Plan, p. 9 (DEF 000020). These "Other Income Benefits" include benefits from social security, other group insurnace policies, employer's retirement plans, workers' compensation and unemployment insurance. Plan, pp. 9-12 (DEF 00020-23). It is the responsibility of MetLife as the claim administrator to determine whether any of these Other Income Benefits apply in plaintiff's case so as to offset and reduce her Monthly Benefit. Again, insufficient evidence has been submitted to

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

allow the Court to make a determination regarding whether and to what extent any of the Other Income Benefits reductions apply to plaintiff, and so this issue should be addressed in the first instance by MetLife on remand. *Williamson*, 160 F.3d at 1251 (district court order remanded case to the plan administrator to determine "the amount of benefits to which Plaintiff is entitled *after any offset*.") (emphasis added); *Sollon*, 396 F. Supp. 2d at 59.

In addition, prejudgment interest cannot be calculated until the actual amount of plaintiff's Monthly Benefit from May 2003 to May 2005 (after any applicable reductions) has been finally determined by MetLife. For that reason, the Court should allow MetLife to calculate the amount of prejudgment interest (at a rate ordered by the Court) on remand based on the amount of benefits owed as determined by MetLife.

### 2. Plaintiff Should Be Required To Support The Calculation Of Its Requested Prejudgment Interest Rate.

Plaintiff states that the "average treasury bill rate from May 2003 to the date of judgment" is 3.31 percent. Motion, p. 4. MetLife objects to using this interest rate because plaintiff does not submit a spreadsheet or any other evidence as to how the 3.31 percent interest rate was calculated.[3] Before setting the rate of prejudgment interest, the Court should require plaintiff to submit sufficient evidence demonstrating an accurate calculation of that rate.

### CONCLUSION

For the reasons stated above, the Court is respectfully requested to deny plaintiff's motion to amend the Court's judgment, so as to allow the calculation of plaintiff's benefits and prejudgment interest to be made by MetLife on remand. In addition, the Court is respectfully requested to require plaintiff to support her requested rate of prejudgment interest.

---

[3] Pursuant to 28 U.S.C. § 1961(a), the interest rate to be used is "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System." Using the figures for the weekly average of 1-year constant maturity Treasury securities published by the Federal Reserve on its website at http://www.federalreserve.gov/releases/h15/20080331/, MetLife has calculated that the average rate from May 2003 to the date of the judgment is significantly lower than the 3.31 percent rate requested by plaintiff. Because of this discrepancy, it is plaintiff's burden to demonstrate what is the correct rate to use for prejudgment interest.

**Opposition to Plaintiff's Motion to Amend Judgment**
*Valenote v. Metropolitan Life Insurance, et al.*  (Case No. 3:05-cv-00196-TMB)          **Page 4 of 5**

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

DATED this 25th day of April, 2008.

        LANE POWELL LLC
        Attorneys for Defendants

By  s/ Brewster H. Jamieson
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907-277-9511
Fax: 907-276-2631
Email: jamiesonb@lanepowell.com
ASBA No. 8411122

I certify that on April 25, 2008, a copy of the foregoing was served by ECF on:

Timothy W. Seaver, Esq., tseaver@seaverwagner.com
George T. Freeman, Esq., gtf@gci.com

  s/ Brewster H. Jamieson
105460.0011/164359.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**Opposition to Plaintiff's Motion to Amend Judgment**
*Valenote v. Metropolitan Life Insurance, et al.* (Case No. 3:05-cv-00196-TMB)    **Page 5 of 5**