CO-COUNSEL FOR PLAINTIFF

Timothy W. Seaver                          George T. Freeman
Seaver & Wagner, LLC                       Attorney at Law
421 West First Ave., Suite 250             1152 P Street
Anchorage, Alaska 99501                    Anchorage, Alaska 99501
Tel. 907-646-9033                          Tel. 907-274-8497
Fax. 907-276-8238                          Fax 907-274-8497 (call first)
Email: tseaver@seaverwagner.com            Email: gtf@gci.net

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

DANIELA VALENOTE,

        Plaintiff,

   vs.

METROPOLITAN LIFE INSURANCE
COMPANY, and RIM ARCHITECTS
(ALASKA), INC.,

       Defendants.            Case No. 3:05-cv-00196 (TMB)

## PLAINTIFF'S REPLY TO OPPOSITION
## TO MOTION TO AMEND JUDGMENT

Plaintiff, through counsel, hereby replies to Defendants' opposition to Plaintiff's

Motion to Amend Judgment. (Docket Nos. 78 and 95)  The Court has ruled that Plaintiff

is eligible for long term disability benefits under the plan and awarded Plaintiff 24

months of long term disability payments.  (Docket 76 at pp. 19-21 and Docket 77)  The

Court also remanded the issues of additional eligibility for LTD benefits to the

administrator for evaluation of the "Any Occupation" issue (MR17) and the

"Neuromusculorskeletal" limitation (MR25).  (Id.)

Plaintiff's motion requested that the judgment be amended to reduce the Court's award of 24 months disability payments from May 2003 though April 2005 to a monetary amount that included prejudgment interest at a rate of 3.31 percent. Plaintiff requested that this amount and the amount awarded for attorneys' fees and costs put into a final judgment on this partial summary judgment issue.

Defendants oppose the motion by stating: (1) remand on the calculation of the 24 month amount is the appropriate remedy; (2) the calculation of the 24 month monetary amount is subject to the exercise of Defendants' "discretion"; and (3) that Plaintiff has not sufficiently justified the 3.31 percent interest rate she requests. Plaintiff's motion should be granted in its entirety.

Defendants opposition is a red herring. Specifically, MetLife has simply thrown up a number of speculative objections without making any claim that Ms. Valenote's proposed award is in any way incorrect. This is particularly troubling here where the two Defendants in this matter, MetLife and Ms. Valenote's former employer, are in sole possession of most if not all of the information that MetLife claims it needs to calculate Ms. Valenote's entitlement. Even if there were some information that MetLife needed from Ms. Valenote it has failed to state what that information might be. Moreover, it is now over a month after the Court issued its order, yet MetLife has not made any effort to request even one shred of information from Ms. Valenote. In short, not only has MetLife failed to raise any actual dispute as to the amount of benefits Ms. Valenote is

actually entitled to, it has not taken any action to suggest that it intends to exercise in good faith the discretion it claims to be entitled to.

Even if the Court were to take MetLife's buckshot approach at face value, MetLife's claims are obviously without merit.  This Court ruled that the fiduciary had a conflict of interest and acted arbitrarily and capriciously in denying Plaintiff LTD eligibility and benefits.  But this same conflicted fiduciary now asserts that it must be allowed "discretion" so it can "determine" the amount of the "Monthly Benefit" (Dkt. 95 at p. 2), "whether or not the Plan provides a cost-of-living adjustment" (id.) and "the amount of prejudgment interest." (Id.). MetLife then incorrectly says it may consider "bonuses, overtime pay, or 'any other compensation'" in exercising this discretion. (Id. at p. 3).  MetLife also claims to have the authority to exercise discretion over the "Other Income Benefits" offsets such as "social security, other group insurance policies, employer retirement plans, worker's compensation and unemployment insurance." (Id.)

But MetLife misstates the plan's plain language.  In fact, there is no actual "discretion" to be exercised in arriving at this simple calculation.  As to the "Monthly Benefit" amount, Defendant RIM Architects admits that Plaintiff's salary at the time of her disability was $4,250 per month.  (MR103).  This is the starting point in defining Plaintiff's "Pre-disability Earnings" under the Plan.  (MR19)  The Plan specifically states that "Predisability Earnings do not include: 1. awards, commissions and/or bonuses, 2. overtime pay, … or 4. any other compensation." (emphasis added) (MR19) This sentence directly contradicts MetLife's assertions in its brief.

The Plan further states that Plaintiff's "Monthly Benefit" is 60% of the predisability earnings of $4,250 a month for an initial monthly benefit of $2,550. (MR12)   The Plan then states that that there is "No offset for employment earnings during the first 24 months after you have satisfied your elimination period."   (MR13) Once again, this sentence is directly contrary to the assertions in MetLife's brief.

Moreover, there is no discretion on the cost-of-living adjustment.   The Plan specifically states that "Indexed Predisability Earnings" means "Predisability Earnings increased by 7%."   (MR20)   The first increase "will take place on the date the 13th Monthly Benefit is payable" and that "Subsequent increases" take place "on each anniversary of the first increase."   (MR20)   This language is specific.    There is no discretion in setting any cost-of-living adjustment under the Plan.    And indeed, MetLife does not dispute Ms. Valenote's characterization of the annual seven percent increase in benefits indicated by this plan language.

The "Other Income Benefits" offset issue is straightforward.   The Plan states that Predisability Earnings may be reduced by "Other Income Benefits."   (MR12)   The list of the potential offsets is set forth in the Plan at MR 20-23.   However, the main offset for potential Social Security disability benefits is not an issue for the 24 month period.   This is because MetLife forfeited any right to offset potential Social Security disability payments by denying the LTD claim at the outset.   See McCormick v. Metropolitan Life Ins. Co., 514 F. Supp.2d 158, 167 (D.Mass. 2007).   McCormick involved the same MetLife LTD plan at issue here.   McCormick also shows MetLife's pattern of engaging

in needless delay and litigation and supports the Court's resolution of the simple 24 month calculation by the Court.[1]

The other offset issues are easily addressed. The Defendant employer RIM Architects would have full knowledge regarding any payments to Plaintiff under applicable group health insurance policy disability provisions, group life insurance policy disability provisions, disability or retirement payments under the employer retirement plan, or for worker's compensation and unemployment insurance. (See MR 20-23) Yet, despite having full access to such information, Defendant makes no claim that any such offsets exist. On the contrary, Defendant simply throws out these issues as a means of confusing what is a very simple issue, Plaintiff has received no such benefits. Even if the Court felt that some additional fact finding were necessary here (there is not) an easy mechanism is available. The Court could simply set a date certain for submissions by RIM and Plaintiff to the Court regarding any offsets. See e.g., De Dios v. MetLife, Inc., 122 F.Supp.2d 121, 133 (D.Puerto Rico 2000) (requiring submission of evidence of monthly covered earnings, Social Security benefits currently received and a proposed calculation of figures to the court by a date certain).

---

[1]    If needed, Plaintiff will submit an affidavit certifying that she has applied for Social Security disability benefits, that an attorney is representing her on the Social Security matter, that she will have to wait for a very long time for her Social Security appeal hearing and that MetLife never offered to assist her on the Social Security matter, even though this is a requirement of the MetLife plan.

In light of MetLife's substantial misreading of its own plan and its failure to raise any real dispute regarding Ms. Valenote's proposed monetary calculation, MetLife's claim to discretion appears to be little more than an excuse for MetLife to further delay Ms. Valenote's receipt of benefits.   MetLife's statement that Plaintiff would have to submit a "claim" over a dispute on the 24 month calculation and then exhaust the internal administrative remedies only bolsters this conclusion.   MetLife brief at p. 2 n. 2. And given MetLife's failure to accurately interpret even the most obvious terms of its own plan, it seems nearly guaranteed that MetLife's further consideration of this matter will result in the further frustration of the purposes of the plan and a return to this Court. Such a result neither serves the interest of efficiency nor fairness.

Further, Defendants' cases do not require remand of the simple calculation of the 24 month period to the conflicted fiduciary.   Williamson v. UNUM Life Ins. Co. of America, 16 F.3d 1247, 1251 (9th Cir. 1998) merely indicates that a remand to a fiduciary is not a predicate for appellate jurisdiction where final judgment has not been entered.   Moreover, Williamson did not even involve a situation in which a trial court had determined that a Plaintiff had been denied disability benefits.   Rather, the trial court remanded to the administrator for the initial eligibility determination. Consequently, calculating a benefit amount would have been premature to say the least.   Torgeson v. UNUM, Life Ins. Co. of America, 466 F.Supp.2d 1096, 1137 (N.D. Iowa) merely states that remand to calculate benefits due was appropriate where there is insufficient evidence in the record for the court to calculate the benefits.   Torgeson also pointed out

that plaintiff had not argued for a specific amount of past due benefits.  <u>Sollon v. Ohio</u>
<u>Cas. Ins. Co</u>., 396 F.Supp.2d 560, 591-93 (W.D.Pa. 2005) involved a remand for "initial
calculation" where the court faced convoluted issues about the date of receipt of offset
benefits on an unreduced basis over an extended period and therefore could not enter
summary judgment.  <u>Edgerton v. CNA Ins., Co.</u>, 215 F.Supp.2d 541, 552 (E.D.Pa. 2002)
merely reiterates the common sense principal that a court <u>may</u> find it appropriate to
remand for calculation of past benefits.   None of these cases require or even recommend
a remand for calculation under the current facts.

Not only have Defendants failed to offer any authority to suggest that this Court is
required to remand to the Defendants for a calculation of benefits, but the plain language
of 29 U.S.C. § 1132(a)(1)(B), which governs this action, indicates a contrary conclusion.
That language states that a civil action may be brought by a plan beneficiary "to recover
his benefits due to him under the terms of his plan…"   This language clearly implies
that, where appropriate, the Court should award the actual benefits to which a prevailing
beneficiary is entitled.  <u>See</u> <u>Durr v. Metropolitan Life Ins. Co</u>., 15 F.Supp.2d 205, 214
(D.Conn. 1998) (calculating amount of short term disability benefits due based on
plaintiff's disability statement and terms of plan).

Finally, Metlife does not dispute that Ms. Valenote is entitled to an award of pre-
judgment interest, nor does it dispute that the appropriate interest rate should be based on
the average treasury bill rate from May 2003 to the date of judgment on each payment
she should have received.  Rather, MetLife's sole complaint is that Ms. Valenote did not

sufficiently document the number that resulted from the formula she proposed. MetLife states that Ms. Valenote should provide evidentiary support for this number. Because MetLife claims in a footnote that it reached a different number using Ms. Valenote's formula, Ms. Valenote submits that affidavit of Deborah Favorite, assistant to the undersigned, which describes how she arrived at the interest rate of 3.31 percent. Because MetLife concedes that the Court should determine an appropriate rate of prejudgment interest and further concedes Ms. Valenote's methodology is reasonable, the Court need not give further consideration to this matter and should, at a minimum, grant Ms. Valenote's request that the Court amend its final order to include a prejudgment interest rate of 3.31 percent.

## CONCLUSION

This Court awarded benefits for the 24 month period and Plaintiff requests that the calculation of the specific amount for the 24 month period be conducted and approved by the Court. Ms. Valenote has waited five years to receive the benefit to which her employment entitled her she should not be forced to continue to wait indefinitely. Moreover, in the event that the Court has any uncertainty regarding the appropriate calculation (it needn't), this and any related issues can be easily addressed by employing the same procedure used in De Dios v. MetLife, Inc, supra.

Plaintiff has been waiting since 2003 for MetLife to do the right thing. But if its opposition to Plaintiff's current motion is any guide, MetLife will once again misread its own plan document in order to frustrate and delay payment on the 24 month amount.

Five years is enough time to wait on the payment of the 24 month amount. Finally, in the event that the Court denies Ms. Valenote's request to calculate the award it should, at the least require, MetLife to calculate Ms. Valenote's benefits within a limited time after remand.[2]

DATED this 2nd day of May 2008.

By:  s/ Timothy Seaver                          By: s/ George T. Freeman
Timothy W. Seaver                               George T. Freeman
Seaver & Wagner, LLC                            Attorney at Law
421 West First Ave., Suite 250                  1152 P Street
Anchorage, Alaska 99501                         Anchorage, Alaska 99501
Tel. 907-646-9033                               Tel. 907-274-8497
Fax. 907-276-8238                               Fax 907-274-8497 (call first)
Email: tseaver@seaverwagner.com                 Email: gtf@gci.net


CERTIFICATE OF SERVICE

I certify that on May 2, 2008
the foregoing document was served
electronically on:

Brewster H. Jamieson
Lane Powell LLC
301 West Northern Lights Blvd, Suite 301
Anchorage, Alaska 99503
Tel:  907-277-9511
Fax: 907-276-2631
Email: jamiesonb@lanepowell.com

s/ Timothy Seaver
Timothy Seaver

---

[2]     One court apparently frustrated by MetLife's conduct required that MetLife render its decision on remand within 60 days. See Keift v. American Express Co., 451 F.Supp.2d 289, 296 (D.Mass. 2006).

Plaintiff's Reply to Opposition to Motion to Amend Judgment
*Valenote v. MetLife*  Case No. 3:05-CV-O0196 CV (TMB)
Page 9 of 9