Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Email:       jamiesonb@lanepowell.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DANIELA VALENOTE,<br><br>        Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br>and RIM ARCHITECTS (ALASKA), INC.,<br><br>        Defendants. | Case No. 3:05-cv-00196-TMB<br><br>**OPPOSITION TO**<br>**PLAINTIFF'S MOTION FOR**<br>**AWARD OF ATTORNEYS' FEES** |

COME NOW defendants, by and through counsel, and hereby oppose plaintiff's Motion for Award of Attorneys' Fees.

### INTRODUCTION

This ERISA suit involves a routine claim for long-term disability benefits, and has been resolved by motion practice. Defendants do not oppose the $250 attorney hourly rate requested by plaintiff.[1] However, defendants do oppose the number of attorneys' hours claimed by plaintiff. The records submitted with plaintiff's motion for attorneys' fees show that the amount of time claimed as recoverable is unreasonable, excessive, and duplicative—especially given the asserted expertise of plaintiff's counsel—and the number of hours as the "multiplier" in the attorney's fees calculation should therefore be significantly reduced. For this reason, the Court is respectfully requested to also significantly reduce the amount of attorneys' fees requested by plaintiff.

---

[1] However, defendants do oppose charging $250/hr. for time which was or should have been performed by paralegals or other staff, as will be discussed below.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

## ARGUMENT
### The Amount of Hours by Plaintiff's Counsel is Unreasonable and Excessive.

The Ninth Circuit has recognized that "a district court has discretion to award <u>reasonable</u> attorney's fees." *Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041 (9th Cir. 2000) (emphasis added). Fees in ERISA actions are calculated using a hybrid lodestar/multiplier approach. *Mogck v. Unum Life Ins. Co.,* 289 F. Supp. 2d 1181, 1190 (S.D. Ca. 2003), citing *Van Gerwen v. Guarantee Mut Life Ins. Co.,* 214 F.3d 1041, 1045 14 (9th Cir. 2000). The lodestar is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* The party seeking fees must submit evidence supporting both the hours worked and the rate claimed. The court may then adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. *Id.*

To determine a reasonable amount of attorney's fees, courts consider the following: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputations, and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *Van Gerwen, supra,* 214 F.3d at 1045 n.2. The party requesting fees bears the burden of submitting detailed time records justifying the hours claimed to have been expended. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The hours may be reduced when documentation of the hours is inadequate, or when the case was overstaffed and hours were duplicative, or when the hours expended were excessive or unnecessary. *Id.* at 433-34. Further, attorneys seeking an award of fees must "keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Id.* at 441.

As set forth in plaintiff's motion and the accompanying affidavits, her attorneys are experienced litigators, well-versed in ERISA litigation, who have 45 years of experience between them. Nevertheless, in this action plaintiff's two law firms report that they expended a combined 548

hours: 231.8 hours for Seaver & Wagner and 316.2 hours for Mr. Freeman.  For the reasons discussed below, the time reportedly spent on this matter by plaintiff's counsel is unreasonable, excessive, and duplicative and should be significantly reduced by this Court.  This is especially so in light of the hours expended in this case by defendants' counsel.  As shown by the attached Declaration of Brewster H. Jamieson, ¶ 2, defendants' counsel has expended in this case to date a total of 212.9 hours.[2]  Plaintiff's counsel have thus spent on this case an unwarranted two-and-a–half times more hours than defendants' counsel.

That plaintiff's counsel's time was excessive is further illuminated by the fact that there was little actual "litigation" in this case.  Jamieson Declaration, ¶ 4.  There was one exchange of documents with the initial disclosures, but there was no written discovery, and no discovery motions were filed.  *Id.*  No depositions were taken.  *Id.*  Counsel on both sides were cooperative and accommodating with each other.  *Id.*  This was simply not a contentious case which required an inordinate amount of time by the attorneys.  *Id.*  In fact, the docket in this case reveals that, aside from the cross-motions for summary judgment, the motion to strike, the complaint and answer and the witness lists of the parties, the only other filings were routine status orders and extensions of time.  *Id.*  Of course, there was no trial, and this case was resolved on motion practice.  Further, it also must be noted that in the four affidavits from other counsel, which are appended to the motion, none of the affiants opines that the hours spent by plaintiff's counsel in this case were reasonable.

### 1. Time Spent on Drafting the Complaint.

Plaintiff's counsel spent unreasonable, excessive and unnecessary time in preparing the Complaint in this ERISA action.  Plaintiff's counsel purportedly spent a combined 7.2 hours preparing this document: 3.2 hours for Mr. Freeman on May 10, 2005, and 4 hours for Mr. Seaver on

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

---

[2] Defendants are not arguing that the time plaintiff's counsel spent on this case must mirror the time of defendants' counsel.  However, the time spent by defendants' counsel is an objective guideline to what was reasonable and necessary in this case.  Plaintiff's counsel admit that they were not retained on an hourly basis to prosecute this case, and therefore their "billings" are theoretical.  Defendants' counsel was retained on an hourly basis, and the hours recorded by defendants' counsel reflect the actual time spent and billed to defendant, for substantially the same amount of work on this case.  Jamieson Declaration, ¶ 3.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

June 8, 2005 (3.5 hrs) and August 1, 2005 (0.5 hrs). However, the Complaint in this case totaled five pages, most of which was devoted to the caption of the case and boilerplate recitals included in all ERISA complaints.

The time spent was excessive, unnecessary, and duplicative. The task of drafting this simple complaint does not require duplicative time from two very experienced attorneys. Rather, the attention of one attorney would be more than sufficient for such a task. Further, the attached summary shows that defendants' counsel spent 2.2 hours preparing the answer in this case. Jamieson Declaration, ¶ 2.

In light of the above, the Court should significantly reduce the excessive and duplicative time recorded for drafting the complaint.

**2.   Time Spent Organizing and Preparing Documents for Disclosure.**

Plaintiff's counsel's records show unreasonable, excessive and unnecessary time for organizing documents and preparing documents for disclosure. For instance, Mr. Freeman's records show as follows:

- 8.5 hours on December 9, 11, 20, and 21, 2005, to "review" and "organize" documents.

- 25.9 hours on December 22 through 28, 2005 to "prepare documents for disclosure" and to "organize" documents.

- 10.2 hours on October 10 through 12, 2006, to "prepare documents for disclosure," "prepare disclosure of medical documents," and "prepare documents for disclosure ... and copy and deliver documents."

These entries alone total 44.6 hours. That is more time than an entire work week, eight-hours per day, spent "organizing" the documents in this case. Plaintiff makes no effort to show that this amount of time was reasonable under the circumstances of this case. Further, document organization and preparation does not require duplicative time from two experienced attorneys.

By contrast, defendants' counsel billed 10.3 hours to prepare the disclosures in this case, only 25 percent of the time reported by plaintiff's counsel. Jamieson Declaration, ¶ 2. In light of the above, the Court should significantly reduce the excessive and duplicative time recorded for document organization and preparation.

Moreover, document organization and preparation for disclosure is not something that

should be charged at an attorney's hourly rate. In a civil litigation practice, document preparation and organization, which generally entail routine clerical tasks such as sorting, copying, and bate-stamping, are typically performed by a paralegal. Jamieson Declaration, ¶ 5. Paralegals in Anchorage charge far less than the $250/hour requested by plaintiff; rather, paralegal rates in Anchorage typically range from $120-140. *Id.* Defendants object to reimbursing paralegal tasks at attorney's fees rates. However, plaintiff has put forward no evidence as to what a reasonable hourly paralegal fee would be for this case. Therefore, defendants request that the Court require plaintiff to (1) identify those tasks which were or should have been performed by a paralegal or other support staff, (2) state the hours expended by paralegals or other staff on those tasks, and (3) establish with sufficient evidence a reasonable rate at which those tasks should be charged in this matter. Without such additional, detailed information, the records submitted by plaintiff's counsel are legally insufficient to award fees for this task. *Hensley*, 461 U.S. at 441.

### 3. Time Spent On Motion For Summary Judgment.

Plaintiff's counsel spent grossly excessive, unnecessary and duplicative time regarding the summary judgment pleadings in this matter. Plaintiff's counsel's reports show the following:

Mr. Freeman – 182.7 hours total:

- 8.4 hours on November 6, 11, and 13, 2006, in preparation for briefing.
- 96.2 hours from January 12 through February 2, 2007, for preparing and revising motion for summary judgment.
- 14.7 hours from March 5 through 9, 2007, to review defendants' brief.
- 63.4 hours from March 10 through 19, 2007, to prepare and revise plaintiff's reply brief and her opposition to defendants' motion.

Mr. Seaver – 93.3 hours total:

- 56.5 hours from January 23 through February 9, 2007, working on plaintiff's motion for summary judgment.
- 5.1 hours from March 6 through 8, 2007, to review defendants' brief and analyze plaintiff's reply.
- 31.3 hours from March 9 through 16, 2007, to work on plaintiff's reply brief.
- 0.4 hours on March 29, 2007, to review defendants' reply brief.

Plaintiff's counsel thus spent a stunning 276 hours on just the summary judgment

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

pleadings in this matter. This is the equivalent of working eight hours per day, five days per week, for <u>seven</u> weeks. The combined breakdowns for plaintiff's two law firms are:

- 8.4 hours (that is, an entire day) to simply prepare for the briefing.
- 157.7 hours (almost four full work weeks) to draft plaintiff's motion for summary judgment.
- 14.7 hours (almost two full days) to simply review defendants' brief.
- 94.7 hours (more than two-and-one-third work weeks) to work on plaintiff's opposition and reply brief.

Plaintiff makes no effort to show that this amount of time was reasonable under the circumstances of this case.

Defendants' counsel expended 90.5 hours on the summary judgment pleadings. Jamieson Declaration, ¶ 2. As the Court can see from the file in this matter, plaintiff's summary judgment pleadings are no more complicated, sophisticated, or legally complex than defendants' own summary judgment pleadings. In fact, plaintiff's counsel spent 63.1 more hours—that is, almost 30 percent more—on just the summary judgment proceedings alone than the 212.9 hours worked by defendants' counsel for this <u>entire</u> case. Further, the task of drafting the summary judgment pleadings does not require duplicative time from two attorneys, each of whom spent more hours on this task than defendants' counsel did in total on the same task.

In light of the above, the Court should significantly reduce the grossly excessive and duplicative time recorded for the summary judgment pleadings.

**4.   Time Spent on Oral Argument.**

Plaintiff's counsel spent unreasonable, excessive, and unnecessary time on the oral argument regarding the summary judgment motions. Plaintiff's counsels' reports show the following time spent on oral argument: 17.1 hours for Mr. Freeman from February 2 through 9, 2008, (for preparing for and attending the one-hour oral argument), and 24.4 hours for Mr. Seaver from February 4 through 8, 2008, (for preparing for oral argument). Together, plaintiff's two law firms spent a total of 41.5 hours, or more than a full work week, on oral argument alone. Defendants' counsel worked 23.1 hours on preparing for and attending oral argument in this matter. Jamieson Declaration, ¶ 2. At oral argument, defendants' counsel and plaintiff's counsel both argued for its

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

own motion and against the other party's motion. There is no reason (and plaintiff certainly puts forward no such reason) why it should have taken plaintiff's counsel so many more hours to prepare for oral argument than defendants' counsel.

In light of the above, the Court should significantly reduce the excessive and duplicative time recorded for the oral argument.

### 5. Time Spent on Letter to Mr. Jamieson.

Plaintiff's counsel spent unreasonable, excessive, and unnecessary time in preparing a December 29, 2006, letter to defendants' counsel, Brewster Jamieson, which discussed the documents and plaintiff's claims, as well as making a settlement proposal. Mr. Freeman spent 10.8 hours from December 5 through 26, 2006, on the letter, and Mr. Seaver spent 14.6 hours on December 22, 27, and 29, 2006, on the letter, for a combined total of 25.4 hours. The letter in question is attached hereto as Exhibit A. Defendants submit that it was not necessary or reasonable for two law firms to have spent so many hours on this letter. The task of drafting this letter does not require duplicative time from two attorneys. The Court should significantly reduce the excessive and duplicative time recorded for this task.

Further, a comparison of the letter and plaintiff's February 2, 2007, motion for summary judgment (Docket 37) demonstrates much duplication of effort, i.e., the research, documents and arguments contained in the letter were later repeated and used extensively in the motion. Not only does the motion generally closely follow the structure and discussion in the letter, at times the language of the letter is repeated verbatim in the motion. Just as an example:

- The *Abatie* case discussed in the letter was discussed at length in the motion.
- The third full paragraph on p. 3 of the letter was reconstituted on p. 13 of the motion.
- The paragraph spanning pp. 3-4 of the letter was reconstituted on p. 14 of the motion.
- The first full paragraph on p. 4 of the letter was reconstituted on p. 14 of the motion.
- The second full paragraph on p. 4 of the letter was reconstituted on p. 17 of the motion.
- The paragraph spanning pp. 4-5 of the letter was reconstituted on pp. 18-19 of the motion.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

- Footnote 7 of the letter was reconstituted on pp. 13-14 of the motion.
- The first full paragraph on p. 5 of the letter was reconstituted on p. 37 of the letter.
- The second full paragraph on p. 5 of the letter was reconstituted on p. 20 of the letter.
- Pages 6 and 7 of the letter were reconstituted on pp. 21-24 of the motion.
- The first full paragraph on p. 8 of the letter was reconstituted on p. 25 of the motion.
- The second full paragraph on p. 8 of the letter was reconstituted on pp. 17-18 of the motion.
- The second and third full paragraphs on p. 9 of the letter were reconstituted on pp. 27-28 of the motion.
- Pages 10-11 of the letter were reconstituted on pp. 28-30 of the motion.

Thus, to award attorneys' fees for doing the same work for both the letter and summary judgment motion would be duplicative and unreasonable. Further, plaintiff's counsel's reports show that prior to drafting the letter, plaintiff's counsel spent an extensive amount of time on research used in the letter, on reviewing and preparing the documents discussed in the letter, and on discussing and analyzing the issues addressed in the letter with co-counsel. For example, Mr. Freeman's report shows the following:

- 8.5 hours on December 9, 11, 20, and 21, 2005, to "review" and "organize" documents.
- 10.2 hours on October 10 through 12, 2006, to "prepare documents for disclosure," "prepare disclosure of medical documents," and "prepare documents for disclosure ... and copy and deliver documents." 8.4 hours on November 6, 11, and 13, 2006, to review documents and issues, and to hold conferences regarding the issues.

In addition, Mr. Seaver's report shows the following, for example:

- 3.1 hours on May 8, 2005, to "conduct research on ERISA."
- 2.6 hours on May 12, 2006, to "conduct research and draft offer of settlement."
- 1.1 hours on May 31, 2006, which includes "review docs."
- 20.1 hours from November 3 through 11, 2006, which includes time for: "Review Abatie and other cases," "research re definition of 'neuromusculoskeletal,'"[3] "conduct research," "conduct addl research," "review medical records," "conduct research re chronic pain,"

---

[3] This research was certainly used in the letter; note that on pp. 12 and 13 of the letter, plaintiff's counsel discuss a policy exception for neuromusculoskeletal conditions.

**Opposition to Plaintiff's Motion for Award of Attorneys' Fees**
*Valenote v. Metropolitan Life Insurance, et al.* (Case No. 3:05-cv-00196-TMB)   Page 8 of 10

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

telephone conference with G. Freeman re settlement and brief," and "research re policy and ins issues and meet with G. Freeman."

It would be unreasonable to allow time for the letter which was duplicative of time charged separately for this other review, research and analysis.  The Court should require plaintiff to demonstrate how many of the hours spent on the letter were not duplicative of the hours separately charged to work on (1) the summary judgment pleadings, or (2) other review, research and analysis.  Without such additional, detailed information, the records submitted by plaintiff's counsel are legally insufficient to award fees for this task.  *Hensley*, 461 U.S. at 441.

### 6. Time Spent on Additional Research.

Plaintiff's counsel spent unreasonable, excessive and unnecessary time in additional research: Mr. Seaver reports 12.9 hours for additional research on November 3, 6, and 8 through 11, 2006.  There is no indication as to what was researched, or whether this research related to any issue in this case.  The Court should require plaintiff to demonstrate how such research was reasonable and necessary.  In addition, the Court should require plaintiff to demonstrate that this additional research was not duplicative of the research for the summary judgment pleadings and/or the December 29, 2006, letter to defendants' counsel, as discussed above.  Without such additional, detailed information, the records submitted by plaintiff's counsel are legally insufficient to award fees for this task.  *Hensley*, 461 U.S. at 441.

### 7. Time Spent on Motion for Attorneys' Fees.

Plaintiff's counsel spent unreasonable, excessive and unnecessary time in preparing the Motion for Award of Attorneys' Fees.  Mr. Freeman spent 15.4 hours from March, 27 and April 1, 2, and 4 through 7, 2008, on the Motion, and Mr. Seaver spent 11.6 hours on April 7 and 8, 2008, on the Motion, for a total of 27.0 hours.  The Court can see from the Motion that there is no reason why it should have taken over three full days of attorney time to prepare what has been submitted to this Court.  This is especially so since the bulk of the Motion—the reports attached to Mr. Freeman and Mr. Seaver's affidavits—were almost certainly not prepared by counsel themselves.  In fact, Mr. Seaver's report appears to be just a computer generated list of time and tasks in this case.

Therefore, defendants request that the time for the motion for attorneys' fees should be significantly reduced.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

## CONCLUSION

Plaintiff's Motion For Award of Attorneys' Fees seeks fees that are excessive, duplicative, and unreasonable. The Court is respectfully requested to reduce the billable rate for time spent on tasks typically performed by paralegals, as well as the hours sought by plaintiff to include only that time which is reasonable, as outlined above.

DATED this 5th day of May, 2008.

LANE POWELL LLC
Attorneys for Defendants


By  s/ Brewster H. Jamieson
   301 West Northern Lights Boulevard, Suite 301
   Anchorage, Alaska  99503-2648
   Tel:   907-277-9511
   Fax:  907-276-2631
   Email:  jamiesonb@lanepowell.com
   ASBA No. 8411122

I certify that on May 5, 2008, a copy of the foregoing was served by ECF on:

Timothy W. Seaver, Esq.
tseaver@seaverwagner.com

George T. Freeman, Esq.
gtf@gci.com

 s/ Brewster H. Jamieson
105460.0011/164244.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631