Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile:  907-276-2631
Email:      jamiesonb@lanepowell.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DANIELA VALENOTE,<br><br>                    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and RIM ARCHITECTS (ALASKA), INC.,<br><br>                    Defendants. | Case No. 3:05-cv-00196-TMB<br><br>**OPPOSITION TO PLAINTIFF'S APPEAL AND/OR REQUEST FOR REVIEW OF CLERK'S ACTION ON TAXATION OF COSTS (DOCKET 94)** |

COME NOW defendants, by and through counsel, and hereby respond to and oppose plaintiff's Appeal and/or Request for Review of Clerk's Action on Taxation of Costs (Docket 94) ("Appeal").  For the reasons stated below, the Court is respectfully requested to deny the Appeal on the grounds that the Clerk of Court did not err in not awarding the costs requested by plaintiff in the Appeal.

29 U.S.C. § 1132(g)(1) of ERISA gives the Court the discretion to award a party the "costs of action."  The type of costs allowed by § 1132(g)(1) under the law of the Ninth Circuit was explained in *Agredano v. Mutual of Omaha Companies*, 75 F.3d 541, 544 (9th Cir. 1996), as follows:

> We therefore hold that section 502(g)(1)'s [i.e., 29 U.S.C. § 1132(g)(1)'s] allowance for "costs of action" empowers courts to award **only the types of "costs" allowed by 28 U.S.C. § 1920**, and **only** in the amounts allowed by section 1920 itself, by 28 U.S.C. § 1821 or by similar such provisions. (emphasis added)

The Clerk of Court did not err in the award of costs in this case, because, in compliance with *Agredano*, she only awarded those costs allowed by 28 U.S.C. § 1920, and did not award costs not expressly recoverable under § 1920.  For instance, plaintiff's request for costs for her expert report were properly disallowed because there is no provision in § 1920 for the recovery of expert fees. *Agredano* itself involved a claim for expert witness fees in an ERISA case, and the Ninth Circuit

affirmed the district court's finding that "[t]here is no right to expert witness fees under ERISA." *See Agredano*, 75 F.3d at 542, 544.  Similarly, the Clerk of Court properly determined that no provision of § 1920 allowed plaintiff's requests for computerized research[1], costs of scanning for ECF, costs for paralegal services, or any other cost not awarded to plaintiff.  Plaintiff makes no showing to the contrary.

Finally, plaintiff's Appeal relies on her Bill of Costs (Dockets 82-84) and Motion for Award of Attorney's Fees and Costs (Docket 86-92).  However, neither of those pleadings demonstrates that the Clerk of Court erred in the award of costs.  The Bill of Costs cites to authority that plaintiff asserts supports her request for costs, but plaintiff notably (and fatally to her argument) fails to cite any authority from the Ninth Circuit.  The rule in the Ninth Circuit under *Agredano* is that "only" the costs allowed by § 1920 are recoverable in an ERISA action; nothing in *Agredano* allows a district court to go outside of the costs specifically allowed in § 1920, as plaintiff requests in her Appeal.

## CONCLUSION

For the reasons stated above, the Clerk of Court did not err in the taxation of costs.  The Court is respectfully requested to deny plaintiff's Appeal in its entirety.

DATED this 16th day of May, 2008.

> LANE POWELL LLC
> Attorneys for Defendants
>
> By   s/ Brewster H. Jamieson
>   301 West Northern Lights Boulevard, Suite 301
>   Anchorage, Alaska  99503-2648
>   Tel:  907-277-9511
>   Fax:  907-276-2631
>   Email:  jamiesonb@lanepowell.com
>   ASBA No. 8411122

I certify that on May 16, 2008, a copy of the foregoing was served by ECF on:

Timothy W. Seaver, Esq., tseaver@seaverwagner.com
George T. Freeman, Esq., gtf@gci.com

  s/ Brewster H. Jamieson
105460.0011/164499.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

---

[1] For cases holding that computerized research costs are not statutorily authorized under 28 U.S.C. § 1920, *see e.g. Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 42 (1st Cir.  2006); *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995);  *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.,* 95 F.3d 153, 172-173 (2d Cir.1996) (citing cases from several circuits); *Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago,* 38 F.3d 1429, 1440-41 (7th Cir. 1994).

**Opposition to Plaintiff's Appeal and/or Request for
Review of Clerk's Action on Taxation of Costs (Docket 94)**
*Valenote v. Metropolitan Life Insurance, et al.*  (Case No. 3:05-cv-00196-TMB)                    **Page 2 of 2**