CO-COUNSEL FOR PLAINTIFF

Timothy W. Seaver  
Seaver & Wagner, LLC  
421 West First Ave., Suite 250  
Anchorage, Alaska 99501  
Tel. 907-646-9033  
Fax. 907-276-8238  
Email: tseaver@seaverwagner.com

George T. Freeman  
Attorney at Law  
1152 P Street  
Anchorage, Alaska 99501  
Tel. 907-274-8497  
Fax 907-274-8497 (call first)  
Email: gtf@gci.net

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| DANIELA VALENOTE, <br><br> Plaintiff, <br><br> vs. <br><br> METROPOLITAN LIFE INSURANCE COMPANY, and RIM ARCHITECTS (ALASKA), INC., <br><br> Defendants. | <br><br><br><br><br><br><br><br><br> Case No. 3:05-cv-00196 (TMB) |

## REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

Defendants do not dispute that the Plaintiff is entitled to an award of attorneys' fees. Nor do Defendants dispute that $250 per hour is the appropriate rate to be applied to Plaintiff's request. Defendants' opposition is limited to the issue of what is a "reasonable" number of hours for Plaintiff's counsel to have expended on this litigation. Before addressing the specific objections raised by Defendants to Plaintiff's application, a few general points require discussion.

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Defendants generally argue that Plaintiff's fees are excessive because there was "little actual litigation in this case."[1] And, Defendants attempt to bolster this argument by pointing to their own hours and asserting that these hours somehow reflect an "objective guideline" of what was reasonable in this case.[2] Defendants' argument fails on several levels. First, numerous courts have rejected the use of an unsuccessful Defendant's hours as a benchmark for determining the "reasonableness" of a prevailing plaintiff's hours. As one court has explained, comparing plaintiff's attorney hours and defendant's attorney hours is an

> apples-to-oranges comparison [that] is not required by law and would not be advisable. The most obvious flaw with this proposed requirement is that making such a comparison – where the benchmark for the award of plaintiff's attorney fees is 'reasonableness' – would require the trial court to first determine whether the defendant's counsel bill a reasonable amount. Such a scheme does not make any sense.[3]

The Ninth Circuit, in particular, has expressed substantial skepticism regarding using defendants' time as a benchmark:

> But in small cases as well as large ones, opposing parties do not always have the same responsibilities under the applicable rules, nor are they necessarily similarly situated with respect to their access to necessary facts, the need to do original legal research to make out their case, and so on. Comparison of the hours spent in particular tasks by the attorney seeking fees and by the attorney for the opposing party, therefore does not necessarily indicate whether the party seeking fees were excessive. Rather, any such comparison must carefully control for factors such as those

---

[1] Def. Opp. at 3.
[2] Def. Opp. at 3 n. 2.
[3] Burks v. Siemens Energy & Automation, Inc., 215 F.3d 880, 884 (8th Cir. 2000).

Plaintiff's Reply in Support of Motion for Award of Attorneys' Fees
*Valenote v. MetLife,* Case No. 3:05-CV-00196 CV (TMB)
Page 2 of 13

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1st Avenue
Suite 250
Anchorage, AK 99501
(907) 646-9033

mentioned, as well as for the possibility that the prevailing party's attorney – who, after all, did prevail – spent more time because she did better work.[4]

Even those courts that have entertained such comparisons have required that defendants do more than simply state the raw number of hours they expended on the litigation as Defendants do here.[5]

Indeed, Defendants' claim regarding its own hours is really no argument at all. The question in every case is whether the hours are reasonable. As one court has explained: "That defense counsel spent significantly less time on this case than did counsel for the plaintiffs is irrelevant so long as all compensated work was necessary and performed in an expeditious manner."[6]

Defendants' argument here also rests on the false premise that this case required substantially less effort because it did not include a trial. On the contrary, because ERISA requires all issues to be resolved through pleading, much of the effort that would normally go into preparing for trial must go into a detailed written pleading that addresses every factual and legal argument upon which the plaintiff intends to rely. This, of course, is quite different than the usual "summary judgment" case which is precisely <u>not</u> a trial by paper, but a whittling down of the case to those facts that are undisputed.

Particularly in this case, the need to address all of the Plaintiff's claims through motion was a tremendous task. This is true for several reasons. First, the factual record

---

[4] <u>Ferland v. Conrad Credit Corp.</u>, 244 F.3d 1145, 1151 (9th Cir. 2001) (internal citation omitted).
[5] <u>West v. Aetna Life Ins. Co.</u>, 188 F. Supp.2d 1096, 1101 (N.D. Iowa 2002).
[6] <u>Harkless v. Sweeny Independent School Dist.</u>, 608 F.2d 594, 598 (5th Cir. 1979).

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Plaintiff's Reply in Support of Motion for Award of Attorneys' Fees
*Valenote v. MetLife,* Case No. 3:05-CV-00196 CV (TMB)
Page 3 of 13

in this case consisted of three separate administrative decisions each one improper in its own way, an administrative record of several hundred documents and well over 1000 pages of additional medical documents. Second, because of the Ninth Circuit's decision in <u>Abatie v. Alto Health & Life Ins. Co.</u>,[7] the Plaintiff was required to demonstrate every single "irregularity" in the administrative process. Each one of these irregularities required the Plaintiff's counsel to conduct separate research, and then to comb through the hundreds of pages of record to provide support for the claim. It was as if Plaintiff was required to file a separate brief on every single irregularity. Of critical importance, those efforts bore substantial fruit for the Plaintiff, as the Court found evidence of four separate irregularities the last of which – "repeated denials of benefits due to decisions made against the weight of evidence in the record"[8] – really constitutes a constellation of related irregularities, every one of which required meticulous factual documentation from the record.

The nature of Plaintiff's task here also demonstrates why "playing defense" in this case was a completely different undertaking than "playing offense." This is evident from the very nature of Defendants argument in this case. In other words, there is all the difference in the world between attempting to defend an administrative decision and attempting to attack it.[9]

---

[7] 458 F.3d 955 (9th Cir. 2006).
[8] Order dated 3/26/08.
[9] <u>CBS Broadcasting, Inc. v. Browning</u>, 2007 WL 2850527 *8 (S.D.Fla. 2007) ("Usually a plaintiff, who has to carry the burden of proof, spends a great deal more time on litigation than a defendant.").

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Moreover, Defendants arguments about what the case did not involve as opposed to what it did involve are equally unavailing. Such argument only addresses what the case might have required not what it actually did require. And for the reasons stated above and more specifically below, the actual hours expended on the activities required in this case were both reasonable and necessary.

The most critical factor in determining the reasonableness of an attorney fee award is the degree of success obtained.[10] In the present case, the Plaintiff's success is clear. The Plaintiff pursued a single claim for denial of benefits. As a result of prevailing on that claim, the Plaintiff is not only entitled to a substantial guaranteed payment, but her potential payment under the plan totals in excess of one million dollars.[11] By contrast, in the absence of this suit, Ms. Valenote would have received nothing from the plan.

In addition, it is somewhat ironic that Defendants would attach the letter Ms. Valenote sent to Defendants in an effort to settle this case. That letter demonstrates that, at an early stage of this litigation, Ms. Valenote offered to settle this case on precisely the same terms as the Court ultimately awarded.[12] This further demonstrates not only the level of success obtained by Ms. Valenote, but the importance of insuring that there are substantial consequences to an administrator's continued arbitrary and capricious

---

[10] See Farrar v. Hobby, 113 S.Ct. 566, 574 (1992).

[11] Ms. Valenote is now 39 years old. If she remains disabled under the terms of the plan, she is entitled to benefits until 65. Her annual payment increases by 7% each year. As explained in Plaintiff's Motion to Amend her annual entitlement in 2005 was approximately $32,000.

[12] Exhibit A to Def. Opp.

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

conduct. As one court has stated of a case involving MetLife: "[A] determination finding fault with an insured's conduct in an individual action can be considered to confer a common benefit on a group of plan participants in that the insurer will be deterred from terminating benefits without reason." [13]

Finally, various cases demonstrate that in absolute terms Plaintiff's request here is reasonable. For example, in <u>Palmiotti v. MetLife</u>,[14] the Court awarded $184,745 in a case involving the denial of benefits. In <u>Winkler v. MetLife</u>,[15] the court awarded over $300,000 in fees in a case in which the plaintiff was denied long term disability benefits.[16]

## 1.   The Time Spent Drafting the Complaint was Reasonable and Necessary.

Defendants complain about the 7.2 hours counsel spent preparing the complaint. This claim is baseless. In order to properly litigate a case such as this, competent counsel must explore all of the potential claims a Plaintiff might have, as well as what the proper remedies are for those claims. In addition, because of the nature of ERISA, counsel had to consider additional issues such as the appropriate and preferred court to file the claim. Thus, drafting the complaint was not, as Defendants suggest, the drafting

---

[13] <u>Palmiotti v. MetLife</u>, 2006 WL 1637083 (S.D.N.Y. 2006) (internal quotations and citations omitted).
[14] <u>Id.</u>
[15] 2006 WL 2347826 (S.D.N.Y. 2006).
[16] <u>Winkler</u> required an appeal, but of course the Court awarded more than twice what Plaintiff seeks here. <u>See also</u> <u>Atwood v. Swire Coca-Cola, USA</u>, 2007 WL 895103 (citing to ninth circuit decision in which the Court awarded $177,351 where district court did not award benefits, but remanded the case to the plan administrator for a new determination on the plaintiff's claim).

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

of "boilerplate recitals." Moreover, counsel's general familiarity with ERISA in no way suggests that somehow the law need not be consulted in a case such as this. "ERISA law is a highly complex and quickly-evolving area of the law."[17] Consequently, a thorough review of both the factual and legal playing field prior to and during the filing of the complaint was absolutely necessary both to competent representation and the promotion of judicial economy. Plaintiff's time spent on the complaint was both reasonable and necessary.

### 2. Counsel's Hours Organizing the Record and Preparing the Documents for Disclosure was Reasonable and Necessary.

Defendants' argument regarding the organization of the record and preparing disclosures ignores the complexity of this process in this case. The process was multi-part and including reorganizing the administrative record in such a way as to be usable to the Court and parties. This latter task was necessary because the administrative record in this case was produced essentially without rhyme or reason. This reorganization could not have been delegated to a paralegal for two reasons, first because there was a level of subjectivity to the reorganization that required a sophisticated understanding of the legal and factual issues in the case. In addition, Plaintiff had approximately 1500 pages of medical records. As with the administrative record, organizing these records was not a mechanical task. Rather, it required a review of the actual content of the records to insure relevancy as well as a meaningful organization that could be used by the Court and the parties in the subsequent written pleadings.

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

---

[17] <u>Smith v. Krispy Kreme Doughnut Corp.</u>, 2007 WL 119157 (M.D.N.C. 2007).

Notably, at the same time that Defendants assert that organization of the record was a essentially a paralegal activity, Defendants concede that counsel for Defendants spent 10 hours of attorneys' time performing the same function. Indeed, it is quite remarkable that Defendants' counsel spent fully 10 hours producing documents that then required reorganization by Plaintiff's counsel. In addition, those documents totaled approximately 300 pages, whereas Plaintiff's disclosure amounted to nearly five times that amount. Under these facts, as well as the Court's reliance on many of those additional medical records in finding in favor of the Plaintiff, the Plaintiff's requested hours on this task were both reasonable and necessary.

Even if the Court were to consider some of the time spent on organizing and preparing the documents as more properly paralegal work (it should not), the Court should apply to those hours the rate of $140, which was conceded by Defendants to be reasonable for paralegals in Anchorage.[18]

3.    **The Time Spent on the Motion for Summary Judgment was Reasonable**

For all of the reasons stated above, the time expended on the briefing in this matter was both reasonable and necessary to the successful outcome of this litigation. It should also be noted that Defendants ignore that the briefing included a separate motion to strike by Defendants' that was substantially rejected by the Court.

Defendants also complain that the time spent by Plaintiff's two attorneys for the pleadings in this case was duplicative. This is not true for the reasons stated in

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

---

[18] Def. Opp. at 5.

Plaintiff's Reply in Support of Motion for Award of Attorneys' Fees
*Valenote v. MetLife,* Case No. 3:05-CV-00196 CV (TMB)
Page 8 of 13

Plaintiff's initial motion.  In addition, it is well settled that "[t]he use of more than one lawyer is common in civil practice.  Consultation among lawyers insures they do not overlook significant fact or injuries."[19]    The Ninth Circuit has stated that "the participation of more than one attorney doe not necessarily constitute a duplication of effort."[20]    In this case, it is beyond dispute that ramifications of <u>Abatie</u>, combined with the complexity of the record and the breadth of MetLife's arbitrary conduct required substantial effort from Plaintiff's counsel.

## 4.    The Time Spent on Oral Argument was Reasonable

Much of the same arguments regarding the drafting of the pleadings in this matter apply to the preparation for oral argument.  Specifically, the complexity of the record, and the astounding breadth of irregularities engaged in by MetLife required a familiarity and facility with the record that is rarely encountered in oral argument.  Moreover, the parties cited over fifty separate cases in their various briefs.  Several of those cases included complex fact patterns that interconnected with the Plaintiff's case in unpredictable ways.  In other words, in some cases the cases involved identical plan language along with similar irregularities in other cases the plan language was different, but sufficiently similar to be analogous to the present case. The Court should take

---

[19] <u>Bohen v. City of Chicago</u>, 666 F.Supp. 154, 157 (N.D.Ind. 1987)  (Easterbrook, J., by designation).

[20] <u>Kim v. Fujikama</u>, 871 F.2d 1427, 1435 n. 9 (9th Cir. 1988); <u>see also</u>, <u>Norman v. Housing Authority</u>, 836 F.2d 1292, 1302 (11th Cir. 1988) ("there is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work, and are be compensated for the distinct contribution for each lawyer.").

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Plaintiff's Reply in Support of Motion for Award of Attorneys' Fees
*Valenote v. MetLife,* Case No. 3:05-CV-00196 CV (TMB)
Page 9 of 13

judicial notice of the extent to which during the oral argument Plaintiff's counsel was able to answer the Court's specific questions and to cite the Court to particular parts of the record of interest to the Court. In addition, the Plaintiff's produced a time line that the Court took particular note of as helpful to the Court's consideration of the issues. This would not have been possible without the substantial and combined efforts of two attorneys.

Compounding the complexity described above, was the fact that many months had passed between the drafting of the pleadings and the oral argument. Thus, to a substantial degree, Plaintiff's counsel were required to re-familiarize themselves with the contents of over one hundred pages of briefing and 1500 pages of record.

## 5. The Time Spent on the Plaintiff's Settlement Letter and on Research was Reasonable.

Defendants' main complaint regarding the Plaintiff's settlement letter is that some of the content of that letter later found its way into Plaintiff's summary judgment pleadings. According to Defendants' this shows that the time spent on the letter was "duplicative and unreasonable." Defendants' argument misses the mark. That so much of the letter ended up in the summary judgment pleadings does not show that it was duplicative and unreasonable it shows that it constituted a worthwhile effort that was later able to be used by the Plaintiff in the successful prosecution of her claims. This is the test of its efficacy. That this letter did not result in the early resolution of this case also demonstrates the full extent of MetLife's bad faith. In other words, even after being presented with much of the evidence and argument necessary to demonstrate MetLife's

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

arbitrary and capricious conduct, they nevertheless refused to simply provide Ms. Valenote with the basic benefits due her.

Here, and elsewhere, Defendants also complain about the time spent conducting research. This complaint is also without merit. This case involved a highly specific fact pattern with literally hundreds of cases touching on the various irregularities that were ultimately presented to the Court. The cases involving MetLife alone numbered in the dozens.

Defendants offer particular objection to 12.9 hours of additional research on four separate dates. In fact, if the Court actually reviews those dates the entries are specific (and in one case do not include any research at all) and reasonable under the circumstances. Only two entries fail to refer to the specifics of the research, but the context of the surrounding entries make clear that the time spent was both reasonable and necessary.

### 6. Plaintiff is Entitled to the Time Spent on the Fee Motion and for Additional Fees Expended Since its Initial Petition.

Defendants object to the time spent on Defendants' motion for attorneys' fees on the basis that the log of actual hours was automatically generated. But the time requested for that motion has little to with the actual record of counsel's time. Rather, the time requested is reflective of the extensive research, contact with numerous lawyers in the Anchorage community, and affidavit drafting necessary to the motion. These efforts were made necessary by Defendants' insistence that it would not agree to pay Plaintiff's fees as requested. Although it is certainly Defendants' right to voice objection

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

to Plaintiff's fees, it cannot then complain when Plaintiffs are forced to make a vigorous defense of the amount of those fees.

## CONCLUSION

Ms. Valenote did everything that could be asked of her to attempt to obtain the benefits to which she was entitled. She contacted MetLife repeatedly providing them with all of the information they requested. She repeatedly corrected MetLife's errors only to have the same errors thrown back at her. She offered to settle the case on terms identical to that which the Court ordered. And at every turn MetLife thwarted Ms. Valenote's good faith efforts. To reduce her fees under these circumstances is to reward MetLife's bad behavior. Ms. Valenote respectfully requests that the Court grant her request her fees without reduction.

DATED this 20th day of May 2008.
By: s/ Timothy Seaver
Timothy W. Seaver
Seaver & Wagner, LLC
421 West First Ave., Suite 250
Anchorage, Alaska 99501
Tel. 907-646-9033
Fax. 907-276-8238
Email: tseaver@seaverwagner.com

By: s/ George T. Freeman
George T. Freeman
Attorney at Law
1152 P Street
Anchorage, Alaska 99501
Tel. 907-274-8497
Fax 907-274-8497 (call first)
Email: gtf@gci.net

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Plaintiff's Reply in Support of Motion for Award of Attorneys' Fees
Valenote v. MetLife, Case No. 3:05-CV-00196 CV (TMB)
Page 12 of 13

CERTIFICATE OF SERVICE

I certify that on May 20, 2008
the foregoing document was served
electronically on:

Brewster H. Jamieson
Lane Powell LLC
301 West Northern Lights Blvd, Suite 301
Anchorage, Alaska 99503
Tel:  907-277-9511
Fax: 907-276-2631
Email: jamiesonb@lanepowell.com


s/ Timothy Seaver

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Plaintiff's Reply in Support of Motion for Award of Attorneys' Fees
*Valenote v. MetLife,* Case No. 3:05-CV-00196 CV (TMB)
Page 13 of 13