CO-COUNSEL FOR PLAINTIFF

| | |
|---|---|
| Timothy W. Seaver | George T. Freeman |
| Seaver & Wagner, LLC | Attorney at Law |
| 421 West First Ave., Suite 250 | 1152 P Street |
| Anchorage, Alaska 99501 | Anchorage, Alaska 99501 |
| Tel. 907-646-9033 | Tel. 907-274-8497 |
| Fax. 907-276-8238 | Fax 907-274-8497 (call first) |
| Email: tseaver@seaverwagner.com | Email: gtf@gci.net |

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| DANIELA VALENOTE,<br><br>    Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and RIM ARCHITECTS (ALASKA), INC.,<br><br>    Defendants. | <br><br><br><br><br><br><br><br><br><br>Case No. 3:05-cv-00196 (TMB) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**SUPPLEMENTAL APPLICATION FOR ATTORNEYS' FEES**

Pursuant to LR 7.1(h), Plaintiff, by and through counsel, move this Court for leave to file her Supplemental Application for Attorneys' Fees that supplements Plaintiff's Motion for Attorneys' Fees at Docket No. 86.

On June 3, 2008 at Docket No. 119, the Court struck Plaintiff's previously filed supplemental attorneys' fees application at Docket No. 113 and the related submissions at Docket Nos. 114 and 115. See also Clerk Docket Annotation dated 6/3/08 at 2:18 p.m. The reason given was Plaintiff had not requested leave under LR

7.1(h) to file the supplemental attorneys' fees application. Plaintiff desires to follow the appropriate procedure for the supplemental attorneys' fees application. Accordingly, Plaintiff formally requests leave of Court under LR 7.1(h) to file Plaintiff's Supplemental Application for Attorneys' Fees and related submissions. As required by LR 7.1(h) Plaintiff attaches to this motion the underlying Supplemental Application.

As with the prior motion for attorneys' fees, the supplemental fee application is based on counsels' contemporaneous time records. Plaintiff's counsel have expended 34.4 hours since their prior affidavits on fees. In the main, the supplemental fee application requests attorneys' fees for (1) research and preparation of the Reply to the opposition to Plaintiff's motion to amend the judgment and (2) for the research and preparation of the Reply to the opposition to the motion for attorneys' fees.

Granting leave to supplement the attorneys' fees application is justified and may be required because a local rule cannot eviscerate a statutory right. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1309-10 (11th Cir. 2000) (construction of local rules on applications for statutory fees).

In addition, post-judgment advocacy may generally be included in a statutory fee award. See Villano, 254 F.3d at 1309. Further, a prevailing party is entitled to reasonable compensation for litigating a statutory fee award. Compensation includes defense of the fee application. See D'Emmuele v. Montgomery Ward & Co., 904 F.2d 1379, 1387 (9th Cir. 1990) (time spent preparing fee application in ERISA disability benefits case is compensable); Comancho v. Bridgeport Financial, Inc., 523

Plaintiff's Motion for Leave Pursuant to LR 7.1(h)
to File Plaintiff's Supplemental Application for Attorneys' Fees
*Valenote v. MetLife*  Case No. 3:05-CV-O0196 CV (TMB)
Page 2 of 4

F.3d 973, 981-83 (9th Cir. 2008)(reviewing supplemental fee application under statutory fee provision); McGrath v. County of Nevada, 67 F.3d 248, 253 (9th Cir. 1995) (work performed on motion for statutory fees is compensable); Kinney v. International Brotherhood of Electrical Workers, 939 F.2d 690, 694 & 694 n. 4 (9th Cir. 1991) (a reasonable fee should be awarded for time spent preparing application for statutory fees and for time spent defending fee application); Clark v. City of Los Angeles, 803 F.2d 987, 992 (9th Cir 1986) (time spent establishing entitlement to statutory fees is compensable); Mogck v. Unum Life Ins. Co. of America, 289 F.Supp.2d 1181, 1194 (S.D.Cal. 2003) (approving 8 hours devoted to reply to opposition for motion for statutory fees in ERISA disability benefits case). See also Rabin v. Wilson-Coker, 425 F.Supp.2d 269, 275 (D.Conn. 2006) (approving 25 hours spent defending fee application for statutory fees).

Finally, Plaintiffs do not oppose allowing Defendants' to respond to the supplemental fee application. If Defendants file the same opposition as before, further response by Plaintiff is not needed.

Plaintiff respectfully requests that the Court grant leave to file Plaintiff's Supplemental Application for Attorneys' Fees and related submissions.

DATED this 13th day of June 2008.

By:  s/ Timothy Seaver           By: s/ George T. Freeman
Timothy W. Seaver                George T. Freeman
Seaver & Wagner, LLC             Attorney at Law
421 West First Ave., Suite 250   1152 P Street
Anchorage, Alaska 99501          Anchorage, Alaska 99501

Plaintiff's Motion for Leave Pursuant to LR 7.1(h)
to File Plaintiff's Supplemental Application for Attorneys' Fees
*Valenote v. MetLife*  Case No. 3:05-CV-O0196 CV (TMB)
Page 3 of 4

|  |  |
|---|---|
| Tel. 907-646-9033 | Tel. 907-274-8497 |
| Fax. 907-276-8238 | Fax 907-274-8497 (call first) |
| Email: tseaver@seaverwagner.com | Email: gtf@gci.net |

CERTIFICATE OF SERVICE

I certify that on June 13, 2008
the foregoing document was served
electronically on:

Brewster H. Jamieson
Lane Powell LLC
301 West Northern Lights Blvd, Suite 301
Anchorage, Alaska 99503
Tel:  907-277-9511
Fax: 907-276-2631
Email: jamiesonb@lanepowell.com

s/ Timothy Seaver
Timothy Seaver

Plaintiff's Motion for Leave Pursuant to LR 7.1(h)
to File Plaintiff's Supplemental Application for Attorneys' Fees
*Valenote v. MetLife*  Case No. 3:05-CV-O0196 CV (TMB)
Page 4 of 4